# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., and FUTUREWEI TECHNOLOGOIES, INC. | § § § § | |
| | § | Civil Action No. 4:17-CV-00893 |
| v. | § | Judge Mazzant |
| | § | |
| YIREN RONNIE HUANG, and CNEX LABS, INC. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Emergency Motion for Certification for Interlocutory Appeal of Defendants CNEX Labs, Inc. and Yiren Ronnie Huang (Dkt. #60). After reviewing the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiffs filed suit in the Eastern District of Texas on December 28, 2017, against Defendants seeking declaratory judgment and alleging a variety of causes of action including breach of contract, disclosure and misappropriation of confidential information and trade secrets, tortious interference with contract and prospective contracts, conspiracy claims, Racketeer Influence and Corrupt Organizations Act of 1970 ("RICO") claims, breach of fiduciary duty, and unfair competition under Lanham Act and Texas common and statuary law (Dkt. #1). On February 2, 2018, Defendants filed a motion to dismiss based on improper venue and failure to state a claim on which relief could be granted. On April 25, 2018, the Court issued a Memorandum Opinion and Order on the motion (Dkt. #53).

On May 8, 2018, Defendants filed the present Motion for Certification for Interlocutory Appeal (Dkt. #60). On May 18, 2018, Plaintiffs field a response (Dkt. #62) and Defendants filed their reply on May 25, 2018 (Dkt. #64).

**ANALYSIS**

Under 28 U.S.C. § 1292(b), the Court may certify one of its orders for interlocutory appeal if it determines "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" Defendants allege that they have met this standard, and the Court should certify the appeal.

In the Fifth Circuit, interlocutory appeals are exceptional and "[d]o not lie simply to determine the correctness of a judgment." *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68 (5th Cir. 1983). Therefore, "[a]ll three…elements should be present before a court certifies an order for interlocutory appeal." *Monroe v. Cessna Aircraft Co.*, No. 2:05-cv-250, 2006 WL 1305116, at *1 (E.D. Tex. May 9, 2006). Additionally, "[s]atisfying these three statutory criteria is not always sufficient, 'as district court judges have unfettered discretion to deny certification even when all three are satisfied.'" *Commil USA, LLC v. Cisco Sys., Inc.*, No. 2:07-cv-341, 2011 WL 738871, at *4 (E.D. Tex. Feb. 23, 2011) (internal citation omitted), *judgment vacated on other grounds by Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920 (May 26, 2015).

The Court finds that the elements for certification of interlocutory appeal are not met in the present case. The Court's order does not present a substantial ground for a difference of opinion. *See Waste Mgmt. of La., L.L.C. v. Jefferson Parish ex rel. Jefferson Parish Council*, 594 F. App'x 820, 821 (5th Cir. 2014). The Supreme Court of the United States, the Fifth Circuit, and the

Eastern District of Texas have long recognized the enforceability of mandatory forum-selection clauses. *See, e.g.*, *Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, 561 U.S. 89, 109 (2010); *Weber v. Pact XPP Tech. AG*, 811 F.3d 758, 773 (5th Cir. 2016); *Redi-Mix Sols., Ltd. v. Express Chipping, Inc.*, No. 6:16-CV-298-RWS-KNM, 2017 WL 3671377, at *8 (E.D. Tex. Feb. 9, 2017), *report and recommendation adopted by*, 2017 WL 3671372 (E.D. Tex. Mar. 14, 2017). While some district courts reached a different conclusion, *Atlantic Marine* did not change the law to require a plaintiff to establish proper venue under the federal venue statutes when a mandatory forum-selection clause requires a case to be field in a specific venue. *See Waste Mgmt. of La.*, 5449 F. App'x at 821 (noting that "[g]iven the absence of any language from the Supreme Court rejecting [the Fifth Circuit's] longstanding approach [recognizing a distinction between permissive and mandatory forum-selection clauses] and the heavily lopsided nature of the post-*Atlantic Marine* split in the district courts, Jefferson Parish has not persuaded us that we should exercise our discretion to hear this interlocutory appeal."). As such, the Court is not persuaded that Defendants have met the three requirements.

Even if the Defendants had met the three requirements, the Court in its discretion finds that the motion should be denied and the parties should proceed through the litigation process before exercising their right to appeal, if necessary.

## CONCLUSION

It is therefore **ORDERED** that Emergency Motion for Certification for Interlocutory Appeal of Defendants CNEX Labs, Inc. and Yiren Ronnie Huang (Dkt. #60) is hereby **DENIED**.
**SIGNED this 1st day of June, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE