IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **HUAWEI TECHNOLOGIES CO., LTD.,** a Chinese corporation, and **FUTUREWEI TECHNOLOGIES, INC.,** a Texas corporation, | **NO. 4:17-CV-893-ALM** |
| Plaintiffs, v. | Jury Trial Demanded |
| **YIREN RONNIE HUANG**, an individual, and **CNEX LABS, INC.**, a Delaware corporation, | |
| Defendants. | |

## AGREED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order.  It is hereby ordered by the Court that the following restrictions and procedures shall apply to certain documents and information supplied by the parties to each other in response to discovery requests, in the above-styled case:

### DEFINITIONS

1.  "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

2.   "Outside Counsel" means (i) counsel who appear on the pleadings as counsel for a Party who are not employees of a Party, and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

3.   "Designated In-house Counsel" means (a) one U.S.-licensed in-house attorney who has been designated by CNEX and (b) one U.S.-licensed in-house attorney who has been designated by Huawei and Futurewei.

4.   "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staffs.

5.   "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

6.   "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

7.   "Restricted Information" means any information of any type, kind, or character that is designated as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SOURCE CODE" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.  Restricted Information shall not include (i) materials that have been publicly published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public or to any government entity without a request for confidential treatment.

8.   "Source Code" means computer code, scripts, assembly, object code, source code listings, object code listings, and Hardware Description Language or Register Transfer Level files that describe the hardware design of any integrated circuit or other chip.

## DESIGNATING RESTRICTED MATERIAL

9.   A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains confidential, proprietary, and/or trade secret information, and reflects information that such designation is necessary to protect the interests of the client, or such designation is otherwise necessary to protect the interests of third parties.  Such Discovery Material may include, but is not limited to: pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.  Any materials produced and designated as "CONFIDENTIAL" prior to entry of this Protective Order shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10.  To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "ATTORNEYS' EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

11.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed above may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the

original documents shall be presumed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

ONLY" during the inspection and re-designated, as appropriate during the copying process

   12. Parties or testifying persons or entities may designate depositions and other testimony

with the appropriate designation by indicating on the record at the time the testimony is given.

Alternatively, the Producing Party may designate testimony or information disclosed at the

deposition by notifying all parties in writing within five days after the Producing Party's receipt

of the transcript, of the specific pages and lines of the transcript that contain Restricted

Information.  If no indication on the record is made, all information disclosed during a deposition

shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" until the time

within which it may be appropriately designated as provided for herein has passed.  Any Party

that wishes to disclose the transcript, or information contained therein, may provide written

notice of its intent to treat the transcript as non-confidential, after which time, any Party that

wants to maintain any portion of the transcript as confidential must designate the confidential

portions within five days, or else the transcript may be treated as non-confidential.  Any

Restricted Information that is used in the taking of a deposition shall remain subject to the

provisions of this Protective Order, along with the transcript pages of the deposition testimony

dealing with such Restricted Information.  In such cases the court reporter shall be informed of

this Protective Order and shall be required to operate in a manner consistent with this Protective

Order. In the event the deposition is videoed, the original and all copies of the video shall be

marked by the video technician to indicate that the contents of the video are subject to this

Protective Order, substantially along the lines of "This video contains confidential testimony

used in this case and is not to be viewed or the contents thereof to be displayed or revealed

except pursuant to the terms of the operative Protective Order in this matter or pursuant to

written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Restricted Information based on the designation of such Restricted Information.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Restricted Information.

## DISCLOSURE OF RESTRICTED INFORMATION

13.   Prior to disclosing any Restricted Information to any person, counsel shall:

    a.   inform the person of the confidential nature of the information or documents; and

    b.   inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

14.   Information or documents designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

    a.   Outside Counsel for the parties;

    b.   Designated In-house Counsel;

    c.   Consultants or experts assisting in the prosecution or defense of the matter;

    d.   The Court (including any clerk, stenographer, or other person having access to any confidential information by virtue of his or her position with the Court) or the jury at trial.

    e.   The author or recipient of a document containing the information or a custodian or other person who otherwise is alleged by the producing party to have possessed, had access to or otherwise knew the information.

     f.   Mock jurors;

     g.   Any mediator who is assigned to hear the matter, and his or her staff; and

     h.   Independent trial graphics, translation, electronic discovery, and/or trial consulting personnel.

15.   Information marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be displayed to and discussed with the persons identified in Paragraphs 14(b), (c), (f), (g) and (h) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

16.   Export controlled information may be transported or sent to China or disclosed to persons who are not citizens or permanent residents of the United States (regardless of where such disclosure takes place) only in accordance with the requirements of any applicable United States laws and regulations, including but not limited to the Arms Export Control Act (22 U.S.C. § 2778), the International Traffic In Arms Regulations (22 C.F.R. Parts 120 – 130), and the Export Administration Regulations (15 C.F.R. Parts 730 – 774).  The parties expressly agree, warrant, and represent that they will not transport, send or disclose export controlled information except in compliance with applicable United States laws.

17.   Information or documents designated as "ATTORNEYS' EYES ONLY - SOURCE CODE" shall not be disclosed to any person, except those individuals identified in Paragraphs 14(a) and (c)-(h) only on the condition that prior to any such display or discussion to individuals identified in Paragraphs 14(c), (f), (g), and (h), each such person shall be asked to sign an

agreement to be bound by this Order in the form attached hereto as <u>Exhibit A</u>, and shall be subject to the following additional restrictions:

a. Information or documents designated as "ATTORNEYS' EYES ONLY - SOURCE CODE" may not be transported to or sent to China without express written consent of counsel for the Producing Party.

b. Any Source Code produced in this case shall be made available for inspection, in a standardized electronic format allowing it to be reasonably reviewed and searched, at the office of the Producing Party's Outside Counsel or any other location mutually agreed by between the Producing Party and the Receiving Party. Source Code will be made available for inspection between the hours of 9 a.m. and 6 p.m. local time on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

c. Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen days notice of the Source Code that it wishes to inspect. The Receiving Party shall provide seven days notice prior to any additional inspections. Nothing shall prevent multiple inspection of the same portions of Source Code.

d. All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or other persons authorized under Paragraph 17 above in a secure room on a secured computer without Internet access or network access to other computers or peripheral devices, as necessary and appropriate to prevent and protect against any unauthorized copying,

transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Producing Party shall accommodate reasonable requests to install software tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are open source or otherwise do not require the Producing Party to acquire a license.

e. In addition, the Receiving Party's Outside Counsel and other persons authorized under Paragraph 17 above may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; and (b) such other software tools are reasonably necessary for the Receiving Party to efficiently perform its review of the Source Code consistent with all of the protections herein. The Receiving Party must provide the Producing Party with the CD or DVD containing such licensed software tool(s) at least seven days in advance of the date upon which the Receiving Party wishes to have the additional software tool available for use on the Source Code Computer.

f. The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device, except as specifically authorized by this paragraph.

g. The Receiving Party's Outside Counsel and/or other persons authorized under Paragraph 17 above shall be entitled to take notes relating to the Source Code,

but may not transcribe more than small blocks of less than one half page of the

Source Code into the notes, and may not take such notes photographically or

electronically on the Source Code Computer itself or any other computer,

phone, tablet, or other electronic storage device of any kind.

h. The Producing Party may visually monitor the activities of the Receiving

Party's representatives during any Source Code review, but only to ensure that

no unauthorized electronic records of the Source Code and no other

unauthorized information concerning the Source Code is being created or

transmitted in any way.

i. No copies of all or any portion of the Source Code may leave the room in which

the Source Code is inspected except as otherwise provided herein. Further, no

other written or electronic record of the Source Code is permitted except as

otherwise provided herein. The Receiving Party may request paper copies of

limited portions of the Source Code only as necessary to prepare court filings,

pleadings, or other papers (including a testifying expert's expert report), or for

deposition or trial, but shall not request paper copies for the purposes of

reviewing the Source Code other than electronically as set forth herein.

j. Any requested paper copies that consist of more than ten pages of a continuous

block of Source Code shall be presumed to be excessive, and the burden shall be

on the Receiving Party to demonstrate the need for such a copy. The Receiving

Party shall not print Source Code in order to review blocks of Source Code

elsewhere, i.e., as an alternative to reviewing that Source Code electronically on

the Source Code Computer, as the Parties acknowledge and agree that the

purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary for the purposes stated herein.

k.  The copies shall be Bates numbered and labeled "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SOURCE CODE" and constitute part of the Source Code produced by the Producing Party in this action.

l.  The Receiving Party is not entitled request a hard-copy production of an unlimited number of pages of Source Code. The Receiving Party shall exercise good faith restraint in the amount of code that it requests be produced in hard-copy form. The Producing Party may in good faith object to the Receiving Party's request for a hard-copy of Source Code on the basis that the amount of Source Code requested in hard-copy form is excessive and/or not relevant to the issues in the case. Any such objection shall be made no later than five business days from the date of the source code inspection. In the event of such objection, the parties shall meet and confer as soon as practicable, but in no event less than three business days from the date the dispute arises. If the dispute remains after the parties have met and conferred, the Producing Party may seek a resolution of the objection by the Court on an expedited basis per the Court's rules.

m.  All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party in advance of the first time that such person reviews such Source Code in the Source Code Review Room. Such identification shall be in addition to any other disclosure required under

this Order. The Producing Party may require that all persons viewing Source

Code sign on each day they view Source Code a log that will include the names

of persons who enter the Source Code Review Room to view the Source Code

and when they enter and depart.

n.   Unless otherwise agreed in advance by the Parties in writing, following each

day on which source code inspection is done under this Order, the Receiving

Party's Outside Counsel and/or other persons authorized under Paragraph 17

above shall remove all notes, documents, and all other materials from the

Source Code Review Room. The Producing Party shall not be responsible for

any items left in the room following each inspection session, and the Receiving

Party shall have no expectation of confidentiality for any items left in the room

following each inspection session without a prior written agreement to that

effect.

o.   Other than as provided above, the Receiving Party will not copy, remove, or

otherwise transfer any Source Code from the Source Code Computer including,

without limitation, copying, removing, or transferring the Source Code onto any

recordable media or recordable device. Unless otherwise authorized under this

Order, the Receiving Party will not transmit any Source Code in any way from

the Producing Party's facilities or the offices of its Outside Counsel. The

Receiving Party's outside counsel of record may make no more than three

additional paper copies of any portions of the Source Code received from a

Producing Party if such additional copies are (1) necessary to prepare court

filings, pleadings, or other papers (including a testifying expert's expert report,

(2) necessary for deposition, or (3) otherwise necessary for the preparation of

the case. Such copies shall not include copies attached to court filings or used at

depositions. The Receiving Party shall maintain a log of all paper copies of the

Source Code indicating the number of paper copies made and where they are

stored. The Producing Party shall have the right to request access to the log

upon demonstrating good cause.

p.   The Receiving Party's Outside Counsel of record and any person receiving a

copy of any Source Code shall maintain and store any paper copies of the

Source Code at their offices in a manner that reasonably prevents duplication of

or unauthorized access to the Source Code, including, without limitation, storing

the Source Code in a locked room or cabinet at all times when it is not in use.

q.   At least seven days before the date of any deposition involving Source Code,

the Receiving Party shall notify the Producing Party about the portions of

Source Code it wishes to use at the deposition, and the Producing Party shall

bring at least two printed copies of those portions to the deposition for use by

the Receiving Party and the deponent. Copies of Source Code that are marked

as deposition exhibits shall not be provided to the Court Reporter or attached to

deposition transcripts; rather, the deposition record will identify the exhibit by

its production numbers. Outside Counsel for the Parties shall be responsible for

maintaining their own copies of deposition exhibits that comprise Source Code.

r.   Except as provided in this sub-paragraph, absent express written permission

from the Producing Party, the Receiving Party may not create electronic images,

or make electronic copies, of the Source Code from any paper copy of Source

Code for use in any manner (including by way of example only, the Receiving

Party may not scan the Source Code to a PDF or store a digital photograph of

the code). Images or copies of Source Code shall not be included in

correspondence between the Parties (references to production numbers shall be

used instead), and shall be omitted from pleadings and other papers whenever

possible. Absent a written agreement by the Producing Party, all portions of

Source Code which accompany any filing with the Court must be separately

filed under seal in accordance with the Local Rules, and shall be referenced by

Bates number in the main body of such filing. Service copies of such filing

which are mailed or transmitted electronically shall not include any Source

Code filed under seal.

18.     Any person identified in Paragraph 14(a)-(c) who obtains, receives, has access to,

or otherwise learns, in whole or in part, the other Party's Restricted Information under this Order

shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent

application pertaining to the technology embodied in the other Party's Restricted Information

that is otherwise not in the public domain during the pendency of this Action and for one year after

its conclusion, including any appeals.  To ensure compliance with the purpose of this provision,

each Party shall create an "Ethical Wall" between those persons with access to the other Party's

Restricted Information and any individuals who, on behalf of the Party or its acquirer, successor,

predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or

prosecution of any patent application.

## **LIMITATIONS ON THE USE OF RESTRICTED INFORMATION**

19.   Restricted Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.

20.   Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and trial and may testify concerning all Restricted Information of which such person has prior knowledge as set forth below:

     a.   A present director and/or officer of a Producing Party may be examined at deposition and may testify concerning all Restricted Information which has been produced by that Party;

     b.   A present employee of a Producing Party may be examined at deposition and may testify concerning all Restricted Information of the Producing Party that appears on its face or is established from other documents or testimony to have been previously received from or communicated to that person and of which he or she has prior knowledge, including any Restricted Information that refers to matters of which the witness has personal knowledge,

     c.   A former director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all Restricted Information of the Producing Party that appears on its face or is established from other documents or testimony to have been previously received from or communicated to that person and of which he or she has prior knowledge, including any Restricted Information that refers to matters of which the witness has personal

knowledge, has been produced by that party, and pertains to the period or periods of his or her employment;

d. Non-parties may be examined during deposition or testify concerning any Restricted Information of a Producing Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.

e. Any person other than the witness, his or her attorney(s), and any person qualified to receive Restricted Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.

21.   If a witness under Paragraphs 20(c) and 20(d) above is represented by an attorney who is not qualified under this Order to receive Restricted Information, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of the Restricted Information disclosed during the course of the examination.  In the event that such attorney declines to sign such a Confidentiality Agreement, prior to the examination, the parties, by their attorneys, shall jointly seek a Protective Order from the Court prohibiting such attorney from disclosing such Restricted Information.

## **NOTICE OF DISCLOSURE**

22.   Prior to disclosing any Restricted Information to any person described in Paragraph 14(c) (referenced below as "Person"), the Party seeking to disclose such information shall provide

the Producing Party with written notice that includes:  (i) the name of the Person; (ii) the present employer and title of the Person; (iii) an identification of all of the Person's past or current employment or consulting relationships; (iv) an up-to-date curriculum vitae of the Person; (v) a list of the cases in which the Person has testified at deposition or trial within the last ten (10) years; and (vi) a list of all publications authored by the Person within the last ten (10) years.  The Party seeking to disclose Restricted Information shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Restricted Information to the outside expert or consultant.

23.   Within five business days of receipt of the disclosure of the Person, the Producing Party or Parties may object in writing to the Person for good cause.  In the absence of an objection at the end of the five day period, the Person shall be deemed approved under this Protective Order. There shall be no disclosure of Restricted Information to the Person prior to expiration of this five day period. If the Producing Party objects to disclosure to the Person within such five day period, the Parties shall meet and confer via telephone or in person within five days following the objection and attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party objecting to the disclosure will have five business days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.   If relief is sought, designated materials shall not be disclosed to the Person in question until the Court resolves the objection.

a.   For purposes of this section, "good cause" shall include an objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the

provisions contained in this Order.  "Good cause" shall presumptively exist as to any Person that has had an employment or consulting relationship with a party (except for litigation support or expert testimony) in the previous five (5) years.

b.  Prior to receiving any Restricted Information under this Order, the Person must execute a copy of the Confidentiality Agreement, in the form of Exhibit A hereto, and serve it on all Parties.

c.  An initial failure to object to a Person under this Paragraph 23 shall not preclude the non-objecting Party from later objecting to continued access by that Person for actual violations of this Protective Order.  If an objection is made, the Parties shall meet and confer via telephone or in person within five days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have five days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Restricted Information shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within five business days after the meet and confer, further Restricted Information may thereafter be provided to the Person.

## CHALLENGING DESIGNATIONS

24.   A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.  Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and shall state the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

    a.   The Receiving Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection in a good faith effort to resolve the dispute. The Producing Party shall have the burden of justifying the disputed designation;

    b.   Failing agreement, and not earlier than three days after such conference, the Receiving Party may bring a motion to the Court for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

    c.   Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Order until one of the following occurs: (a) the Party who designated the Discovery Material in

question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

### INADVERTENT DISCLOSURE

25.   The disclosure of a document or information without designating it as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SOURCE CODE" shall not constitute a waiver of the right to designate such document or information as Restricted Information provided that the material is designated pursuant to the procedures set forth herein no later than the latter of fourteen days after the close of discovery or fourteen days after the document or information's production. If so designated, the Producing Party shall reproduce the document or information with the appropriate designation, the Receiving Party shall destroy all previously-produced copies, and the document or information shall thenceforth be treated as Restricted Information subject to all the terms of this Order.

26.   Inadvertent production of information subject to the attorney-client and attorney-work-product privileges shall not constitute waiver of any claim for protection under the privileges, provided that the provisions of this paragraph are satisfied. If the Producing Party discovers that information produced in discovery should have been withheld on the basis of such a privilege, the Producing Party must promptly notify all other Parties. In such event, the other parties must immediately return the privileged information along with all duplicates in paper form and remove any electronic version of the privileged information from its electronic databases. Once notified of the production of privileged information, the Receiving Party shall not duplicate the privileged information, or distribute the privileged information by any means other than returning it to the Producing Party. Within seven days of notifying all other Parties, the Producing Party must provide a privilege log to all Parties that lists the privileged

information. Receiving Party shall have no liability, under this Order or otherwise, for any disclosure or use of privileged information occurring before the Receiving Party was placed on notice of the Producing Party's claims of privilege, except as otherwise set forth in this Order. The Receiving Party may challenge the designation of privilege with the Court by filing a motion to compel.

## MISCELLANEOUS

27.    All Restricted Information in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Restricted Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

28.    At the conclusion of litigation, the Restricted Information and any copies thereof shall be promptly (and in no event later than thirty days after entry of final judgment no longer subject to further appeal) returned to the Producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

29.   The foregoing is entirely without prejudice to the right of any Party to apply to the Court for any further protective order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. This Order may be enforced by any Party in this lawsuit and any violation may result in the imposition of sanctions by the Court.

30.    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

31.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

    a.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    b.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    c.   make the information requested available for inspection by the Non-Party.

32.    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

Date:_____          _____

                                                       HONORABLE AMOS MAZZANT

Dated:  September 26, 2018

AGREED

By:   /s/ Jesse M. Coleman
      Respectfully submitted,

**SIEBMAN, BURG, PHILLIPS & SMITH, LLP**

**Clyde M. Siebman**
Texas Bar No. 18341600
clydesiebman@siebman.com
**Elizabeth S. Forrest**
Texas Bar No. 24086207
elizabethforrest@siebman.com
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas  75090
(903) 870-0070 (office)
(903) 819-3076 (cell)

**SEYFARTH SHAW LLP**

**Michael D. Wexler** (*Pro Hac Vice*)
**Lead Attorney**
Illinois State Bar No. 6207847
mwexler@seyfarth.com
**Andrew S. Boutros** (*Pro Hac Vice*)
Illinois Bar Number: 6322276
ABoutros@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606
Telephone 312-460-5536
Facsimile 312-460-753

**Jesse M. Coleman**
Texas Bar No. 240702044
jmcoleman@seyfarth.com
700 Milam Street, Suite 1400
Houston, Texas  77002-2812
Telephone:  (713) 225-2300
Telecopier:  (713) 225-2340

*Attorneys for Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc*.

By:      /s/ Bryan A. Kohm

Christopher J. Schwegmann
Texas State Bar No. 24051315
cschwegmann@lynnllp.com
Lynn Pinker Cox & Hurst, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 – Telephone
(214) 981-3839 – Facsimile

Michael J. Sacksteder, CSB No. 191605
Email: msacksteder@fenwick.com
Bryan A. Kohm, CSB No. 233276
Email: bkohm@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendants CNEX LABS,
INC. and YIREN RONNIE HUANG.