IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|  |  |
|---|---|
| **HUAWEI TECHNOLOGIES CO., LTD.**, a Chinese corporation, and **FUTUREWEI TECHNOLOGIES, INC.**, a Texas corporation,<br><br>   Plaintiffs,<br>   v.<br><br>**YIREN RONNIE HUANG**, an individual, and **CNEX LABS, INC.**, a Delaware Corporation,<br><br>   Defendants. | No. **4:17-cv-893 ALM**<br><br>Jury Trial Demanded |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL
FURTHER PRODUCTION OF PLAINTIFFS' EMAILS**

Plaintiffs Huawei Technologies Co., Ltd. ("Huawei") and Futurewei Technologies, Inc. ("Futurewei") respond in opposition to Defendants Yiren Ronnie Huang's ("Huang") and CNEX Labs, Inc.'s ("CNEX") (collectively, "Defendants") Motion to Compel Further Production of Plaintiffs' Emails. (Dkt. 146.) In support thereof, Plaintiffs state as follows:

## INTRODUCTION

Defendants' motion to compel seeks the extraordinary relief of ***more than doubling*** the number of email custodians Plaintiffs must process and search after email searches have been concluded when this case has been pending for a year and a myriad of pre-trial deadlines regarding expert opinions, disclosure of trade secrets and the end of discovery are rapidly approaching in the next 10 weeks. (Amended Scheduling Order, Dkt. 129.) And subsequent to the Court's December 3, 2018 telephonic hearing during which Defendants raised this new request, Defendants have ***added*** five more custodians to their list, going from 15 to 20. And, this is so, even though the Court made clear that it was not inclined to order Plaintiffs to search through 15 custodians and asked the parties to try to reach a compromise. (12/3/18 Tr. 33:13-34:5, attached hereto as Exhibit A). This has been the nature of "compromise" offered by Defendants throughout this case and it has resulted in the unnecessary use of the time of both the parties and the Court. The time has come for Defendants to stop fishing for facts that simply do not exist and prepare to defend itself against Plaintiffs' clear case of misappropriation[1].

Further, Defendants cite ***no case law*** that supports their request for a more than doubling of custodians to search and provide ***no factual support*** for their naked claim that these twenty additional custodians—five of whom Defendants have yet to disclose by name—would have

---

[1] Interestingly, none of the counterclaims alleging trade secret misappropriation and none of scurrilous ethnic attacks raised in this case were raised in the Defendants' affirmative case in California.

relevant emails in their possession.  Mere speculation is insufficient to support a request for additional email custodians.  *Assured Guaranty Mun. Corp. v. UBS Real Estate Sec. Inc.,* No. 12 Civ. 1579(HB)(JCF), 2013 WL 1195545, at *3 (S.D.N.Y. Mar. 25, 2013).

Moreover, Defendants' request is unduly burdensome and not proportional to the needs of the case, particularly where Plaintiffs have already produced several millions of pages of documents, including tens of thousands involving the *very employees* Defendants now seek to make custodians.  *See Moses H. Cone Mem'l Hosp. Operating Corp. v. Conifer Physician Servs.,* No. 1:13-cv-651, 2016 WL 430494, at *5 (M.D.N.C. Feb. 3, 2016).  Defendants' request for additional custodians should be denied.  In light of the substantial discovery and disclosures already provided by Plaintiffs, it is time for Defendants to become more focused, not continue roaming around the electronic files of Plaintiffs like a hog looking for an acorn that does not exist. Alternatively, Plaintiffs request that Defendants' request be narrowed and made reciprocal, so that the parties share the burden of additional electronic discovery tasks.[2]

In addition, Defendants' motion seeks to compel the production of certain communications between Plaintiffs and various third parties.  (Dkt. 146, p. 5.)  But Plaintiffs have agreed to produce such documents in writing and during a hearing before this Court, leading the Court to declare the issue resolved (Ex. A at 23:6-10), and the relevant documents were produced on December 14 (12/14/2018 email to counsel, attached as Exhibit B).

---

[2] Plaintiffs further point out that Defendants' request to double Plaintiffs' email discovery obligation comes at the same time Defendants are requesting *all versions of all* of Plaintiffs' source code for three products (Dkt. 143), and on the heels of Defendants' counterclaims seeking to expand this litigation into issues of alleged international espionage and unrelated legal matters (Dkt. 133).  In short, Defendants' newest motion appears to be yet another effort by Defendants to make this case as complex and expensive as possible—regardless of the merits of such efforts.

## ARGUMENT

**I.     Defendants acknowledge that Plaintiffs have agreed to produce some of the documents at issue.  With respect to those documents, Defendants' Motion is moot.**

Defendants have moved to compel Plaintiffs to produce their communications with Xiamen University, Denkei, and Electronic Scientific Engineering concerning CNEX.  But Defendants admit that "Plaintiffs have stated that they will produce such documents."  (Dkt. 146, p. 5.)  Plaintiffs did in fact represent during the December 3 telephonic hearing that they were "currently in the process of gathering those materials," and this Court stated it seemed the issue was resolved.  (Ex. A at 23:6-10.)

It is well established that a motion to compel is moot where the party to be compelled has already agreed to produce the documents at issue.  *See, e.g., Katrinecz v. Motorola Mobility LLC,* No. A-12-CV-235 LY, 2014 WL 12160772, at *4 (W.D. Tex. Aug. 11, 2014); *Nukote of Ill., Inc. v. Clover Holdings, Inc.,* No. 3:10-CV-0580-P, 2010 WL 11618884, at *4 (N.D. Tex. July 14, 2010).  Indeed, in this case, Plaintiffs already produced the relevant documents on December 14.  (HUAWEI_TX_3290639-3292794, 3293908-3293936.)  Clearly, a party cannot be compelled to produce documents when it has already done so.  *Unger v. Taylor,* 368 F. App'x 526, 535 (5th Cir. 2010).  In this regard, Defendants' motion to compel is moot

The Court should also reject Defendants' motion to compel the production of documents related to two former Huawei employees whom Defendants say also worked at CNEX (Dkt. 146, p. 5) for the related but slightly different reason that it is premature.  As demonstrated by the correspondence attached to Defendants' motion, Plaintiffs have not refused to produce documents relating to Zhi Zhihong and Li Ting, but are "investigating . . . whether documents exist that are responsive" and have agreed to produce any "non-privileged non-source code related documents that are responsive and relevant to the claims and defenses in this lawsuit."

3

(Dkt. 146, Ex. 1, p. 4.) Plaintiffs have not changed their position. Thus, Defendants' motion is premature. *See Alvarez v. State Farm Lloyds,* No. B-10-193, 2012 WL 12895259, at *2 (S.D. Tex. April 18, 2012).

II. **Defendants have not met their burden of establishing that wholesale production of emails from 20 additional custodians should be compelled.**

Defendants bear the burden of demonstrating that the additional discovery they are seeking is relevant or will lead to the discovery of admissible evidence. *Huawei Tech. Co., Ltd. v. Huang,* No. 4:17-cv-893-ALM, 2018 WL 6329082, at *2 (E.D. Tex. Dec. 4, 2018). Even if Defendants establish relevance, the discovery should still be denied if it is overly broad, unduly burdensome, or oppressive. *Tech. Pharm. Servs., LLC v. Alixa RX LLC,* No. 4:15-cv-766-ALM, 2017 WL 3521727, at *2 (E.D. Tex. Aug. 16, 2017). Here, Defendants have not even attempted to establish relevance for the 20 proposed additional custodians, and even if Defendants had, that relevance would be outweighed by the massive burden or essentially restarting discovery mere months before trial.

A. **Defendants have not even named all 20 of the additional custodians they seek, much less established that they have relevant information.**

Defendants seek to compel Plaintiffs to run eight search terms through an additional 20 email custodians. (Dkt. 146, p. 5.) However, Defendants have declined to even identify five of those email custodians by name—they simply request a blank check "to search up to an additional 5 Huawei employees" from Plaintiffs' supplemental initial disclosures.[3] (*Id.* at 2 n.1.)

---

[3] Defendants pretend they were unfairly surprised by Plaintiffs' supplemental initial disclosures, but the Parties mutually agreed to a date for ***both sides*** to make such disclosures. (*See* 11/2018 Email Exchange attached as Exhibit C.) Regardless, aside from the five unidentified custodians, ***only two*** of Defendants' proposed custodians were included in Plaintiffs' disclosures. (Dkt. 146, Exs. 3 & 4.) And though Defendants make much of the fact that Plaintiffs identified more than 40 new Huawei employees in their disclosures, 33 of those employees were disclosed at least in part in relation to Defendants' Counterclaims, which were only recently filed in October 2018. (*Id.* Ex. 4.)

4

But with no information from Defendants about these five custodians, this Court has no basis to determine that they would be in possession of emails relevant to this dispute. *See Parker v. Johnson,* No. CV-17-02904-PHX-SPL (ESW), 2018 WL 2561067, at *2 (D. Ariz. June 4, 2018) (denying discovery request because "Plaintiff has failed to set forth sufficient information to support his request"); *see also MacroSolve, Inc. v. GEICO Ins. Agency, Inc.,* No. 6:12-cv-74-MHS-KNM, 2014 WL 12597415, at *3 (E.D. Tex. Jan. 30, 2014) (noting in the transfer context that "a party must still identify the witnesses so a Court can determine the importance and relevance of each witness").

Although it is true that these five unknown witnesses would be chosen from those listed in Plaintiffs' disclosures as potentially having knowledge of facts relevant to the claims and defenses in this case, that does not mean they have the sort of general relevance that could justify collecting and running search terms through their email accounts. Indeed, Plaintiffs included witnesses on their list for limited, discrete reasons such as their involvement in hiring Huang or working on one of the technologies at issue here for a short period of time. Accordingly, a scouring of their email accounts by search terms for the entire time period at issue in this case is unwarranted and likely to lead to review of countless false positive results. But regardless, without any information from Defendants as to who these proposed custodians are and why they may have relevant documents, the Court is left to speculate. *Pegoraro v. Marrero,* 281 F.R.D. 122, 134 (S.D.N.Y. 2012).

Even as to the additional 15 custodians Defendants have identified by name, Defendants have not provided the Court with sufficient information to determine that these individuals are likely to have relevant electronic documents; they merely claim that "Plaintiffs have acknowledged that each of the 15 custodians has relevant documents." (Dkt. 146, p. 4.) But this

5

is not the case. Indeed, in correspondence *attached to Defendants' motion*, Plaintiffs made clear that they "had difficulty identifying (or confirming) many of the individuals in their proposed 15 custodians" and that they were working "to determine whether it is likely that any of these individuals may have documents that have not already been produced that are relevant to the claims and defenses in this case." (*Id.* Ex. 1, p. 2.) The portion of the December 3 hearing transcript Defendants cite to merely confirms this status—Plaintiffs were "not saying that these folks may not have relevant information" because they were still in the process of investigating. (Ex. A at 27:17-18.) And regardless, ultimately it is the Court rather than the parties that must determine relevance. Defendants must present something more than speculation to establish relevance, and they have not done so. *See Assured Guaranty Mun. Corp. v. UBS Real Estate Sec. Inc.,* 2013 WL 1195545, at *3 (refusing to require production from additional email custodians based on speculation as opposed to "extensive exhibits to establish that the proposed custodians possessed additional relevant documents"). The Court should deny Defendants' motion on this basis alone.

      **B.    Even if Defendants had established relevance, it would be outweighed by the needless burden of essentially restarting wholesale custodial discovery mere months before trial and on the eve of expert and trade secret disclosures.**

Putting aside Defendants' failure to show the relevance of the 20 additional email custodians Defendants seek, their attempt to restart wholesale custodial discovery mere months before trial runs afoul of the requirement that courts limit discovery that is "unreasonably cumulative or duplicative" or as to which the burden or expense outweighs the likely benefit. Fed. R. Civ. P. 26(b)(2)(C). Here, Plaintiffs have already run approximately three dozen search terms (selected by Defendants) through Defendants' different email custodians (also selected by Defendants) and produced over three million pages of documents. (Ex. A at 27:3-5.) Indeed, Plaintiffs have produced approximately 56,000 emails involving the very custodians Defendants

6

have now named (as distinct from the five they decline to name) as potential custodians. (*Id.* 27:14-16; *see also* Chart of Productions Related to Proposed Custodians attached hereto as Exhibit D.)[4] And Plaintiffs have agreed to search for additional relevant documents related to these 15 individuals. (Dkt. 146, Ex. 1, p. 2.) The only thing Plaintiffs resist is the large-scale processing and searching of these individuals' email accounts. In light of all the discovery Plaintiffs have already provided—including in relation to the very individuals Defendants now wish to make custodians—Defendants' request is cumulative. *See McBride v. Halliburton Co.,* 272 F.R.D. 235, 241 (D.D.C. 2011) (denying request for additional email custodians where opposing party had "already spent a king's ransom on discovery" and produced over half a million emails).

The size of Defendants' request also shows that it is unduly burdensome and not proportional to the needs of the case. Defendants have *increased* the number of custodians they are demanding be searched from 15 to 20 since the December 3 hearing. (12/13/18 Tr. 26:13-16.) This number of custodians—which Defendants remarkably assert ***should not be accompanied by any reciprocal obligation*** to search additional custodians for Plaintiffs—is an even greater number than the 16 custodians this Court originally authorized Plaintiffs to have Defendants search (or the fifteen Plaintiffs agreed to search for Defendants) at the outset of e-discovery, (Dkt. 107, p. 13.), and which is already double the number of custodians provided for

---

[4] Note that the names have changed on the chart from those Defendants stated in their Motion they are seeking to compel. Specifically, on November 23, 2018, in response to Plaintiffs' request to provide additional information regarding the newly requested custodians, Defendants sent a new list of 15 individuals, together with their email addresses. (See 12/16/2018 Email from Eugene Mar, attached as Exhibit E). This included the change of one request from "Wu YinXiao" to "Wu Yi Xin", the latter of whom Plaintiffs have already searched his *entire* account and produced responsive materials. (*Cf. id.*, Ex. D; Dkt. 146, Ex. 3 at 2.)

7

Eastern District of Texas' Order Regarding E-Discovery in Patent Cases.[5] Defendants appear to be seeking a "do-over" for their selection of email custodians without any consideration to (or regard for) Plaintiffs' own discovery needs. Defendants' request is not proportional to the needs of the case, particularly in light of their failure to "adequately demonstrate the necessity for the additional discovery sought." *Eisai Inc. v. Sanofi-Aventis U.S., LLC,* No. 08–4168 (MLC), 2012 WL 1299379, at *8-9 (D.N.J. April 16, 2012) (denying request for additional discovery, including additional email custodians, on proportionality grounds).

Finally, Defendants' request for 20 additional email custodians is especially burdensome because it comes so late in these proceedings, with a multi-week, complex trial mere months away. *See Moses H. Cone,* 2016 WL 430494, at *5 ("granting Plaintiff's request at this late period would unduly burden Defendant in light of Plaintiff already receiving approximately 19,000 documents regarding the four new custodians"). Plaintiffs have "conducted a reasonable inquiry for responsive information" and "there is no strong indication that additional relevant information would be found" by searching the additional custodians Defendants propose, so Defendants should not be permitted to cause Plaintiffs undue delay and burden as they prepare for trial. *United States v. NGL Crude Logistics, LLC,* No. 16-cv-1038-LRR, 2018 WL 1737519, at *3-4 (N.D. Iowa Mar. 2, 2018).

**III. Alternatively, if the Court does compel the production of emails from additional custodians, the production obligations should be narrowly tailored and reciprocal.**

As set forth above, the Court should not order Plaintiffs to search any additional email custodians due to Defendants' utter failure to establish relevance and non-cumulativeness, much less proportionality. But if the Court is inclined to grant some form of relief, Plaintiffs ask any

---

[5] See http://www.txed.uscourts.gov/sites/default/files/forms/E-Discovery_Patent_Order.pdf ("Each requesting party shall limit its e-mail production requests to a total of eight custodians per producing party for all such requests.").

additional custodial searches ordered be both narrowly targeted and reciprocal. *See Retractable Techs., Inc. v. Becton, Dickinson & Co.,* No. 2:08-cv-16, 2011 WL 13134891, at *5 (E.D. Tex. Aug. 4, 2011) (approving of narrowly tailored discovery requests). As to targeting, Plaintiffs request that any searches be limited to four additional custodians, five additional search terms, and narrow one or two year date ranges for each custodian tailored to the specific types of materials Defendants hope to find. And if Defendants are permitted to have additional custodians searched, Plaintiffs respectfully request that the Court order Defendants to search an equal number with an equal number of terms. In this manner, any burden (or benefit) from granting Defendants' request could be reciprocal. *See Pamlab, L.L.C. v. Brookstone Pharm., L.L.C.,* No. 09-7434, 2010 WL 11541806, at *1 (E.D. La. Feb. 19, 2010) ("despite defendant's protestations to the contrary, discovery is a two-way street, and not only defendant is entitled to it"). Indeed, Plaintiffs mentioned during the December 3, 2018 telephonic hearing that they too desire additional custodians' emails—but were willing to forego such a request in view of the need for both sides to complete fact discovery and prepare for trial. (Ex. A at 28:22-30.)

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Compel Further Production of Plaintiffs' Emails, or in the alternative, allow for reciprocal discovery of a limited number of custodians as detailed above.

Dated: December 17, 2018　　　　RESPECTFULLY SUBMITTED

By:　*/s/ Clyde M. Siebman*

**SIEBMAN, FORREST, BURG & SMITH, LLP**

**Clyde M. Siebman**
Texas Bar No. 18341600
clydesiebman@siebman.com
**Elizabeth S. Forrest**
Texas Bar No. 24086207
elizabethforrest@siebman.com
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas 75090
(903) 870-0070 (office)
(903) 819-3076 (cell)

**SEYFARTH SHAW LLP**

**Michael D. Wexler** (*Pro Hac Vice*)
**Lead Attorney**
Illinois Bar No. 6207847
mwexler@seyfarth.com
**Andrew S. Boutros** (*Pro Hac Vice*)
Illinois Bar Number: 6322276
ABoutros@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone 312-460-5536
Facsimile 312-460-753

**Jesse M. Coleman**
Texas Bar No. 24072044
jmcoleman@seyfarth.com
700 Milam Street, Suite 1400
Houston, Texas 77002-2812
Telephone: (713) 225-2300
Telecopier: (713) 225-2340

*Attorneys for Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc*.

**CERTIFICATE OF SERVICE**

     I hereby certify that on **December 17, 2018**, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

          **Christopher J. Schwegmann**
          TX Bar No. 24051315
          Email: cschwegmann@lynnllp.com
          LYNN PINKER COX & HURST, LLP
          2100 Ross Avenue, Suite 2700
          Dallas, TX 75201
          (214) 981-3800 – Telephone
          (214) 981-3839 – Facsimile

          **Michael J. Sacksteder**, CSB No. 191605
          Email: msacksteder@fenwick.com
          **Bryan A. Kohm**, CSB No. 233276
          Email: bkohm@fenwick.com
          FENWICK & WEST LLP
          555 California Street, 12th Floor
          San Francisco, CA 94104
          Telephone: 415.875.2300
          Facsimile: 415.281.1350

          *Attorneys for Defendants CNEX LABS, INC.*
          *and YIREN RONNIE HUANG*

          **Deron Dacus**
          TX Bar No. 790553
          Email: ddacus@dacusfirm.com
          THE DACUS FIRM, P.C.
          821 Ese 323 Loop, Suite 430
          Tyler, TX 75701
          Telephone: 903.705.1117
          Facsimile: 903.581.2543

          **Stephanie Skaff**, CSB No. 183119
          Email: sskaff@fbm.com
          **Jeffrey Fisher**, CSB No. 155284
          Email: jfisher@fbm.com
          FARELLA BRAUN + MARTEL LLP
          235 Montgomery St., 17th Floor
          San Francisco, CA 94101
          Telephone: 415.954.4400
          Facsimile: 415.954.4480

*Attorneys for Defendants-Counter Plaintiffs*
*CNEX LABS, INC. and YIREN RONNIE HUANG*

By: */s/ Clyde M. Siebman*

*Counsel for Huawei Technologies Co., Ltd.*
*and Futurewei Technologies, Inc*.

12