HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., a Chinese corporation, and FUTUREWEI TECHNOLOGIES, INC., a Texas corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> YIREN RONNIE HUANG, an individual, and CNEX LABS, INC., a Delaware corporation, <br><br> Defendants. | The Honorable Amos L. Mazzant, III <br><br> Civil Action No. 4:17-cv-00893 ALM |

**DEFENDANTS' MOTION TO COMPEL
FURTHER PRODUCTION OF PLAINTIFFS' EMAILS**

**CONTAINS MATERIALS DESIGNATED HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY UNDER STIPULATED PROTECTIVE ORDER**

Defendants CNEX Labs, Inc. ("CNEX") and Yiren "Ronnie" Huang hereby move to compel Plaintiffs to search emails of up to an additional 20 witnesses using a significantly narrowed set of eight (8) search terms, targeted at the allegations set forth in Defendants' counterclaims and affirmative defenses and clearly relevant witnesses identified in Plaintiffs' documents and supplemental initial disclosures. The proposed set of narrowed search terms is attached as Exhibit A hereto. Defendants further request an order requiring that Plaintiffs be required to produce documents (including emails) that they have agreed to produce relating to communications they had (1) with Xiamen University, Denkei or Electronic Scientific Engineering concerning CNEX, and (2) two former Huawei employees who also worked at CNEX (Zhi Zhihong and Li Ting).

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

I.   **INTRODUCTION**

During the December 3, 2018 telephonic conference call, the Court asked the parties to attempt to reach agreement concerning Defendants' request for additional email discovery from Plaintiffs in light of recent developments in this action, but indicated that Defendants could file a motion if the parties were unable to resolve this issue during further meet and confer discussions. Unfortunately (but not surprisingly given Plaintiffs' view that discovery is only a one-way street), the parties were not able to reach agreement, necessitating the filing of this motion. Indeed, Plaintiffs refused to even run the narrowed set of search terms Defendants are proposing to determine the purported burden imposed by the additional searching Defendants have requested. Defendants therefore respectfully move for an order compelling Plaintiffs to search emails of up to an additional 20 admittedly relevant custodians[1] using a narrowed set of only eight (8) search terms. All of this discovery is targeted at recent developments in this litigation, including the filing of Defendants' counterclaims and affirmative defenses (*see* Dkts. 127, 132) as well as Defendants' awareness of additional relevant witnesses identified in Plaintiffs' recently produced documents and Plaintiffs' recently served supplemental initial disclosures ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓.

---

[1] Although Defendants initially suggested an additional 15 custodians, ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Plaintiffs have not and cannot dispute that the 15 custodians Defendants initially identified have relevant knowledge and documents relating to the claims and defenses in this action. *See* 12/3/18 Tr. at 27:17-18. In addition to these 15 witnesses, Defendants request the ability to search up to an additional 5 Huawei employees ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Plaintiffs cannot possibly dispute that these witnesses have relevant knowledge and documents.

**DEFENDANTS' MOTION TO COMPEL FURTHER PRODUCTION OF PLAINTIFFS' EMAILS**                                                                                         Page | 2

Defendants further request an order requiring that Plaintiffs be required to produce (1) all documents and communications (including emails, etc.) between Plaintiffs and Xiamen University, Denkei or Electronic Scientific Engineering concerning CNEX, and (2) all documents concerning Plaintiffs and two former Huawei employees who also worked at CNEX (Zhi Zhihong and Li Ting). These documents are critical to Defendants' counterclaims and defenses, and Plaintiffs have indicated that they are agreeable to producing all of such documents they are able to locate following a reasonable investigation. *See* Ex. 1 at 4.[2]

## II.   STATEMENT OF FACTS

After the Court's August 14, 2018 order (Dkt. 107), Plaintiffs and Defendants met and conferred and agreed that each side could provide 16 custodians and up to 50 ESI search terms each for the other side to use to search for and produce relevant emails and other documents. Defendants selected their initial list of 16 custodians at a time when Plaintiffs had not identified ***any*** Huawei witnesses with relevant knowledge in their initial disclosures. *See* Ex. 2. Since that time, the parties have been engaged in the collection and production of their respective emails.

Several important developments have occurred since this time that require further ESI discovery requested herein. First, Defendants' review of the documents Plaintiffs have produced in recent weeks has identified a significant number of additional custodians with relevant information concerning Defendants' defenses and counterclaims. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[2] Numbered exhibits (e.g., Ex. 1, Ex. 2) refer to exhibits attached to the Declaration of Jeffrey Lau in Support of Defendants' Motion to Compel Further Production of Plaintiffs' Emails

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

███████████████████████████████████████

███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████

Accordingly, after initially raising this issue during a meet and confer discussion on November 12, Defendants provided Plaintiffs with a list of an additional 15 custodians they believe have relevant knowledge, and requested that Plaintiffs agree to search their email files. Ex. 3. Plaintiffs have acknowledged that each of the 15 custodians has relevant documents. *See* 12/3/18 Tr. at 27:17-18.[3]

Second, Defendants have now asserted affirmative defenses and counterclaims, which include allegations that Plaintiffs have, on their own and with other co-conspirators including Xiamen University as well as certain Chinese-based distributors (Denkei and Electronic Scientific Engineering) and others, breached their own employment agreement with Mr. Huang

---

[3] While contending that they will "investigate and work with their clients to determine whether it is likely that any of these individuals may have documents that have not already been produced that are relevant to the claims and defenses in this case" and that "[t]o the extent our investigations uncover additional responsive documents, they will be produced in a timely manner" (*see* Ex. 1 at 2), Plaintiffs have refused to run Defendants' original search terms through these custodians – and have further refused to run even the significantly narrowed set of eight terms now at issue. It is therefore unclear how Plaintiffs could possibly do any additional "investigation" of these individuals' files, as Plaintiffs are refusing to provide any details concerning their continued "investigation."

and misappropriated Mr. Huang and CNEX's proprietary confidential and trade secret information. *See* Dkt. 132 at ¶¶ 42-53. The parties' prior agreement with respect to email custodians and searching was ***not*** premised on any defenses or counterclaims that Defendants might file. *See* Dkt. 107 at 12.

Lastly, although Plaintiffs did not identify ***a single*** one of their witnesses as having relevant knowledge of the claims and defenses in this case in their initial disclosures, in supplemental initial disclosures served on November 30, Plaintiffs have for the first time now . Ex. 4 at 2-10. In light of these developments and given the seriousness of the allegations involved in this action, Defendants believe that Plaintiffs should be compelled to search email accounts of an additional 20 custodians using the narrowed set of search terms Defendants have proposed.

## III. ARGUMENT

### A. Plaintiffs Should Be Ordered To Produce The Additional Documents (Including Emails) They Have Promised To Produce.

During the parties' meet and confer communications, Defendants requested and Plaintiffs promised to search for and produce (1) all documents and communications between Plaintiffs and Xiamen University, Denkei or Electronic Scientific Engineering concerning CNEX[4], and (2) all documents concerning Plaintiffs and two former Huawei employees who also worked at CNEX (Zhi Zhihong and Li Ting). These documents are critical to Defendants' counterclaims

---

[4] During the December 3 hearing, the Court ordered Plaintiffs to produce such documents and communications, and further required Plaintiffs to advise Defendants of any documents relating to such documents and communications they were withholding on purported relevance grounds. 12/3/18 Tr. at 22-24. Plaintiffs have indicated in recent meet and confer discussions that they would produce the first portion of these documents by the end of this week (December 14) and the remainder by the end of next week (December 21).

and defenses, including their misappropriation and conspiracy claims. As noted above, Plaintiffs have stated that they will produce such documents. *See* 11/26/18 J Coleman letter at 4. They should be ordered to do so promptly.

### B. The Court Should Require Plaintiffs To Conduct The Additional Email Searches And Produce The Results.

Plaintiffs should further be ordered to search up to an additional 20 custodians using the narrowed set of eight search terms listed in Exhibit A, which are all tied to Defendants' counterclaims and defenses. As discussed above, the initial 16 custodians Defendants identified several months ago were selected without the benefit of Defendants (1) being able to review Plaintiffs' subsequently produced documents, or (2) having Plaintiffs' supplemental initial disclosures, which ███████████████████████████████████████████████. And, the initial group of custodians was selected without regard to Defendants' subsequently filed counterclaims and affirmative defenses. While all of the individuals in the initial group of custodians did indeed have relevant documents, new developments in this action – including Defendants' discovery based on Plaintiffs' document production to date of what appears to be wide-ranging conspiracy to obtain confidential and proprietary information about CNEX's technology involving a large number of Huawei employees as well as a number of third party co-conspirators – requires that Plaintiffs be required to search the emails of an additional group of custodians. Indeed, not requiring Plaintiffs to do further email searching would reward their hiding the ball in their initial disclosures by not identifying *a single* Huawei witness with relevant knowledge. Huawei should not be heard to complain about having to conduct additional email searches when this is in part an issue of its own making a result of its disregard of the Court's rules and procedures.

During the December 3 conference with the Court, Plaintiffs' counsel contended Defendants' request constituted a "do-over" of email discovery, particularly given Defendants' initial request that the search terms used for the initial email production be used for the search. *See* 12/3/18 Tr. at 28:22-30:2.  Not so.  As discussed above, there have been significant new developments in this action since the initial custodians were proposed, and Plaintiffs do not and cannot dispute that these additional custodians have relevant information.  Moreover, to address Plaintiffs' concerns that the search terms used for the initial email production were too broad, Defendants have significantly narrowed their search terms to no more than eight key terms that are directly tied to the allegations in their counterclaims and affirmative defenses.

Any burden objection should therefore be overruled.  The eight search terms Defendants are proposing are narrow and targeted – and Plaintiffs have refused to even see if use of any of these terms would result in an inordinate number of "hits."  Accordingly, there is no basis for Plaintiffs – a huge corporation which has only now ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ -- to complain about burden.  To the contrary, Plaintiffs have engaged in a wide-ranging conspiracy to pilfer CNEX's and Mr. Huang's technology through illicit means, and Defendants must be allowed basic discovery from admittedly relevant witnesses both to prosecute their affirmative claims and to defend against Plaintiffs' claims.

C. **Plaintiffs' Counter-Proposal Is Not Sufficient.**

During meet and confer discussion, Plaintiffs proposed searching for only an additional two witnesses using the parties' initial search terms.[5]  After conferring, Plaintiffs raised their

---

[5] When Defendants first raised their request for additional email searching of Plaintiffs' witnesses during meet and confer discussions, Plaintiffs responded by threatening that they would seek to force Defendants to search emails of additional witnesses, namely Defendants'

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

offer to four witnesses.  Given the significant number of people involved in the conspiracy Plaintiffs engaged in to steal Defendants' technology, as well as the ███████████████ ████████████████████████████████, this is insufficient.  Moreover, as noted above, Plaintiffs themselves decried the use of the original search terms as a "do-over."  Defendants have therefore proposed a significantly narrowed set of search terms to focus the additional email searching.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs should be ordered to produce what they promised to produce:  (1) all documents and communications (including emails, etc.) between Plaintiffs and Xiamen University, Denkei or Electronic Scientific Engineering concerning CNEX, and (2) all documents concerning Plaintiffs and two former Huawei employees who also worked at CNEX (Zhi Zhihong and Li Ting).  Plaintiffs should further be ordered to search the emails of up to an additional 20 custodians based on the narrowed set of eight search terms Defendants have proposed.

---

other founders.  Notably, Plaintiffs are suggesting that they would request using the initial search terms they had proposed – clearly showing that is ***Plaintiffs***, not Defendants, who are seeking a "do-over" of email discovery.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

DATED: December 11, 2018          Respectfully submitted,

FARELLA BRAUN + MARTEL LLP

*/s/ Jeffrey M. Fisher*
Stephanie P. Skaff (*admitted pro hac vice*)
Jeffrey M. Fisher (*admitted pro hac vice*)
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Fax: (415) 954-4480
sskaff@fbm.com
jfisher@fbm.com
dcallaway@fbm.com

*/s/ Deron R. Dacus*
Deron R. Dacus
State Bar No. 00790553
**The Dacus Firm, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Fax: (903) 581-2543
ddacus@dacusfirm.com

Attorneys for Defendants YIREN RONNIE HUANG and CNEX LABS, INC.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

### CERTIFICATE OF CONFERENCE

The undersigned hereby certify that (1) that counsel has complied with the meet and confer requirement in Local Rule CV-7(h); and (2) the above-referenced motion is opposed.

/s/ *Jeffrey Mark Fisher*
Jeffrey Mark Fisher

/s/ *Deron R. Dacus*
Deron R. Dacus

### CERTIFICATE OF AUTHORIZATION TO SEAL

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 118) entered in this case on October 2, 2018.
.

/s/ *Deron R. Dacus*
Deron R. Dacus

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a redacted copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) and with a unredacted copy via electronic mail on December 11, 2018.

/s/ *Deron R. Dacus*
Deron R. Dacus