**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

HUAWEI TECHNOLOGIES CO., LTD., a Chinese corporation, and FUTUREWEI TECHNOLOGIES, INC., a Texas corporation,

Plaintiffs,

vs.

YIREN RONNIE HUANG, an individual, and CNEX LABS, INC., a Delaware corporation,

Defendants.

The Honorable Amos L. Mazzant, III

Civil Action No. 4:17-cv-00893 ALM

**FILED UNDER SEAL**

**DEFENDANTS' MOTION TO RECONSIDER DENIAL OF DEFENDANTS' REQUEST TO COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS RELATED TO HUAWEI_TX_0001452 AND HUAWEI_TX_0001453 AND CNEX RELATED COMMUNICATIONS WITH THE CHINESE GOVERNMENT (DKT. 168)**

**TABLE OF CONTENTS**

**Page**


I. INTRODUCTION ....................................................................................................1

II. FACTUAL BACKGROUND....................................................................................2

A. HUAWEI_TX_ 0001452 and HUAWEI _TX_0001453........................................2

B. Communications with the Chinese Government Concerning CNEX......................5

III. DEFENDANTS' EFFORTS TO OBTAIN DOCUMENTS THROUGH THE DISCOVERY PROCESS ....................................................................................7

IV. LEGAL STANDARD..............................................................................................8

V. ARGUMENT...........................................................................................................8

A. Documents and Deposition Testimony Relating to the Actions Referenced in HUAWEI_TX_0001452 and HUAWEI_TX_0001453 Are Highly Relevant to the Claims and Defenses in this Action.................................................9

B. Documents and Deposition Testimony Relating to Plaintiffs' Communications with the Chinese Government Are Also Relevant and Discoverable. ..........................................................................................12

C. Requiring Plaintiffs to Produce All Documents and a 30(b)(6) Witness Regarding the Actions Referenced in HUAWEI_TX_0001452 And HUAWEI_TX_0001453 And Their Communications With the Chinese Government Is Not Unduly Burdensome. ..................................................13

VI. CONCLUSION.....................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Brown v. Miss. Valley State Univ.*,
311 F.3d 328 (5th Cir. 2002) ....................8, 15

*Hussey v. State Farm Lloyds Ins. Co.*,
216 F.R.D. 591 (E.D. Tex. 2003)....................14

*Quintel Tech., Ltd. v. Huawei Techs. USA, Inc.*,
No. 4:15-cv-307, 2018 WL 460227 (E.D. Tex. Jan. 18, 2018) ....................10

*Robroy Indus.—Texas, LLC v. Thomas & Betts Corp.*,
No. 2:15-cv-512-WCB, 2017 WL 319064 (E.D. Tex. Jan. 23, 2017)....................14

*Waterman v. McKinney Indep. Sch. Dist.*,
No. 4:13-CV-170, 2014 WL 12607850 (E.D. Tex. Mar. 5, 2014) ....................8

## FEDERAL STATUTES

Pub. L. 115-91, 131 Stat. 1283, 1762 ....................6

## FEDERAL RULES AND REGULATIONS

Federal Rule of Civil Procedure 59(e)....................8

## OTHER

https://money.cnn.com/2018/02/14/technology/huawei-intelligence-chiefs/index.html (last accessed Jan. 3, 2019) ....................6

https://www.cbsnews.com/news/60-minutes-2012-report-on-huawei/ (60 Minutes segment on Huawei that re-aired in December 2018) (last accessed on Jan. 3, 2019) ....................5

https://www.nytimes.com/2018/12/05/business/huawei-cfo-arrest-canada-extradition.html....................5

# I. INTRODUCTION

During the December 17 telephonic hearing, Defendants asked the Court to compel Plaintiffs to search for and produce all documents related to two of the documents Plaintiffs have produced in discovery from the files of their employee [REDACTED] 12/17/18 Tr. at 5:4-12; Exs. A, B (emphases added).[1] These documents, along with their certified translations, are attached as Exhibits A and B to this motion. Plaintiffs further asked the Court, in support of its RICO and conspiracy counterclaims, to compel Plaintiffs to search for and produce all documents relating to their communications with the Chinese government relating to CNEX. 12/17/18 Tr. at 14:10-14.

Although Defendants' requests were denied during that telephonic hearing, the Court specifically allowed Defendants to file a motion for reconsideration so that Defendants can "put [its request] in writing" and the Court can "reanalyze [Defendants' request] and look at it all in a more deliberative process." 12/17/18 Tr. at 13:20-24 (regarding Defendants' requests related to Exhibits A and B); *see also id*. at 20:17-24 (regarding Defendants' request for communications between Plaintiffs and the Chinese government regarding CNEX). Given the ***critical importance*** of these documents to Defendants' counterclaims and affirmative defenses, Defendants respectfully request the Court to order Plaintiffs to (1) search for and produce from the files of [REDACTED] all documents regarding CNEX; (2) conduct a reasonable investigation into Exhibits A and B and produce relevant documents related to the issues concerning CNEX

---

[1] All exhibits cited herein refer to exhibits attached to the Declaration of Jeffrey Lau in Support of Defendants' Motion to Reconsider Denial of Defendants' Request to Compel Plaintiffs to Produce Documents Related to HUAWEI_TX_0001452 and HUAWEI_TX_0001453 and CNEX Related Communications with the Chinese Government (Dkt. 168) ("Lau Decl.").

described in these documents; and (3) produce their documents relating to communications with the Chinese government concerning CNEX. Defendants further request that the Court permit Defendants to take 30(b)(6) deposition testimony on the topics raised in these documents and relating to those communications. *See* Ex. D at Topics 64, 65 (topics related to Exhibits A and B) & Topics 1, 31, 105, 106, 112 (topics related to Huawei's connections to the Chinese Communist Party and Chinese government).

## II. FACTUAL BACKGROUND

### A. HUAWEI_TX_ 0001452 and HUAWEI _TX_0001453

The Court has already concluded that documents relating to [REDACTED], are relevant. 12/3/18 Hearing Tr. at 21:4-6 [REDACTED] 24:14-17 [REDACTED]. The documents at issue here discuss these very topics. [REDACTED]

[2] Hangzhou Arm Technology Co., Ltd is CNEX's wholly owned subsidiary based in China. Amended Counterclaims (Dkt. 132) at ¶ 48. For purposes of this motion, "CNEX" refers to both CNEX Labs as well as its Chinese subsidiary, Hangzhou Arm Technology Co., Ltd.

[redacted]

Defendants lack even the most basic information surrounding the PowerPoint presentations, as they were produced as standalone documents without any context as to who prepared them, what information they were based on, why they were prepared, and how they were used at Huawei. Lau Decl. ¶ 5. While Defendants intend to ask questions about these presentations in connection with upcoming depositions of Huawei witnesses, Plaintiffs must be ordered to produce *all* documents relating to their preparation and use to make these depositions meaningful. In addition, Defendants must be permitted to take 30(b)(6) deposition testimony concerning Huawei's [REDACTED] (Ex. D at Topic 64) and Huawei's [REDACTED] (*id.* at Topic 65).

**B. <u>Communications with the Chinese Government Concerning CNEX</u>**

As discussed in Paragraphs 54-63 of Defendants' Amended Counterclaims, the U.S. Government has made a number of key findings relating to Huawei and its disregard for the intellectual property of U.S. companies, like CNEX.[3] Specifically:

[3] The U.S. Government's efforts to combat Huawei's illicit efforts are front page news on an almost daily basis. *See, e.g.*, https://www.nytimes.com/2018/12/05/business/huawei-cfo-arrest-canada-extradition.html (article describing arrest of Huawei C.F.O. in Canada for extradition to the U.S.) (last accessed on Jan. 3, 2019); https://www.cbsnews.com/news/60-minutes-2012-report-on-huawei/ (60 Minutes segment on Huawei that re-aired in December 2018) (last accessed on Jan. 3, 2019).

- The House Permanent Select Committee on Intelligence ("HPSCI") found that Huawei cannot be trusted to be free of foreign state influence and thus poses a security threat to the United States and its systems; (Ex. G at vi-vii, 45;

- Huawei admitted to the HPSCI that the Chinese Communist Party maintains a Party Committee within Huawei, and that experts in Chinese political economy agree that the Chinese Communist Party exerts influence, pressure, and monitoring of Huawei's activities through these Party Committees (*Id.* at 22-24);

- The HPSCI found that Huawei exhibits a pattern of disregard for the intellectual property rights of American companies, and that several former Huawei employees said that Huawei was known to purposefully use patented material of other companies (*Id.* at 31-32);

- Congress barred the Department of Defense from using Huawei equipment or services for certain programs as a result of their concern of Chinese corporate espionage (*see* Pub. L. 115-91, 131 Stat. 1283, 1762 at Sec. 1656);

- The FBI, CIA, and NSA have all testified before Congress in 2018 that Huawei and its commercial products pose a security threat to U.S. citizens (*see* https://money.cnn.com/2018/02/14/technology/huawei-intelligence-chiefs/index.html (last accessed Jan. 3, 2019); and

- In June 2018, the White House Office of Trade and Manufacturing Policy issued a report entitled "How China's Economic Aggression Threatens the Technologies and Intellectual Property of the United States and the World." Ex. H. In this report, the White House focused on "how China seeks to acquire technologies and intellectual property and capture industries of the future" by state-sponsored IP theft, placement of "non-traditional information collectors" at universities, national laboratories, and other centers of innovation, and "talent recruitment of business, finance, science and technology experts." Huawei was one such Chinese company singled out in the report as a "non-traditional information collector." (*Id* at 2, 14-15.)

These findings and reports show that the U.S. Government has determined that Huawei has a documented and extensive history of working with Chinese governmental entities to steal technology from American companies—just like CNEX. *Id.* Indeed, the tactics discussed above are strikingly similar to [REDACTED]. They are also consistent with Huawei's use of a state-controlled university, Xiamen University, as a means of funneling CNEX's confidential and proprietary information to Huawei. Plaintiffs should therefore be ordered to

produce all documents relating to their communications with the Chinese government concerning CNEX. In addition, Defendants must be permitted to take 30(b)(6) deposition testimony concerning Huawei's communications with the Chinese government concerning CNEX. Ex. D at Topics 1, 31, 105, 106, 112.

## III. DEFENDANTS' EFFORTS TO OBTAIN DOCUMENTS THROUGH THE DISCOVERY PROCESS

After filing their counterclaims (Dkt. 127), Defendants have sought production of documents regarding to the preparation and use of HUAWEI_TX_0001452 and HUAWEI_TX_0001453 as well as Huawei's communications with the Chinese government concerning CNEX, but Plaintiffs have refused to produce them. Ex. I at 2; Ex J at 3-4; Ex. K at 3-4; Lau Decl. ¶ 15. After reaching an impasse through extensive meet and confer efforts, Defendants initially sought to raise these issues during the December 3 telephonic hearing.[4] Due to time constraints, however, these issues were not raised until the December 17 hearing. As noted above, although the Court denied Defendants' request for all documents relating to HUAWEI_TX_0001452 and HUAWEI_TX_0001453 and Huawei's communications with the Chinese government concerning CNEX during this December 17 hearing, the Court also specifically allowed Defendants to file a motion for reconsideration on these requests. 12/17/18 Tr. at 13:20-24, 20:17-24.

[4] During this hearing, Plaintiffs agreed to produce documents they had been improperly withholding that related to Plaintiffs' communications with a state-sponsored university (Xiamen University) through which Huawei illicitly obtained information about proprietary and confidential CNEX technology by inducing Xiamen to violate its non-disclosure agreement with CNEX. 12/3/18 Tr. at 24:14-24.

## IV. LEGAL STANDARD

Motions for reconsideration that are filed within 28 days of the judgment or order of which the party complains is considered a Federal Rule of Civil Procedure 59(e) motion. *Waterman v. McKinney Indep. Sch. Dist.*, No. 4:13-CV-170, 2014 WL 12607850, at *2 (E.D. Tex. Mar. 5, 2014). Rule 59(e) allows a party to "correct manifest errors of law or fact," "to present newly discovered evidence," or to seek relief when there has been an "intervening change in the controlling law." *Id.* (internal quotations and citations omitted).

## V. ARGUMENT

The documents that are the subject of this motion demonstrate Plaintiffs have been engaged in a pattern of illicit activity over a number of years in an effort to learn and use CNEX's technology and to disrupt CNEX's business [REDACTED] As discussed above, these are the same types of tactics the U.S. Government has determined Huawei has been engaged in over the years in spying on and stealing from U.S. technology companies.

The Court has afforded Plaintiffs full discovery in this action—including document discovery and inspection of Defendants' source code. *See, e.g.*, 9/26/18 Tr.at 44:9-50:18; Dkt. 107 at 7-9; Dkt. 136 at 16-20. Defendants must be afforded the same opportunities to uncover the extent of Plaintiffs' misconduct, which bears directly on a number of Defendants' counterclaims and defenses, as well as the parties' pending summary judgment motions. It would in fact be fundamentally unfair and constitute a manifest error of law to not allow Defendants this discovery—including basic document discovery of clearly relevant documents. *See, e.g.*, *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333-34 (5th Cir. 2002) (District Court committed reversible error when it denied party a full and fair opportunity to discover information essential to its opposition to summary judgment).

### A. Documents and Deposition Testimony Relating to the Actions Referenced in HUAWEI_TX_0001452 and HUAWEI_TX_0001453 Are Highly Relevant to the Claims and Defenses in this Action.

[redacted] are highly relevant to Defendants' counterclaims (such as trade secret misappropriation, RICO violations, conspiracy and unfair competition), as well as Defendants' affirmative defenses (such as waiver, unclean hands, laches and statute of limitations). For example, ***after*** the metadata indicates that HUAWEI_TX_0001452 and HUAWEI_TX_0001453 were created, Huawei engaged in a series of actions in 2015 and 2016 in which they lured CNEX into disclosing aspects of its technology to Huawei under false pretenses. This includes inviting CNEX to present to Huawei in 2015 where Mr. Huang and another one of CNEX's founders were misled into presenting a PowerPoint presentation marked "proprietary and confidential" under what they believed was genuine interest from Huawei in becoming a CNEX customer. Ex. L (PowerPoint presentation CNEX's founders gave at Huawei's Cadence forum); *see also* Amended Counterclaims (Dkt. 132) at ¶ 43. And, it coincides with when another of Huawei's engineers (Keji Huang) initiated a series of conversations and meetings in which he pumped CNEX for still more technical information, again under the false premise that Huawei was genuinely interested in becoming a



customer. Ex. M ([redacted]); *see* Amended Counterclaims (Dkt. 132) at ¶ 44. [redacted].[5] *See* Amended Counterclaims (Dkt. 132) ¶¶ 50-52.

[redacted]. Plaintiffs have accused Defendant Ronnie Huang of breaching a non-solicit clause in an employment agreement and has further accused Defendants of using former Huawei employees to steal Plaintiffs' trade secrets and confidential information. Yet, documents demonstrating Huawei's awareness of these facts [redacted] are key evidence to Defendants' statute of limitations, waiver, estoppel, and unclean hands defenses. Huawei admits in HUAWEI_TX_0001452 (Exhibit A) that [redacted]—a clear indication of damages to CNEX. Ex. A (emphasis

[5] Plaintiffs contend that CNEX has not taken reasonable measures to protect its confidential information in connection with the disclosures discussed in this paragraph as a way to sweep its stealing of CNEX's technology under the rug. The reasonableness of CNEX's efforts to protect its trade secrets however, is a fact issue for the jury. *See Quintel Tech., Ltd. v. Huawei Techs. USA, Inc.*, No. 4:15-cv-307, 2018 WL 460227, at *4-5 (E.D. Tex. Jan. 18, 2018). However, even assuming *arguendo* that CNEX did not take reasonable measures to protect its trade secrets, discovery regarding the facts and circumstances around Exhibit A and B is still relevant to Defendants' affirmative claims (such as unfair competition) and affirmative defenses (such as unclean hands, estoppel and statute of limitations) as part of Plaintiffs' course of conduct on which Defendants must be afforded discovery.



added). Moreover, Defendants have recently learned through discovery that [redacted] *See* Exs. N & O [redacted] Discovery into [redacted] will likely reveal the absence of any damages Plaintiffs suffered and the true motive behind Plaintiffs' subsequent about-face—that Plaintiffs realized CNEX was developing innovative new technology that Huawei wanted to learn and steal.

[redacted] are also highly relevant to Defendants' damages claims and defenses. While CNEX is a small start-up company located half way around the world from Huawei, it is apparent that [redacted]—never suggesting that CNEX's technology is stolen from Huawei until leveling those false accusations many years later when it filed this lawsuit in December 2017 in what is the final step in Huawei's long-held and well-developed plan to disrupt CNEX and drive it out of business. Defendants must be afforded full discovery relating to these documents and [redacted]

Notably, because Plaintiffs have refused to produce additional documents relating to the [redacted] ordering production of documents relating to these documents is likely to lead to the discovery of additional relevant evidence. The Huawei employee listed as the custodian of these documents [redacted] was not included in

Defendants' initial batch of email custodians, nor was he identified on Plaintiffs' initial disclosures as a person with relevant knowledge of the claims and defenses in this action. Indeed, Plaintiffs' initial disclosures served on March 12, 2018 did not identify ***a single*** one of Plaintiffs' witnesses. In their supplemental initial disclosures served on November 30, 2018, Plaintiffs for the first time identified [REDACTED] as having relevant knowledge to the claims and defenses in this action.[6] Ex. E. Plaintiffs should not be rewarded for their attempts to the hide the ball and delay providing discovery in this action.

**B. <u>Documents and Deposition Testimony Relating to Plaintiffs' Communications with the Chinese Government Are Also Relevant and Discoverable.</u>**

As explained above, the U.S. Government has made a number of findings showing that Huawei and the Chinese government have for years been working together to steal technology from American companies, like CNEX. *See supra*, § II.B. And Defendants have alleged in their Amended Counterclaims that Huawei's efforts to steal CNEX's technology is part this collaboration between Huawei and the Chinese government. Amended Counterclaims (Dkt. 132) ¶¶ 1-4, 53-54. The limited discovery produced in this case thus far substantiates and is shockingly consistent with the U.S. Government's findings. As a consequence, communications between Huawei and the Chinese government regarding CNEX are thus directly relevant to the factual allegations in Defendants' counterclaims.

Plaintiffs' relationship with the Chinese government is also relevant to Defendants' conspiracy and RICO claims and Defendants' affirmative defenses. For example, the Amended

[6] Defendants' motion to require Plaintiffs to produce email communications from additional custodians using a set of targeted search terms remains pending. *See* Dkt. 146.

Counterclaims allege that Huawei and entities of the Chinese government have conspired together to steal CNEX's technology. Amended Counterclaims (Dkt. 132) ¶¶ 122, 130, 140, 147, 148, 150, 157, 161, 168. The Amended Counterclaims identify at least one such government controlled entity, Xiamen University. *Id.* at ¶¶ 50-52. Defendants further allege that entities of the Chinese government form an "enterprise" in Defendants' RICO claims. *Id.* at ¶¶ 50-52, 122, 130, 147, 148, 150, 161. Defendants have also pled the defenses of unclean hands and estoppel, which are based in part on Huawei's ties to the Chinese government. *Id.* at pp. 76-78. Communications between Huawei and the Chinese government regarding CNEX would tend to prove (or disprove) Defendants' allegations and defenses, and are therefore relevant to Defendants' counterclaims and must be produced.

### C. <u>Requiring Plaintiffs to Produce All Documents and a 30(b)(6) Witness Regarding the Actions Referenced in HUAWEI_TX_0001452 And HUAWEI_TX_0001453 And Their Communications With the Chinese Government Is Not Unduly Burdensome.</u>

While Plaintiffs have complained in conclusory fashion about the burden of having to search for additional documents—including referencing their 180,000 employees—it is Plaintiffs' burden to show that it would be unduly burdensome to have to search for and produce documents relating to their knowledge and awareness of CNEX's technology and their attempts to harm CNEX as reflected in these documents. It is also Plaintiffs' burden to show that it would be unduly burdensome to have to search for and produce documents relating to their communications with the Chinese government concerning CNEX. They have not done so to date, nor can they do so. As discussed above, HUAWEI_TX_0001452 and HUAWEI_TX_0001453 were produced [REDACTED] and Plaintiffs can easily determine who was involved in the preparation of these documents and the conduct described in the documents. Given the significant length of time Defendants have been

raising these documents, they quite likely already know—and are merely crying "burden" to try to avoid producing critical discovery that is directly relevant to Defendants' claims and defenses. With respect to Huawei's communications with the Chinese government concerning CNEX, there cannot possibly be that many employees and/or documents raised by this request. As discussed above, CNEX is a small start-up company located half way around the world from Huawei. Moreover, Plaintiffs must demonstrate that having to search for and produce these documents is ***unduly*** burdensome. These highly relevant documents apparently relate to only a handful of individuals. Accordingly, there is no ***undue*** burden here. *See, e.g.*, *Robroy Indus.—Texas, LLC v. Thomas & Betts Corp.*, No. 2:15-cv-512-WCB, 2017 WL 319064, at *3-4 (E.D. Tex. Jan. 23, 2017) (denying motion for protective order where party seeking protective order did not submit any evidence for its assertion that the document requests would pose an undue burden); *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 595-96 (E.D. Tex. 2003) (ordering production of documents where party resisting production provided only conclusory statements that the discovery would cause an undue burden).

Plaintiffs should therefore be ordered to search for and produce these documents immediately and produce a witness to provide testimony in response to Defendants' 30(b)(6) deposition topics on these issues. The parties are still producing documents, and it took Plaintiffs only three weeks to produce all documents regarding Huawei's communications with Xiamen University after agreeing to do so at the December 3 discovery hearing. Moreover, Plaintiffs have known about these documents for months and have engaged in a pattern of stonewalling Defendants' discovery efforts. The parties have yet to take a single deposition, as Plaintiffs have been taking advantage of the need for lead counsel meet-and-confers and the Court's busy schedule. Defendants must be afforded the opportunity to obtain this key document

discovery now, which is highly relevant to their claims and defenses. For the Court to continue to deny Defendants discovery of these highly relevant docs would be clear error and fundamentally unfair. *See, e.g.*, *Brown*, 311 F.3d at 333-34.

## VI. CONCLUSION

For the foregoing reasons, the Court should order Plaintiffs to:

1) search for and produce from the files of [REDACTED] all documents regarding CNEX;
2) conduct a reasonable investigation regarding HUAWEI_TX_0001452 and HUAWEI_TX_0001453:
   a) [REDACTED] and, if so, search for and produce all documents related to CNEX from these other employees' files; and
   b) to produce all documents relating to or referencing the creation of HUAWEI_TX_0001452 or HUAWEI_TX_0001453, documents relating to or referencing any actions taken (or attempted to be taken) [REDACTED] as described in these documents, and documents created after either of these documents that discuss whether and to what extent [REDACTED] were implemented, including all documents [REDACTED];
3) search for and produce all documents relating to their communications with the Chinese government concerning CNEX; and
4) permit Defendants to take 30(b)(6) deposition testimony (1) on the topics contained in Defendants' 30(b)(6) notice to Plaintiffs regarding in Exhibits A and B and (2) concerning their contacts with the Chinese government.

DATED: January 4, 2019

Respectfully submitted

*/s/ Deron R. Dacus*

Stephanie P. Skaff (*admitted pro hac vice*)
Jeffrey M. Fisher (*admitted pro hac vice*)
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Fax: (415) 954-4480
sskaff@fbm.com
jfisher@fbm.com

Deron R. Dacus
Email: ddacus@dacusfirm.com
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: 903.705.1117
Facsimile: 903.581.2543

Attorneys for Defendants YIREN RONNIE HUANG and CNEX LABS, INC.

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certify that (1) that counsel has complied with the meet and confer requirement in Local Rule CV-7(h); and (2) the above-referenced motion is opposed.

/s/ *Jeffrey Mark Fisher*
Jeffrey Mark Fisher

/s/ *Deron R. Dacus*
Deron R. Dacus

**CERTIFICATE OF AUTHORIZATION TO SEAL**

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 118) entered in this case on October 2, 2018.

*/s/ Jeffrey Mark Fisher*
Jeffrey Mark Fisher

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a redacted copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) and with an unredacted copy via electronic mail on January 4, 2019.

*/s/ Deron R. Dacus*
Deron R. Dacus