# Exhibit B

1  SEYFARTH SHAW LLP
   Robert B. Milligan (SBN 217348)
2  rmilligan@seyfarth.com
   D. Joshua Salinas (SBN 282065)
3  jsalinas@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone: (310) 277-7200
5  Facsimile: (310) 201-5219

6  SEYFARTH SHAW LLP
   Michael D. Wexler (admitted *pro hac vice*)
7  Andrew C. Boutros (admitted *pro hac vice*)
   233 South Wacker Drive, Suite 8000
8  Chicago, Illinois 60606
   Telephone: (312) 460-5000
9  Facsimile: (312) 460-7000

10 Attorneys for Defendants
   FUTUREWEI TECHNOLOGIES, INC.
11 and HUAWEI TECHNOLOGIES CO., LTD.

12

13             UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15                    SAN JOSE DIVISION

16

| | |
|---|---|
| 17  YIREN HUANG, an individual, and CNEX LABS, INC., a Delaware corporation,<br><br>18<br>         Plaintiff,<br>19<br>    v.<br>20<br>    FUTUREWEI TECHNOLOGIES, INC., a<br>21  Texas corporation, and HUAWEI TECHNOLOGIES CO., LTD., a Chinese<br>22  corporation and DOES 1 through 10,<br><br>23         Defendants. | Case No. 5:18-cv-00534-BLF<br><br>**DECLARATION OF PAUL C. HASHIM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER, OR TO STAY PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>(Santa Clara County Superior Court Case No. 17CV321153)<br><br>Date:          November 1, 2018<br>Time:          9:00 a.m.<br>Courtroom:     3 - 5th Floor<br><br>Complaint Filed: Dec. 28, 2017<br>FAC Filed:       Feb. 14, 2018 |

DECLARATION OF PAUL C. HASHIM

## DECLARATION OF PAUL C. HASHIM

I, Paul C. Hashim, declare as follows:

1. I am Chief IP Counsel of Futurewei Technologies, Inc. ("Futurewei"). I have worked for Futurewei for nearly nine years. I have been Chief IP Counsel for Futurewei for the past five years. The following facts are true of my own personal knowledge, as to which I could competently testify.

2. I submit this declaration in support of Defendants' Motion to Dismiss or, in the Alternative, to Transfer, or to Stay Plaintiffs' First Amended Complaint.

3. My responsibilities as Chief IP Counsel include oversight of Futurewei's various intellectual property (IP) functions, such as oversight of in-house counsel in connection with support of various Futurewei client research and development business units, evaluation of external service providers, procedural compliance of internal and external IP law support functions, personnel training, recruiting of attorneys, agents and paralegals, employee performance evaluation and compensation, and accountability for assigned activities over which I have responsibility. I also assist with the development and administration of Futurewei policies and guidelines, including agreements, procedures, and policies associated with protection of Futurewei's trade secret and confidential information. I have knowledge of and am familiar with Futurewei's corporate structure and the location of its principal place of business and corporate headquarters.

4. Futurewei is a Texas corporation, with its principal place of business at 5340 Legacy Drive, Suite 175, Plano, Texas 75024. In particular, the principal place of business for the ownership and management of the intellectual property assets at issue in this dispute is in Plano, Texas.

5. Futurewei is a subsidiary of Huawei Technologies Co., Ltd. ("Huawei"), which is a multinational networking and telecommunications equipment and services company headquartered in Shenzhen, Guangdong, China. Huawei develops, manufactures, and sells a diverse range of products that promote interconnectivity, including cellular mobile infrastructure equipment (e.g. base stations), routers, switches, security, and data and cloud storage devices.

6. Since its establishment in 2001, Futurewei has grown to over 1,000 employees located in multiple offices throughout the United States, including Plano, Texas.

7. Since its establishment, Futurewei helped Huawei become one of the leading technology companies in the United States and the world, with annual revenues exceeding $70B.

8. As part of his employment with Futurewei, Yiren Huang signed an Employment, Confidentiality, Proprietary Information and Inventions Agreement on January 19, 2011 (the "Employment Agreement") to protect Futurewei and Huawei's ("Defendants") intellectual property during and after his employment with Futurewei. Attached hereto as **Exhibit A** is a true and correct copy of that Employment Agreement. The Employment Agreement provides for application of Texas Law and venue in Texas courts.

9. Certain of Futurewei's corporate departments, such as Finance, Payroll, Standards, and Intellectual Property, are headquartered in Texas. Moreover, certain employment records, including the Employment Agreement at issue in the parties' dispute, are located in Texas, as well as relevant documents concerning the confidential, proprietary, and trade secret information Futurewei alleges Mr. Huang used to create the patents in dispute.

10. During Huang's employment with Futurewei, he would have interacted with individuals in Futurewei's HR and intellectual property law departments in Plano, Texas. Relevant interactions would have occurred telephonically, or via email.

11. Defendants' trade secret and confidential information is of great value to Defendants, and could give any competitor of Defendants, including Huang's current employer—CNEX Labs, Inc.—an unfair competitive advantage. Defendants routinely protect innovations developed by their respective employees by way of patents, where appropriate. In this regard, Futurewei in the United States – and Huawei globally – have filed multiple patent applications arising from three provisional patent applications originated by Mr. Huang during the course of his employment at Futurewei. Several patents have issued to date from these applications.

12. Witnesses and documents necessary to the claims and defenses in the litigation are located in Texas.

13. Futurewei asks prospective and current employees to review agreements before signing them. Futurewei's practice is to allow employees to ask questions about the terms of any agreements, and to attempt to address the questions to the extent possible. Employees are also allowed to seek the advice of their counsel before signing any agreements with Futurewei. As is the case with all Futurewei employees, Mr. Huang could request from Futurewei's HR Department a copy of his agreements with Futurewei at all times during his employment with Futurewei, and ask any questions of Futurewei HR and Legal Department personnel concerning such agreements.

1     I declare under penalty of perjury under the laws of the United States of America that the
2 foregoing is true and correct and was executed this 30th day of May 2018, at Plano, Texas.

                                                                                                  */s/ Paul C. Hashim*
                                                                                                  Paul C. Hashim

(Exhibit to Declaration Omitted as Duplicative)