**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., a Chinese corporation, and FUTUREWEI TECHNOLOGIES, INC., a Texas corporation,<br><br>            Plaintiffs,<br><br>      vs.<br><br>YIREN RONNIE HUANG, an individual, and CNEX LABS, INC., a Delaware corporation,<br><br>            Defendants. | The Honorable Amos L. Mazzant, III<br><br>Civil Action No. 4:17-cv-00893 ALM<br><br>**FILED UNDER SEAL** |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO RECONSIDER DENIAL OF DEFENDANTS' REQUEST TO COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS RELATED TO HUAWEI_TX_0001452 AND HUAWEI_TX_0001453 AND CNEX RELATED COMMUNICATIONS WITH THE CHINESE GOVERNMENT**

---

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO RECONSIDER**

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................1
II. ARGUMENT................................................................................................................1
    A. Document Discovery Into the Actions Referenced in HUAWEI_TX_0001452 and HUAWEI_TX_0001453 Are Highly Relevant to Both Plaintiffs' and Defendants' Claims and Defenses in this Case.................................................................................................................1
    B. Document and 30(b)(6) Deposition Discovery Into Huawei's Communications Regarding CNEX with the Chinese Government Are Highly Relevant to CNEX's Counterclaims and Affirmative Defenses..................3
III. CONCLUSION.............................................................................................................5

## I. INTRODUCTION

Despite Plaintiffs Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc.'s ("Plaintiffs" or collectively "Huawei") arguments to the contrary, the requested discovery is highly relevant to a number of Defendants' Counterclaims and Affirmative Defenses. Plaintiffs have failed to substantiate any of their conclusory assertions of burden, which cannot outweigh the likely benefit of the requested discovery. Defendants must be given a full and fair opportunity to take the requested discovery to defend themselves against the serious allegations Huawei has leveled against them and so that Defendants can prove their affirmative claims. Fundamental issues of fairness merit the granting of Defendants' Motion for Reconsideration.[1]

## II. ARGUMENT

### A. Document Discovery Into the Actions Referenced in HUAWEI_TX_0001452 and HUAWEI_TX_0001453 Are Highly Relevant to Both Plaintiffs' and Defendants' Claims and Defenses in this Case.

Contrary to Plaintiffs' arguments, CNEX's motion is not based on conjecture, but is drawn directly from the text of the documents at issue—HUAWEI_TX_0001452 and HUAWEI_TX_0001453. ████████████████████████████████

████████████████████████████████

████████████████████████████ Dkt. 175, at Ex. A. ████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

---

[1] Defendants seek relief both under Federal Rule of Civil Procedure 59(e) and pursuant to the Court's explicit instruction at the December 17, 2018 Discovery Hearing where the Court stated Defendants could "put [their request] in writing" so that the Court can "analyze [the Defendants' request] and look at it in a more deliberative process." 12/17/18 Hearing Tr. at 13:20-24.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████ This included meetings with CNEX held as a result of Huawei's fraudulent representation that it was interested in being a CNEX customer, through Huawei's conspiracy with state-controlled Xiamen University, and ████████████████████████████████ ███████. Dkt. 175 at 4-5, Dkt. 184 at 7-13, 16-19.

In addition to Defendants' Counterclaims, discovery into the ████████ ████████████ described in HUAWEI_TX_001452 and -1453 are directly relevant to a number of CNEX's affirmative defenses—an issue that Plaintiffs completely ignore in their Opposition. ████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████ directly relate to affirmative defenses such as laches, waiver, unclean hands, and statute of limitations. Finally, the subject matter described in these documents are relevant to damages, including any efforts (or lack thereof) by Plaintiffs to mitigate any alleged harm. Discovery into HUAWEI_TX_0001452 and HUAWEI_TX_0001453 is also necessary for Defendants to prepare for deposing Plaintiffs' 30(b)(6) witnesses on these documents. Plaintiffs' suggestion that Defendants should not be afforded full discovery into Plaintiffs' actions concerning ████████████████████████████████ would be fundamentally unfair and deprive

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO RECONSIDER** Page | 2

Defendants of the right to a fair trial. *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333-34 (5th Cir. 2002) (District Court committed reversible error when it denied party a full and fair opportunity to discover information essential to its opposition to summary judgment).

Plaintiffs' conclusory, unsubstantiated attorney argument for undue burden should be rejected.[2] Huawei already knows the custodian of HUAWEI_TX_001452 and -1453 ▮▮▮▮▮ and can easily determine who ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. From there, Huawei can (and likely already has) conduct a reasonable investigation among its employees who received or transmitted ▮▮▮▮ to determine what additional responsive documents exist that describe the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See, e.g., Robroy Indus.—Texas, LLC v. Thomas & Betts Corp.*, No. 2:15-cv-512-WCB, 2017 WL 319064, at *3-4 (E.D. Tex. Jan. 23, 2017); *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 595-96 (E.D. Tex. 2003).

### B. Document and 30(b)(6) Deposition Discovery Into Huawei's Communications Regarding CNEX with the Chinese Government Are Highly Relevant to CNEX's Counterclaims and Affirmative Defenses.

While they would like to pretend that they do not exist and that they are merely "allegations" by "American politicians" (Opp. at 5), the U.S. Government—along with governments of other countries—have made *findings* that Huawei has long been engaged in a pattern of misconduct involving illicit actions that are remarkably similar—if not identical—to what Defendants have uncovered through the limited discovery they have been afforded in this action. Specifically, in addition to the troubling findings by the House Permanent Select Committee on Intelligence ("HPSCI") regarding the threat posed by Huawei and Huawei's

---

[2] Plaintiffs should not be permitted to submit any new evidence of burden in their sur-reply.

general disregard to intellectual property (*see* Dkt. 175, Ex. G at 31-32), Defendants set forth the evidence collected to date that demonstrates how the Plaintiffs have conspired with a state-controlled entity, Xiamen University in China, to steal CNEX's proprietary and confidential technology found in its Westlake SDK board. *See* Dkt. 184 at pp. 16-19. ███████████ ██████████████████████████████████████████████ ██████████████████████████████████████████████ █████████████████████████████████████ █████████████████████████ ██████████████████████████ how Mao entered into SDK License Agreement with CNEX ████████████████████████████, and how Huawei learned of CNEX's confidential part number for its Westlake SDK board after CNEX shared a prototype board with state-controlled Xiamen University. *Id.* Additional evidence into the communications regarding CNEX between Huawei and the Chinese government will very likely lead to additional evidence about this conspiracy and RICO violations.[3]

Once more, Huawei's reliance on unsubstantiated claims of burden cannot outweigh the likely benefit of the requested discovery. *See* Fed. R. Civ. P. 26; *Robroy Indus.—Texas, LLC*, 2017 WL 319064, at *3-4; *Hussey*, 216 F.R.D. at 595-96. Plaintiffs offer ***no*** evidence substantiating their claim that responding to this requested discovery would entail searching thousands or tens of thousands of custodians' files. Opp. at 5. Indeed, Plaintiffs do not refute Defendants' statements from its opening Motion that Plaintiffs are already aware which of its

---

[3] Defendants' pending motion to compel email production from additional of Plaintiffs' custodians and their pending request to inspect Plaintiffs' source code are also expected to lead to the discovery of additional evidence that would support its RICO, civil conspiracy, and trade secret misappropriation counterclaims. *See* Dkts. 147 & 151.

employees communicate with the Chinese government or the Chinese Communist Party ("CCP") concerning CNEX.

Plaintiffs' argument under Fed. R. Evid. 404 and its reliance on *United States v. Hamilton* are a red herring. Rather than attempting to introduce ***prior*** bad acts as Plaintiffs allege or advance any jury nullification strategy, the requested discovery is targeted at Plaintiffs' communications with the Chinese government and CCP ***regarding CNEX***, which is relevant to proving multiple of CNEX's counterclaims as well as affirmative defenses such as estoppel and unclean hands. *See* Dkt. 132, at pp. 76-78. In addition, as Plaintiffs themselves acknowledge in their Opposition, the standard for permissible discovery is governed by Fed. R. Civ. P. 26, not any rule of evidence concerning admissibility. Opp. at 2. Based on the evidence ascertained to date regarding the conspiracy between Huawei and the state-controlled Xiamen University, and the Congressional findings by the HPSCI, there can be little doubt that the requested document and 30(b)(6) deposition discovery are reasonably calculated to lead to the discovery of admissible evidence. Issues concerning admissibility should be resolved at a later date.

## III. CONCLUSION

For the foregoing reasons, Defendants request the Court grant the relief requested in its Motion for Reconsideration.

DATED: January 17, 2019	Respectfully submitted

*/s/ Deron R. Dacus*
Stephanie P. Skaff (*admitted pro hac vice*)
Jeffrey M. Fisher (*admitted pro hac vice*)
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Fax: (415) 954-4480
sskaff@fbm.com
jfisher@fbm.com

Deron R. Dacus
Email: ddacus@dacusfirm.com
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: 903.705.1117
Facsimile: 903.581.2543

Attorneys for Defendants YIREN RONNIE HUANG and CNEX LABS, INC.

## CERTIFICATE OF AUTHORIZATION TO SEAL

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 118) entered in this case on October 2, 2018.

*/s/ Jeffrey Mark Fisher*
Jeffrey Mark Fisher

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a redacted copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) and with an unredacted copy via electronic mail on January 17, 2019.

*/s/ Deron R. Dacus*
Deron R. Dacus