**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

HUAWEI TECHNOLOGIES CO., LTD., a Chinese corporation, and FUTUREWEI TECHNOLOGIES, INC., a Texas corporation,

Plaintiffs,

vs.

YIREN RONNIE HUANG, an individual, and CNEX LABS, INC., a Delaware corporation,

Defendants.

**FILED UNDER SEAL**

The Honorable Amos L. Mazzant, III

Civil Action No. 4:17-cv-00893 ALM

**DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF NO EVIDENCE ON DEFENDANTS' COUNTERCLAIMS**

## I. INTRODUCTION

Plaintiffs' Reply relies solely on attorney argument, glossing over the substantial evidence identified by Defendants in their Opposition to Plaintiffs' Summary Judgment Motion regarding Defendants' Counterclaims (Dkt. 184). As demonstrated through the evidence in Defendants' Opposition and discussed both in the Opposition and in this Sur-Reply, there is ample evidence supporting all of Defendants' Counterclaims, and Plaintiffs' Motion for Summary Judgment should be denied in its entirety. At a minimum, the Court should deny or defer ruling on the motion until Defendants have been afforded the discovery Plaintiffs continue to resist. *See* Dkt. 184-7.

## II. WHETHER PLAINTIFFS HAVE BREACHED THE EMPLOYMENT AGREEMENT IS AN ISSUE OF FACT FOR THE JURY TO DECIDE.

Plaintiffs incorrectly portray Defendants' breach of contract argument as being strictly based on Mr. Huang's subjective understanding of the Agreement. Dkt. 201 at 1. As stated in multiple pleadings (Dkts. 166, 177, and 182), Defendants maintain that the Employment Agreement unambiguously requires Plaintiffs to observe the carve-outs Mr. Huang made to Exhibit A and the Invention Disclosure of his Employment Agreement. *See* Dkt. 201, at Ex. A. While Plaintiffs feign ignorance about the carve-out (Dkt. 201, at 1-2), Exhibit A to the Employment Agreement unambiguously shows that Mr. Huang exempted "inventions or improvements" by his former employer Cisco ***and himself*** relevant to his employment and placed an "X" on the line indicating that he had inventions which he disclosed on the attached Invention Disclosure form and also placed an "X" on the line indicating "Due to certain ***confidentiality restrictions***, I cannot disclose ***certain inventions*** that otherwise would be listed" (*id.* at HUAWEI_TX_002271 (emphasis added)). Paragraph 5 of the Agreement unambiguously excluded such preexisting IP from the scope of Mr. Huang's obligations thereunder and required

that Plaintiffs not usurp Mr. Huang's technology. *Id.* at HUAWEI_TX_002266-67 (prior inventions "are excluded from the scope of the Agreement"). This interpretation of the Agreement is supported by the ***only*** evidence submitted concerning its meaning and scope (*see* Dkt. 184-1, Huang Decl., ¶¶ 6-13), which this Court can and indeed must consider at summary judgment. As the Court stated in *Lehman v. Select Portfolio Servicing, Inc.*, No. 4:13-CV-720, 2015 WL 123868, at *2 (E.D. Tex. Jan. 7, 2015), in rejecting an evidentiary objection relating to the meaning of an agreement:

> As to Plaintiff's best evidence objections, the Court agrees that the documents are the best evidence of what is contained therein. However, Syphus' statements in the relevant paragraphs add additional testimony on the documents from Defendant's perspective. Plaintiff's objections are overruled.

Here, too, Defendants have submitted the full text of the Agreement and Mr. Huang's Declaration—the only competent evidence related to facts surrounding the agreement, its scope and the parties' intent.

Whether Plaintiffs have improperly taken and/or staked ownership over Mr. Huang's preexisting IP in breach of their obligations under the Employment Agreement is a triable issue of fact, based on all the evidence set forth in Defendants' Opposition to the "No Evidence" summary judgment motion and additional evidence sought under Fed. R. Civ. P. 56(d). *See* Dkt. 184, at pp. 3-15. Also, as discussed in Defendants' concurrently filed Motion for Leave to Amend Their Answer and Counterclaims, to the extent this Court finds that the Employment Agreement is ambiguous, then the interpretation of the contract is an issue for the jury to decide and Mr. Huang's subjective intent is a relevant consideration. *See In re Liljeberg Enters., Inc.*, 304 F.3d 410, 439 (5th Cir. 2002).

## III. AMPLE EVIDENCE SHOWS THAT PLAINTIFFS HAVE MISAPPROPRIATED DEFENDANTS' TRADE SECRETS, INTENTIONALLY INTERFERED WITH DEFENDANTS' CONTRACTUAL RELATIONS, UNFAIRLY COMPETED, COMMITTED RICO VIOLATIONS, AND WERE UNJUSTLY ENRICHED PURSUANT TO COUNTS 2-14 OF THEIR COUNTERCLAIMS, AND, AT MINIMUM, MATERIAL ISSUES OF FACT EXIST FOR A JURY TO DECIDE.

While Plaintiffs offer attorney argument attempting to explain away the substantial evidence presented by Defendants in support of these counterclaims, the evidence must be viewed in the light most favorable ***to Defendants*** at summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Plaintiffs' attorney argument in fact demonstrates that there are material issues of fact for a jury to decide. These facts include at the least the following acts of misconduct:



Huawei's four patent applications: Plaintiffs do not dispute that their four cited patent applications in Europe and China—European Patent App. EP3147792A1, Chinese Patent Pub. CN104111907, Chinese Patent Pub. CN108062285A, and PCT Application WO2015197027A1—substantially mirrored CNEX's earlier-filed U.S. patent applications that

were confidential at the time. The timing of the filing of these applications after Mr. Huang had left Huawei and co-founded CNEX coincides perfectly with [REDACTED] This is reinforced by the fact that these 4 patent applications claim priority back to June 2014. Discovery under Fed. R. Civ. P. 56(d) into the origins and conceptions of the subject matter in these patent applications will likely reveal additional evidence of misappropriation.

[REDACTED] Whether there have been reasonable measures to preserve secrecy is a triable issue of fact. *See Quintel Tech., Ltd. v. Huawei Techs. USA, Inc.*, No. 4:15-cv-307, 2018 WL 460227, at *4-5 (E.D. Tex. Jan. 18, 2018). Issues surrounding whether a party misappropriated or acquired trade secrets under false pretenses is also a triable issue of fact. *Wellogix, Inc. v. Accenture, LLP*, 716 F.3d 867, 876-77 (5th Cir. 2013).

Huawei attempts to excuse its subsequent misuse and improper disclosure of CNEX's technical and confidential information by arguing that CNEX voluntarily shared the information with it (Dkt. 201 at 3), but Huawei simply ignores the above-referenced evidence. [REDACTED]

[redacted] Consideration of another company's trade secrets during research and development constitutes trade secret misappropriation. *Think Village-Kiwi, LLC v. Adobe Sys., Inc.*, No. C08-04166 SI, 2009 WL 3837270, at *3 (N.D. Cal. Nov. 16, 2009); *Bohnsack v. Varco, LP*, 668 F.3d 262, 279 (5th Cir. 2012).

Keji Huang's 2016 Visit to CNEX: [redacted] Acquiring trade secrets under false pretenses is a form of misappropriation. *Wellogix,* 716 F.3d at 876-77. [redacted]

[redacted]

Huawei's Conspiracy to Misappropriate with Xiamen University: Plaintiffs likewise fail to dispute the vast majority of the evidence that Defendants submitted in support of their conspiracy to misappropriate trade secrets and RICO allegations against Huawei and Xiamen University. Contrary to Plaintiffs' assertion, Defendants have never argued that Huawei stole the OpenChannel ***specifications***, which are publicly available standards defining items like register-level interfaces for software running on a host computer to communicate with a non-volatile memory device system. *See* http://lightnvm.io/docs/OCSSD-2_0-20180129.pdf. Instead, [redacted]



[redacted]

[redacted]

---

1 [redacted] *See In re Lipsky*, 411 S.W.3d 530, 549 (Tex. App. 2013) ("A civil conspiracy claim may be proved by circumstantial evidence and reasonable inferences from parties' actions") (citation omitted).

[redacted] In addition, as detailed in Defendants' Opposition, Huawei's motion on this claim should also be denied pursuant to Fed. R. Civ. P. 56(d) because additional discovery requests for documents and depositions will uncover additional evidence of Plaintiffs' tortious interference with Defendants' prospective business relations with Chinese universities and other third parties.

## IV. BY FAILING TO ADDRESS DEFENDANTS' DECLARATORY RELIEF CLAIMS (COUNTS 15-18) IN THEIR REPLY, PLAINTIFFS HAVE CONCEDED THAT THOSE CLAIMS ARE TRIABLE.

Huawei's Reply does not even attempt to address these counterclaims, suggesting Plaintiffs have conceded that these counterclaims are triable. At minimum, Plaintiffs have not disputed any of the evidence proffered by Defendants in support of those counterclaims in their Opposition (Dkt. 184), and thus, Plaintiffs' summary judgment request as to those claims must be denied.

## V. PLAINTIFFS' MOTION MUST BE DENIED BECAUSE THEY FAIL TO DISPUTE DEFENDANTS' FED.R.CIV.P. 56(D) ARGUMENTS.

Defendants detailed the numerous and diligent efforts they have made to date in their Opposition to pursue the necessary discovery to prove all of their counterclaims. *See* Dkt. 184-7, Mar Decl., at ¶¶ 2-8. Plaintiffs do not dispute any of this in their Reply.

## VI. CONCLUSION

For the reasons set forth above and in their Opposition (Dkt. 184), Defendants respectfully request that the Court deny Plaintiffs' motion or, in the alternative, defer ruling or deny Plaintiffs' Motion pursuant to Fed. R. Civ. P. 56(d).

DATED: January 25, 2019

Respectfully submitted,

FARELLA BRAUN + MARTEL LLP

*/s/ Jeffrey M. Fisher*

Stephanie P. Skaff (*admitted pro hac vice)*
Jeffrey M. Fisher (*admitted pro hac vice)*
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Fax: (415) 954-4480
sskaff@fbm.com
jfisher@fbm.com

Attorneys for Defendants YIREN RONNIE HUANG and CNEX LABS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 25, 2019.

*/s/ Jeffrey M. Fisher*
Jeffrey M. Fisher

## CERTIFICATE OF AUTHORIZATION TO SEAL

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 118) entered in this case on October 2, 2018.

*/s/ Jeffrey M. Fisher*
Jeffrey M. Fisher