**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **HUAWEI TECHNOLOGIES CO., LTD.**, a Chinese corporation, and **FUTUREWEI TECHNOLOGIES, INC.**, a Texas corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**YIREN RONNIE HUANG**, an individual, and **CNEX LABS, INC.**, a Delaware Corporation,<br><br>Defendants. | No. 4:17-cv-893 ALM<br><br>Jury Trial Demanded<br><br>**FILED UNDER SEAL** |

**PLAINTIFFS' SUR-REPLY TO DEFENDANTS' MOTION TO RECONSIDER DENIAL
OF DEFENDANTS' REQUEST TO COMPEL PLAINTIFFS TO PRODUCE
DOCUMENTS RELATED TO HUAWEI_TX_0001452 AND HUAWEI_TX_0001453 AND
<u>CNEX RELATED COMMUNICATIONS WITH THE CHINESE GOVERNMENT</u>**

Defendants fail to show that this Court abused its discretion or erred when it denied their requests for facially burdensome discovery that has little or no connection to their claims. Defendants' Reply reasserts their earlier arguments, cites distinguishable authority, and is an exercise in false equivalency. Defendants fail to present any reason for the Court to reconsider its prior exercise of discretion. The Court should deny Defendants' motion in all respects.

## ARGUMENT

Despite multiple tries, Defendants fail to identify any legal or factual reason to disrupt the Court's discretionary discovery ruling. Plaintiffs detailed the applicable standards of review under Rules 54(b) and 26(b) for interlocutory discovery rulings, but Defendants continue to ignore them. Defendants disregard their fundamental burden under Rule 26 to show that the vast amounts of discovery they seek are proportional to the actual needs of the case (they are not). Beyond mere conclusory assertions, Defendants fail to establish any of the other proportionality factors: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. FED. R. CIV. P. 26(b)(1).

Defendants also insist on proceeding under Rule 59(e), which requires that they identify a change in controlling law, new evidence, a clear error of law, or manifest injustice. (*See* Dkt. 193 ("Reply") at 1.) But none exist. Defendants do not attempt to make these showings, and thus fail to satisfy this standard. They fail to identify any abuse of discretion in the Court's original ruling—that is, they fail to show that "no reasonable person could take the view adopted by the trial court" and that the Court's discovery ruling is "an unusual and exceptional case." *North Cypress Medical Center Operating Company, Limited v. Aetna Life Ins. Co.*, 898 F.3d 461, 481 (5th Cir. 2018) (quoting *O'Malley v. U.S. Fid. & Guar. Co.*, 776 F.2d 494, 499 (5th Cir. 1985)); *Dawson v. U.S.*, 68 F.3d 886, 896 (5th Cir. 1995) (citing *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995)). Nor do they identify any legal principle that the Court overlooked, any fact it misapprehended, or any other error that would require reversal.

Defendants' assertion that Plaintiffs are required to present evidence of undue burden is wrong. (Reply at 1, 3-4.) As a preliminary matter, the authorities Defendants cite for this proposition are distinguishable because they involve protective orders; in these citations, the movant bears an affirmative burden to establish "good cause . . . to protect a party or person from . . . undue burden or expense." FED. R. CIV. P. 26(c). Here, the burden lay on *Defendants* to show that their discovery requests were proportional; they failed to do so, and that failure continues. Regardless, Plaintiffs demonstrated the undue burden associated with Defendants' discovery requests. This burden is magnified at this late stage of discovery, when Plaintiffs are beginning to prepare for trial. Indeed, Defendants ignore the millions of pages of documents Plaintiffs produced using Defendants' own search terms to scour the records of key custodians Defendants themselves chose, which apparently did not yield the governmental communications Defendants were hoping for (hence their demand for a second pass). Similarly, as Plaintiffs showed, identifying "all documents related to" the ████████████ documents would be an immense undertaking; it would entail another expensive fishing expedition in search of information unrelated to the claims and defenses in this lawsuit. This burden is self-evident, and well-illustrated by the parties' significant litigation costs to date, including the expense associated with the motion practice on these issues.

**I. Defendants fail to show that the Court erred or abused its discretion by denying additional discovery related to alleged communications with the Chinese government.**

At the December 17 telephone conference ("Conference") and in Plaintiffs' response in opposition to Defendants' reconsideration motion ("Opposition"), Plaintiffs showed that Defendants failed to provide any reason for the Court to reverse itself in denying overbroad discovery into Plaintiffs' alleged communications with the Chinese government. Once again, Defendants cite political Congressional reports—which they call "findings"—concerning Huawei's alleged "pattern of misconduct" in other cases, and restate their allegation that Plaintiffs conspired with "state controlled" Xiamen University to steal CNEX's technology. Then they posit that these contentions support their counterclaim and justify yet another costly

expedition through Plaintiffs' records.[1] (Reply at 3-4.) However, this information is not relevant. And Defendants fail to demonstrate how any of these alleged "findings" or alleged "pattern of misconduct" make more or less likely any fact at issue in *this case*. Accordingly, the Court did not abuse its discretion.

As Plaintiffs established in their Opposition, Defendants' position further assumes, contrary to the rules of evidence, that allegations in other disputes are relevant to the merits of this lawsuit. Such matters constitute impermissible "conformity" evidence that violates Federal Rule of Evidence 404(b). (Opp. at 6-7.) Moreover, such out-of-court political sources—be they news stories, Congressional reports, purported statements by former employees, or letters from individual Congressmen—are inadmissible hearsay. *See* FED. R. EVID. 801, 802 (defining and generally prohibiting hearsay evidence).[2]

Ultimately, Defendants appear to concede that the alleged communications with the Chinese government may not be relevant to any of their claims or affirmative defenses. (Reply at 5.) They claim that it *might* lead to the discovery of admissible evidence, and propose tabling the question of admissibility until some later date. (Reply at 5.) This highlights the speculative nature of their discovery requests and undermines any notion that forcing Plaintiffs to go prospecting for such discovery would be proportional to the actual needs of the case.

Defendants fail to show how this Court erred by denying Defendants' request to force Plaintiffs to conduct another fishing expedition when Defendants themselves are unwilling to satisfy the governing standards of Rule 26. There is no reason to reverse course at this late date.

---

[1] Plaintiffs previously produced documents relating to Defendants' specific claims involving Xiamen University. (*See* Opp. Ex. 1, Tr. at 14-15.)

[2] No exception applies to such materials. Even the public-records exception of FED. R. EVID. 803(8) does not apply to the Congressional reports Plaintiffs cite. *See, e.g.*, *Baker v. Firestone Tire & Rubber Co.*, 793 F.2d 1196, 1199 (11th Cir. 1986) (Congressional report was politically motivated and thus lacked trustworthiness); *Bright v. Firestone Tire & Rubber Co.*, 756 F.2d 19 (6th Cir. 1984); *Anderson v. City of New York*, 657 F. Supp. 1571, 1579 (S.D.N.Y. 1987) (excluding Congressional report because it lacked the "ordinary indicia of reliability").

**II.     Defendants fail to show that the Court erred or abused its discretion by denying broad discovery of all documents related to ██████████████████████.**

Plaintiffs showed in their Opposition that the ███████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████████

███████████████

Defendants claim nonetheless that these documents would be relevant to their affirmative defenses and 30(b)(6) deposition discovery.  As an initial matter, that contention should be waived.  Defendants failed to raise it at the Conference, even when the Court asked them point-blank to show why the requested discovery was relevant.  (*See* Opp. at 9.)  This is not new evidence—Defendants had knowledge of the affirmative defenses and the 30(b)(6) depositions at the time of the Conference, and chose not to raise any issues to the Court at that time.  They should not be allowed to take this position for the first time on reconsideration.  *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534-35 (5th Cir. 2015) (district court did not abuse

discretion by declining to accept additional arguments and evidence proffered by nonmovant in motion to reconsider) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).



Yet again, Defendants failed to identify any reason for reconsideration nor abuse of discretion with respect to denying production of all documents related ▮▮▮▮▮.

## CONCLUSION

Defendants are asking this Court to endorse a defense tactic to make this case about irrelevant side-issues, while avoiding the relevant facts and evidence in this case, as such facts and evidence reveal CNEX's and Mr. Huang's wrongdoing. Moreover, Defendants fail to provide any reason for the Court to abandon its previous decision and force Plaintiffs to endure yet another search of its records for information that Defendants refuse to show is proportional to the needs of the case, as Rule 26 requires. This Court properly exercised its broad discretion to strike the proper balance. Accordingly, under current Fifth Circuit guidance, the Court's discovery ruling should not be disturbed. *See North Cypress Medical Center Operating Company, Limited v. Aetna Life Ins. Co.*, 898 F.3d 461, 481 (5th Cir. 2018). The Court should deny Defendants' Motion.

Dated: January 25, 2019

**SIEBMAN, FORREST, BURG & SMITH, LLP**

**Clyde M. Siebman**
Texas Bar No. 18341600
clydesiebman@siebman.com
**Elizabeth S. Forrest**
Texas Bar No. 24086207
elizabethforrest@siebman.com
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas 75090
(903) 870-0070 (office)
(903) 819-3076 (cell)

RESPECTFULLY SUBMITTED

By:  */s/ Clyde M. Siebman*

**SEYFARTH SHAW LLP**

**Michael D. Wexler** (*Pro Hac Vice*)
**Lead Attorney**
Illinois Bar No. 6207847
mwexler@seyfarth.com
**Andrew S. Boutros** (*Pro Hac Vice*)
Illinois Bar Number: 6322276
ABoutros@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone 312-460-5536
Facsimile 312-460-753

**Jesse M. Coleman**
Texas Bar No. 24072044
jmcoleman@seyfarth.com
700 Milam Street, Suite 1400
Houston, Texas 77002-2812
Telephone: (713) 225-2300
Telecopier: (713) 225-2340

***Attorneys for Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc***.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 25, 2019, to all counsel of record who are deemed to have consented to electronic service via electronic mail per Local Rule CV-5(a)(3).

By: */s/ Clyde M. Siebman*

*Counsel for Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc*.

## CERTIFICATE OF AUTHORIZATION TO SEAL

Pursuant to Local Rule CV-5, the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 118) entered in this case on October 2, 2018.

By: */s/ Clyde M. Siebman*

*Counsel for Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc*.