# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., and FUTUREWEI TECHNOLOGIES, INC., | § § § § § § § § § | Civil Action No. 4:17-CV-00893 Judge Mazzant |
| v. | | |
| YIREN RONNIE HUANG, and CNEX LABS, INC. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Reconsider Denial of Defendants' Request to Compel Plaintiffs to Produce Documents Related to HuaweiTX-0001452 and Huaweu_Tx_0001453 and CNEX Related Communications with the Chinese Government (Dkt. #175). After reviewing the relevant pleadings and motion, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiffs Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc. brought this action alleging breach of contract, conversion, theft of trade secrets, computer fraud, racketeering, breach of fiduciary duty, tortious interference, unjust enrichment, and conspiracy. Defendants Yiren Ronnie Huang and CNEX labs filed numerous counterclaims including allegations that Plaintiffs misappropriated their trade secrets. On December 17, 2018, the Court held a telephonic hearing with the parties to discuss several issues that had arisen during discovery. During the hearing, Defendants requested that the Court compel Plaintiffs to search for and produce all documents related to two of the documents Plaintiffs previously produced in discovery from the files of their employee Yong Rong. The Court denied Defendants requests but permitted

Defendants to re-urge their requests through a written motion filed with the Court. Accordingly, on January 4, 2019, Defendants filed the present motion for reconsideration (Dkt. #175) asking that the Court compel Plaintiffs to search for and produce all documents related to HUAWEI_TX_0001452 and HUAWEI_TX_0001453. Defendants further requested that the Court compel Plaintiffs to search for and produce all documents relating to Plaintiffs' communications with the Chinese government relating to CNEX.

## LEGAL STANDARD

A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *see also Milazzo v. Young*, No. 6:11-cv-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

"If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Milazzo*, 2012 WL 1867099, at *1; *see Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, No. H-08-2931, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011). Here, Defendants filed their motion for reconsideration within 28 days of the Court's Order; therefore, Defendants' motion is considered a Rule 59(e) motion.

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly

discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479).

## ANALYSIS

### HUAWEI_TX_0001452 and HUAWEI_TX_0001453

During discovery, Plaintiffs produced HUAWEI_TX_0001452 and HUAWEI_TX_0001453—two documents derived from Plaintiffs' employee Yong Rong. There is no dispute that HUAWEI_TX_0001452 and HUAWEI_TX_0001453 relate to Plaintiffs' methods to remain competitive in the technology industry. The parties, however, disagree as to the nature and propriety of these methods. Defendants contend that the two documents show that Plaintiffs' potentially attempted to misappropriate their trade secrets by soliciting and poaching their employees with knowledge of their technology. Plaintiffs respond that Defendants' contentions are ill-founded and that the documents reflect legitimate business actions responding to the "brain drain" it was experiencing as a result of Defendants poaching their employees. Further, Plaintiffs allege that Defendants requests do not relate to their counterclaims. Unlike Plaintiffs' affirmative claims, Defendants' counterclaims do not allege solicitation as a method of misappropriating trade secrets. In juxtaposition, Plaintiffs' affirmative claims specifically allege that Defendants misappropriated their trade secrets by soliciting their employees and provide specific employees that were hired by Defendant. Plaintiffs also assert that their former employee Defendant Huang breached a non-solicitation provision in his employment contract. Defendants counterclaims are devoid of such specifics and contends broadly that Plaintiffs misappropriated

3

their trade secrets in numerous ways. Although such detailed allegations are not necessary to satisfy a burden of showing relevance, the Court is not convinced that Defendants proffered reasons for compulsion justify Plaintiffs producing all documents related to these two documents. Further, Defendants failed to allege or show how the two documents contain illicit activity or impropriety. Thus, without more, the Court is not convinced that Plaintiffs should be compelled to search and produce all documents related to HUAWEI_TX_0001452 and HUAWEI_TX_0001453, respectively.

**Plaintiffs' Alleged Communication with the Chinese Government**

Defendants next request that the Court compel Plaintiffs to search for and produce all documents relating to their communications with the Chinese government relating to CNEX. After reviewing the parties' briefings on this argument, the Court is not convinced that it should change its ruling rendered during the December 17, 2018, telephonic hearing. Defendants' request is overly broad at this stage, as well as overly burdensome.

**Rule 30(b)(6) Deposition**

Defendants lastly request that the Court permit Defendants to take Rule 30(b)(6) deposition testimony on the topics contained in Defendants' Rule 30(b)(6) notice to Plaintiffs. This request, however, is not proper for the present motion. The Court has never made an affirmative ruling regarding Defendants' request to take Rule 30(b)(6) depositions, and the parties indicated that they were scheduled to meet and confer about the substance and scope of the disputed topics in the notice. *See* (Dkt. #168 at 73:5–14). Thus, Defendants' requested relief is denied as premature.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Reconsider Denial of Defendants; Request to Compel Plaintiffs to Produce Documents Related to HUAWEI_TX_0001452 and

HUAWEI_TX_0001453 and CNEX Related Communications with the Chinese Government (Dkt. #175) is hereby **DENIED.**

**SIGNED this 31st day of January, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE