# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., and FUTUREWEI TECHNOLOGIES, INC. | § § § § | |
| v. | § § § | Civil Action No. 4:17-CV-00893<br>Judge Mazzant |
| YIREN RONNIE HUANG, and CNEX LABS, INC. | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Leave to Amend Their Answer and Counterclaims (Dkt. #209). The Court, having reviewed the relevant pleadings and briefings, finds that the motion should be denied.

### BACKGROUND

Plaintiff Huawei Technologies Co., Ltd. ("Huawei") is a multinational networking and telecommunications equipment and services company headquartered in China. Plaintiff Futurewei Technologies, Inc. ("Futurewei") is a subsidiary of Huawei with several offices throughout the United States, including Plano, Texas. In December 2010, Futurewei offered Defendant Yiren "Ronnie" Huang ("Huang") employment as a Principal Engineer for its solid-state drive ("SSD") storage group, to assist in development and implementation of Advance Computing Network ("ACN"), non-volatile memory express ("NVMe"), and SSD technology. Huang accepted the offer in January 2011. The Employment Agreement contained provisions relating to non-disclosure, assignment, and non-solicitation.

Based on Huang's job responsibilities, Plaintiffs contend that Huang had access to confidential, proprietary, and trade secret information. On May 31, 2013, Huang ended his employment with Futurewei. On June 3, 2013, Huang, along with others, incorporated CNEX

Labs, Inc. ("CNEX"), a Delaware Corporation with its principal place of business in California. Plaintiffs allege, among other things, that Huang incorporated CNEX to compete directly with Plaintiffs; Huang is using Plaintiffs' confidential, proprietary, and trade secret information to develop and improve SSD technology and NVMe related technology for CNEX; and further that Huang and CNEX are improperly soliciting employees away from Plaintiffs. Additionally, Plaintiffs allege that Huang started to engage in this behavior informally prior to leaving Futurewei. Plaintiffs further contend that Huang and CNEX began filing patent applications in June 2013, using the information that Huang obtained through his employment with Futurewei.

On December 28, 2017, Plaintiffs filed suit in the Eastern District of Texas against Defendants seeking declaratory judgment and alleging a variety of causes of action including: breach of contract; disclosure and misappropriation of confidential information and trade secrets; tortious interference with contract and prospective contracts; conspiracy claims; Racketeer Influence and Corrupt Organizations Act of 1970 ("RICO") claims; breach of fiduciary duty; and unfair competition under Lanham Act and Texas common and statuary law (Dkt. #1). On November 21, 2018, Defendants filed their first amended counterclaims and answer (Dkt. #132) also alleging various causes of action. On January 25, 2019, Defendants filed the present Motion for Leave to Amend Their Answer and Counterclaims (Dkt. #209) seeking to plead contract ambiguity as an affirmative defense. On February 8, 2019, Plaintiffs filed a response (Dkt. #236). On February 15, 2019, Defendants filed a reply (Dkt. #239). On February 22, 2019, Plaintiffs filed a sur-reply (Dkt. #243).

**LEGAL STANDARD**

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*,

544 F. App'x 418, 420 (5th Cir. 2013). Rule 15 governs a party's request to amend its pleading before a scheduling order's deadline to amend passes. *See Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010). Rule 16 governs a party's request to amend its pleading after the deadline to amend passes. *Tex. Indigenous Council*, 544 F. App'x. at 420 (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id*. Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id*. The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017). "The good cause standard

requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id*. (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only after the movant demonstrates good cause under Rule 16 does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id*.

## ANALYSIS

The Employment Agreement between Futurewei and Huang provides that the intellectual property developed by Huang during his employment is property of Futurewei. The Employment Agreement, however, contains a qualifying provision that required Huang to list all preexisting intellectual property that he had developed before beginning employment with Futurewei, which would be exempt from the scope of the Employment Agreement. Defendants argue that, under this provision, Plaintiffs implicitly promised to not take adverse action regarding Huang's preexisting intellectual property. Plaintiffs disagree and aver that the provision contains no such implied covenant. Defendants now seek leave to affirmatively plead that Huang's Employment Agreement with Futurewei is ambiguous. Plaintiffs opposed the amendment. The Court turns now to the four-part test to determine whether Defendants have made a showing of good cause. *See Reliance Ins. Co.* 110 F.3d at 257.

On October 17, 2018, the Court entered a scheduling order (Dkt. #129) that set January 9, 2019, as the deadlines for the parties seeking affirmative relief to file amended pleadings. On January 25, 2019, Defendants filed for leave to amend their counterclaims to plead ambiguity as an affirmative defense. Defendants argue that they did not seek leave on this matter before the deadline because specifically pleading ambiguity is unnecessary and Plaintiffs had not previously challenged the fact that the Parties offered conflicting interpretations of the Employment Agreement. Defendants contend that, under Texas law, the Court can find a contract, or specific provisions set therein, ambiguous regardless of whether Defendants explicitly pleaded contract ambiguity as an affirmative defense. Defendants further argue that its proposed amendment is critical because the present action is hinged on the interpretation of the Employment Agreement. Lastly, Defendants maintain that Plaintiffs would not be prejudiced by the amendment because Plaintiffs have been fully apprised of Defendants' interpretation of the Employment Agreement and, thus, formally adding ambiguity as an affirmative defense would be innocuous.

The Court agrees with Defendants as to the principles of Texas law governing contract interpretation. The Court, however, finds this reasoning more persuasive as to why leave should be denied.

Under Texas law, "[d]eciding whether a contract is ambiguous is a question of law for the court" and the Court "may conclude that a contract is ambiguous even in the absence of such a pleading by either party." *Sage St. Assoc. v. Northdale Constr. Co.*, 863 S.W.2d 438, 445 (Tex. 1993). The Parties have consistently maintained conflicting interpretations of the Employment Agreement, and if the Court concludes the intention of the parties is expressed in language susceptible to more than one reasonable interpretation, the contract is ambiguous. *See Community Health Sys. Prof'l Servs. v. Hansen*, 525 S.W.3d 671, 681 (Tex. 2017). Therefore,

5

although Defendants have not specifically pleaded contract ambiguity as an affirmative defense, they have forwarded an interpretation of the Employment Agreement that is contrary to that of Plaintiffs. The Court will consider the Parties opposing interpretations under in its inquiry on the validity of the agreement.

Further, Plaintiffs argue, and the Court agrees, that allowing Defendants to amend their pleadings at this stage of litigation—with trial fast approaching—would prejudice Plaintiffs. For that same reason, a continuance in hopes of curing the prejudice is not feasible at this time.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Leave to Amend Their Answer and Counterclaims (Dkt. #209) is hereby **DENIED.**

**SIGNED this 2nd day of May, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE