IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **HUAWEI TECHNOLOGIES CO., LTD.**, a Chinese corporation, and **FUTUREWEI TECHNOLOGIES, INC.**, a Texas corporation, | **No. 4:17-cv-893 ALM** |
| Plaintiffs, | Jury Trial Demanded |
| v. | |
| **YIREN RONNIE HUANG**, an individual, and **CNEX LABS, INC.**, a Delaware Corporation, | |
| Defendants. | |

## <u>PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS</u>

Pursuant to Federal Rule of Civil Procedure 15(a) and this Court's May 2, 2019 Order (Dkt. #347), Plaintiffs Huawei Technologies Co., Ltd. ("Huawei") and Futurewei Technologies, Inc. ("Futurewei") hereby respond with their Answer and Affirmative Defenses to Counterclaims to Defendants' First Amended Counterclaims and Answer to Second Amended Complaint submitted by Yiren Ronnie Huang ("Huang") and CNEX Labs, Inc. ("CNEX") (collectively, the "Defendants") (Dkt. #132), and allege as follows:

### INTRODUCTION

1.      Denied.

2.      Plaintiffs admit that Yiren Huang ("Huang") began working at Futurewei in 2011. Plaintiffs deny each and every remaining allegation in Paragraph 2.

3.      Plaintiffs admit that Huang departed Futurewei in May 2013. Plaintiffs admit, on information and belief, that Huang formed CNEX with Alan Armstrong and Joe DeFranco in June 2013. Plaintiffs deny each and every remaining allegation in Paragraph 3.

4.      Denied.

**THE PARTIES**

5.      Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 5, and therefore deny them.

6.      Admitted, upon information and belief.

7.      Plaintiffs admit that Futurewei is a Texas corporation, but Futurewei moved during pendency of this action and no longer has a place of business at 5340 Legacy Drive, Plano, Texas 75024.  Futurewei's principal place of business is now at 5700 Tennyson Parkway, Suite 600, Plano, Texas 75024.

8.      Plaintiffs admit that Huawei's principal place of business is located at Huawei Industrial Base, Bantian, Longgang District, Shenzhen, Guangdong, P.R. China 518129.  Plaintiffs deny each and every remaining allegation in Paragraph 8.

**JURISDICTION**

9.      For purposes of this action only, Plaintiffs do not contest that this Court has jurisdiction over Defendants' counterclaims.  The paragraph otherwise contains legal conclusions to which no response is required.

**FACTUAL ALLEGATIONS**

*Mr. Huang's Background and Alleged Development of SSD Technology*

10.      Plaintiffs admit, on information and belief, that Huang co-founded CNEX in June 2013.  Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 10, and therefore deny them.

11.      Plaintiffs admit that Huang is named as an inventor on the face of U.S. Patent Nos. 8,655,894; 8,340,005; 8,259,739; 7,782,805; and 7,660,252; and 6,826,150.  Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the first clause of the first sentence in the allegations contained in Paragraph 11, that Huang began his engineering career at Cisco Systems, and therefore denies that allegation.  Plaintiffs otherwise deny each and every remaining allegation in Paragraph 11.

12.     Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore deny them.

13.     Denied.

14.     Denied.

15.     Plaintiffs admit that Futurewei and Huang began employment discussions in October 2010.  Plaintiffs otherwise deny each and every remaining allegation in Paragraph 15.

16.     Denied.

17.     Plaintiffs admit that Futurewei sent a conditional employment offer letter to Huang dated December 22, 2010, that Huang became a Futurewei employee on January 17, 2011.  Plaintiffs otherwise deny each and every remaining allegation in Paragraph 17.

18.     Denied.

19.     Plaintiffs admit Huang signed an Employment Agreement with Futurewei. Plaintiffs otherwise deny each and every remaining allegation in Paragraph 19.

**Mr. Huang's Work at Futurewei**

20.     Plaintiffs admit Huang worked for Huawei as a Principal System Architect for over two years in Futurewei's Santa Clara, California office, occasionally traveling to China in connection with his job duties.  Plaintiffs otherwise deny each and every remaining allegation in Paragraph 20.

21.     Plaintiffs admit that Huang left Futurewei in May 2013.  Plaintiffs otherwise deny each and every remaining allegation in Paragraph 21.

**Mr. Huang Co-Founds CNEX**

22.     Plaintiffs admit, on information and belief, that Huang formed CNEX with Alan Armstrong and Joe DeFranco in June 2013 and that CNEX has headquarters in San Jose, California.  Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 22, and therefore deny them.

23.     Denied.

24.     Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the remaining allegations contained in Paragraph 24, and therefore deny them.

***Huawei and Futurewei's Alleged Attempts to Steal Mr. Huang and CNEX's Technology***

25.     Denied.

Futurewei's Alleged Fraudulent Bait-and-Switch Hiring of Mr. Huang

26.     Denied.

27.     Plaintiffs admit that Futurewei sent a conditional employment offer letter to Huang dated December 22, 2010, and that a copy of such offer letter is attached as Ex. 1 to Defendants' Counterclaims and Answer.  Plaintiffs otherwise deny each and every remaining allegation in Paragraph 27.

28.     Plaintiffs admit that Futurewei sent a conditional employment offer letter.  The offer letter speaks for itself.  Plaintiffs otherwise deny each and every remaining allegation in Paragraph 28.

29.     Plaintiffs admit that Huang joined Futurewei on January 17, 2011. Plaintiffs otherwise deny each and every remaining allegation in Paragraph 29.

30.     Denied.

31.     Denied.

32.     Plaintiffs admit that the language quoted in Paragraph 32 is an excerpt from Section 3(a) of the Employment Agreement.  Paragraph 32 otherwise contains legal conclusions to which no response is required.

33.     Plaintiffs admit that the language quoted in Paragraph 33 is an excerpt from Section 3(b) of the Employment Agreement.  Paragraph 33 otherwise contains legal conclusions to which no response is required.

34.     Section 3(d) of the Employment Agreement speaks for itself.  Plaintiffs otherwise deny each and every allegation in Paragraph 34.

35.     Plaintiffs admit that the language quoted in Paragraph 35, other than that in brackets, is an excerpt from Section 3(e) of the Employment Agreement.  Plaintiffs otherwise deny each and every allegation in Paragraph 35.

36.     Paragraph 36 contains legal conclusions to which no response is required.  Plaintiffs deny each and every remaining allegation in Paragraph 36.

37.     Plaintiffs admit that the language quoted in the second sentence of Paragraph 37 is an excerpt from Section 6(b) of the Employment Agreement.  Plaintiffs otherwise deny each and every allegation in Paragraph 37.

38.     Plaintiffs admit that the language quoted in the second sentence of Paragraph 38 is an excerpt from Section 12(a) of the Employment Agreement.  Plaintiffs admit that the language quoted in the third sentence of Paragraph 38 is an excerpt from Section 12(b) of the Employment Agreement.  Paragraph 38 further contains legal conclusions to which no response is required.

39.     Plaintiffs admit Huang signed an Employment Agreement with Futurewei.  Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations regarding Huang's reason for joining Futurewei, and therefore deny them.

40.     Section 5 of the Employment Agreement speaks for itself.  Plaintiffs otherwise deny each and every allegation in Paragraph 40.

41.     The Employment Agreement speaks for itself.  Plaintiffs otherwise deny each and every allegation in Paragraph 41.

Futurewei's Alleged Attempts to Disrupt CNEX's Business and Steal Mr. Huang and CNEX's Technology After Mr. Huang Left Futurewei

42.     Denied.

43.     Plaintiffs admit that Armstrong and Huang attended a Cadence Forum at Huawei's headquarters in China in the summer of 2015.  Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations regarding the

reasons that Huang and Armstrong attended the Cadence Forum. Plaintiffs otherwise deny each and every remaining allegation in Paragraph 43.

44.     Plaintiffs admit that Keji Huang met with Huang on June 21, 2016 at CNEX's offices in San Jose, California. Plaintiffs otherwise deny each and every remaining allegation in Paragraph 44.

45.     Denied.

46.     Denied.

47.     Plaintiffs admit that Huawei sent a letter to Huang regarding his obligations on July 29, 2016. Plaintiffs otherwise deny each and every remaining allegation in Paragraph 47.

48.     Plaintiffs admits HUAWEI_TX_0001452 is dated in 2015. Plaintiffs otherwise deny each and every remaining allegation in Paragraph 48.

49.     Denied.

50.     Plaintiffs admit that Huawei entered into an agreement with Professor Bo Mao of Xiamen University in December 2016, that one Huawei contact regarding this research was Jiancen Hou, that Plaintiffs have funded research projects at Chinese universities, including Xiamen University, and that Plaintiffs have worked with Mao on at least two research projects. Plaintiffs also admit, on information and belief, that CNEX entered into an agreement with Xiamen University and that CNEX provided Mao with a CNEX Software Development Kit ("SDK"). Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations relating Mao's request for a CNEX SDK and/or what CNEX knew about Mao's research for Huawei. Paragraph 50 further contains legal conclusions regarding CNEX's license with Mao to which no response is required. Plaintiffs otherwise deny each and every remaining allegation in Paragraph 50.

51.     Plaintiffs admit that C-Denkei and Electric Scientific Engineering, Ltd. are procurement agents used by Huawei and that such companies made inquiry to CNEX to purchase a CNEX part. Plaintiffs otherwise deny each and every remaining allegation in Paragraph 51.

52.     Denied.

53.     Plaintiffs admit that they filed suit against Defendants on December 28, 2017, and that the relief they requested included the assignment certain patents and patent applications to Futurewei.  Plaintiffs otherwise deny each and every remaining allegation in Paragraph 53.

Plaintiffs' Alleged Underhanded Tactics to Steal Mr. Huang and CNEX's Technology is Part of a Larger Corporate Espionage Campaign Conducted by Plaintiffs Against American Technology Companies.

54.     Denied.

55.     Plaintiffs admit that the House Permanent Select Committee on Intelligence (HPSCI) issued a report in October 2012 titled "Investigative Report on the U.S. National Security Issues Posed by Chinese Telecommunications Companies Huawei and ZTE" (the "HPSCI Report").  The HPSCI Report speaks for itself.  Plaintiffs object to the relevance of the HPSCI Report and each and every remaining allegation in Paragraph 55, and further deny the conclusions, assumptions, and inferences thereof.

56.     The HPSCI Report speaks for itself.  Plaintiffs object to the relevance of the HPSCI Report and each and every remaining allegation in Paragraph 56, and further deny the conclusions, assumptions, and inferences thereof.

57.     The HPSCI Report speaks for itself.  Plaintiffs object to the relevance of the HPSCI Report and each and every remaining allegation in Paragraph 57, and further deny the conclusions, assumptions, and inferences thereof.

58.     Plaintiffs admit that members of Congress wrote a letter to the Federal Trade Commission in December 2017 (the "FTC Letter").   The FTC Letter speaks for itself.  Plaintiffs object to the relevance of the FTC Letter and each and every remaining allegation in Paragraph 58, and further deny the conclusions, assumptions, and inferences thereof.

59.     Plaintiffs admit that Congress passed the National Defense Authorization Act for Fiscal Year 2018 (NDAA) in December 2017.  The NDAA speaks for itself.  Plaintiffs object to

the relevance of the NDAA and each and every remaining allegation in Paragraph 59, and further deny the conclusions, assumptions, and inferences thereof.

60.     Plaintiffs admit that the webpage https://tech.co/huawei-genuine-security-threat-2018-09 directs to an article titled "Is Huawei a Genuine Security Threat." The article speaks for itself. Plaintiffs object to the relevance of the article and each and every remaining allegation in Paragraph 60, and further deny the conclusions, assumptions, and inferences thereof.

61.     Plaintiffs admit that testimony was provided to Congress in 2018 concerning Huawei. Plaintiffs object to the relevance of the testimony and each and every remaining allegation in Paragraph 61, and further deny the conclusions, assumptions, and inferences thereof.

62.     Plaintiffs admit that the Federal Communications Commission issued a Notice of Proposed Rulemaking Fact Sheet entitled "Protecting Against National Security Threats to the Communications Supply Chain Through FCC Programs" on March 27, 2018 (the "Sheet"). The Sheet speaks for itself. Plaintiffs object to the relevance of the Sheet and each and every remaining allegation in Paragraph 62, and further deny the conclusions, assumptions, and inferences thereof.

63.     Plaintiffs admit that the White House Office of Trade and Manufacturing Policy issued a report entitled "How China's Economic Aggression Threatens the Technologies and Intellectual Property of the United States and the World" (the "OTMP Report"). Plaintiffs object to the relevance of the OTMP Report and each and every remaining allegation in Paragraph 63, and further deny the conclusions, assumptions, and inferences thereof.

64.     Denied.

65.     Plaintiffs admit that Cisco and Huawei engaged in litigation beginning in 2003. Plaintiffs object to the relevance of this litigation and each and every remaining allegation in Paragraph 61, and further deny the conclusions, assumptions, and inferences thereof.

66.     Plaintiffs admit that there is a subscription reviewable article at https://www.wsj.com/articles/SB10001424052748704684604575381362665259760. Plaintiffs

object to the relevance of this article and each and every remaining allegation in Paragraph 66, and further deny the conclusions, assumptions, and inferences thereof.

67.     Plaintiffs admit that Motorola and Huawei engaged in litigation beginning in 2010.  Plaintiffs object to the relevance of this litigation and each and every remaining allegation in Paragraph 67, and further deny the conclusions, assumptions, and inferences thereof.

68.     Plaintiffs admit that Quintel and Huawei engaged in litigation beginning in 2015 and that the litigation settled.  Plaintiffs object to the relevance of this litigation and each and every remaining allegation in Paragraph 68, and further deny the conclusions, assumptions, and inferences thereof.

69.     Plaintiffs admit that T-Mobile and Huawei engaged in litigation that was tried to a jury in 2017.  Plaintiffs object to the relevance of this litigation and each and every remaining allegation in Paragraph 69, and further deny the conclusions, assumptions, and inferences thereof.

70.     Plaintiffs admit that Jesse Hong and Huawei engaged in litigation starting June 26, 2018.  Plaintiffs object to the relevance of this litigation and each and every remaining allegation in Paragraph 70, and further deny the conclusions, assumptions, and inferences thereof.

71.     Denied.

72.     Denied.

73.     Huawei admits to issuing a Global Industry Vision (GIV) 2025.  The GIV 2025 speaks for itself.  Plaintiffs object to the relevance of the GIV and each and every remaining allegation in Paragraph 73, and further deny the conclusions, assumptions, and inferences thereof.

## COUNTS

**Count One – Alleged Breach of Contract**
**(By Mr. Huang Against Futurewei)**

74.     Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-73 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

75.     Plaintiffs admit that they allege the Employment Agreement with Huang is valid, enforceable, and binding.  Plaintiffs admit that "Defendants have alleged that certain provisions of the parties' Employment Agreement are void and/or unenforceable, those provisions are severable, and that the remaining terms of the Agreement constitute a valid, enforceable and binding contract between Futurewei and Mr. Huang."

76.     Denied.

77.     Pursuant to the Court's Memorandum Opinion and Order dated May 2, 2019 (Dkt. #349) granting summary judgment to Plaintiffs on this Count 1, Plaintiffs deny the allegations set forth in Paragraph 77.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

**Count Two – Alleged Misappropriation and Threatened Misappropriation of Trade Secrets under Defend Trade Secrets Act- 18 U.S.C. §§ 1832, 1836 et seq. (Against Futurewei and Huawei)**

82.     Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-81 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

83.     Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 83, and therefore deny them.

84.     Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 84, and therefore deny them.

85.     Denied.

86.   Denied.

87.   Denied.

88.   Denied.

89.   Denied.

90.   Denied.

91.   Denied.

92.   Denied.

93.   Denied.

**Count Three – Alleged Misappropriation and Threatened Misappropriation of Trade Secrets under the California Uniform Trade Secrets Act and/or the Texas Uniform Trade Secrets Act (Against Futurewei and Huawei)**

94.   Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-93 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

95.   Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 95, and therefore deny them.

96.   Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 96, and therefore deny them.

97.   Denied.

98.   Denied.

99.   Denied.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

**Count Four – Alleged Misappropriation of Trade Secrets under Common Law**
**(Against Futurewei and Huawei)**

106. Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-105 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

107. Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 107, and therefore deny them.

108. Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 108, and therefore deny them.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

**Count Five – Alleged Common Law Misappropriation**
**Against Futurewei and Huawei)**

117. Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-116 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

118. Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 118, and therefore deny them.

119. Denied.

120. Denied.

**Count Six – Alleged Conspiracy to Misappropriate Trade Secrets under DTSA**
**(Against Huawei and Futurewei)**

121. Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-120 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

**Count Seven - Alleged Conspiracy to Misappropriate Trade Secrets under TUTSA (Against Huawei and Futurewei)**

129. Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-128 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

**Count Eight – Alleged Tortious Interference with Prospective Business Relations (Against Futurewei and Huawei)**

137. Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-136 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

138.    Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 138, and therefore deny them.

139.    Denied.

140.    Denied.

141.    Denied.

### Count Nine – Alleged Tortious Interference with Contractual Relations
### (Against Futurewei and Huawei)

142.    Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-141 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

143.    Plaintiffs are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in Paragraph 143, and therefore deny them.

144.    Denial.

145.    Denial.

### Count Ten – Alleged Racketeer Influenced and Corrupt Organizations Act (RICO)
### 18 U.S.C. § 1962(c)
### (Against Futurewei and Huawei)

146.    Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-145 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.     Denied.

## Count Eleven – Alleged RICO conspiracy 18 U.S.C. §1962(d)
## (Against Futurewei and Huawei)

156.     Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-155 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

157.     Denied.

158.     Denied.

159.     Denied.

160.     Denied.

161.     Denied.

162.     Denied.

163.     Denied.

164.     Denied.

165.     Denied

166.     Denied.

## Count Twelve – Alleged Civil Conspiracy under Common Law
## (Against Futurewei and Huawei)

167.     Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-166 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

168.     Denied.

169.     Denied.

170.     Denied.

171.     Denied.

172.     Denied.

173.     Denied.

**Count Thirteen – Alleged Unfair Competition under Lanham Act and Common Law**
**(Against Futurewei and Huawei)**

174.  Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-173 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

175.  Denied.

176.  Denied.

177.  Denied.

178.  Denied.

179.  Denied.

180.  Denied.

**Count Fourteen – Alleged Unjust Enrichment**
**(Against Futurewei and Huawei)**

181.  Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-180 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

182.  Denied.

183.  Denied.

184.  Denied.

185.  Denied.

186.  Denied.

187.  Denied.

**Count Fifteen - Declaratory Judgment that The Assignment Provision in Ronnie Huang's Employment Agreement with Futurewei Is Allegedly Unenforceable**

188.  Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-187 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

189. Plaintiffs admit they have alleged Huang breached the Employment Agreement by failing to assign certain patents to Futurewei. Plaintiffs otherwise deny each and every remaining allegation in Paragraph 189.

190. Plaintiffs admit they have alleged Huang breached the Employment Agreement by failing to assign certain patents to Futurewei. Plaintiffs otherwise deny each and every remaining allegation in Paragraph 190.

191. Denied.

192. Paragraph 192 contains legal conclusions to which no response is required.

193. Paragraph 193 contains legal conclusions to which no response is required.

194. The Employment Agreement speaks for itself. The paragraph otherwise contains legal conclusions to which no response is required.

195. Plaintiffs admit that Huang signed the Employment Agreement after January 1, 1980. Plaintiffs otherwise deny each and every remaining allegation in Paragraph 195.

196. The Employment Agreement speaks for itself. The paragraph otherwise contains legal conclusions to which no response is required.

197. Denied.

198. Paragraph 198 contains legal conclusions to which no response is required.

199. Plaintiffs admit that Defendants "seek a judicial declaration that the assignment provision under Mr. Huang's Employment Agreement with Futurewei is unenforceable." Plaintiffs otherwise deny each and every remaining allegation in Paragraph 199.

**Count Sixteen - Declaratory Judgment that Section 6(b) of the
Employment Agreement between Mr. Huang and Futurewei Is
Allegedly Unenforceable Under California and Texas Law
(Against Futurewei)**

200. Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-199 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

201. Admitted.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

206. Paragraph 206 contains legal conclusions to which no response is required.

207. Plaintiffs admit that Defendants "seek a judicial declaration that Section 6(b) of the Employment Agreement between Mr. Huang and Futurewei is void and unenforceable." Plaintiffs otherwise deny each and every remaining allegation in Paragraph 207.

**Count Seventeen - Declaratory Judgment that All CNEX Intellectual Property is Allegedly the Sole Property of CNEX**
**(Against Futurewei and Huawei)**

208. Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-207 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

209. Denied.

210. Denied.

211. Paragraph 211 contains legal conclusions to which no response is required.

212. Plaintiffs admit that Defendants "seek a judicial declaration that all CNEX intellectual property is the sole property of CNEX." Plaintiffs otherwise deny each and every remaining allegation in Paragraph 212.

**Count Eighteen - Declaratory Judgment that All Trade Secrets in This Case are Allegedly the Sole Property of Ronnie Huang and/or CNEX**
**(Against Futurewei and Huawei)**

213. Plaintiffs incorporate and restate their responses to the allegations set forth in paragraphs 1-212 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint as set forth above.

214. Denied.

215. Denied.

216.     Denied.

217.     Paragraph 217 contains legal conclusions to which no response is required.

218.     Plaintiffs admit that Defendants "seek a judicial declaration that all trade secrets in this case are the sole property of Mr. Huang and/or CNEX." Plaintiffs otherwise deny each and every remaining allegation in Paragraph 218.

## DISCOVERY RULE

Plaintiffs deny the allegations set forth in the Paragraph under the heading "Discovery Rule" on page 50 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint.


## FRAUDULENT CONCEALMENT

Plaintiffs deny the allegations set forth in the Paragraph under the heading "Fraudulent Concealment" on page 50 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint.

## JOINT AND SEVERAL LIABILITY

Plaintiffs deny the allegations set forth in the Paragraph under the heading "Joint and Several Liability" on page 51 of Defendants' First Amended Counterclaims and Answer to Second Amended Complaint.

## JURY DEMAND

No response is required to Defendants' demand for a jury trial in its First Amended Counterclaims and Answer to Second Amended Complaint.

## REQUEST FOR RELIEF

Plaintiffs deny that Defendants are entitled to any of the relief requested in Defendants' First Amended Counterclaims and Answer to Second Amended Complaint or any other relief.

Plaintiffs deny all allegations in Defendants' First Amended Counterclaims and Answer to Second Amended Complaint to the extent they have been not admitted in Paragraphs 1-219

and the Paragraphs under the headings "Discovery Rule," "Fraudulent Concealment," and "Joint and Several Liability."

## PLAINTIFFS' AFFIRMATIVE DEFENSES

As set forth below, Plaintiffs assert affirmative defenses to Defendants' First Amended Counterclaims and Answer to Second Amended Complaint. Assertion of these defenses does not change the burden of proof on any issue that is the Defendants' burden as a matter of law. Plaintiffs incorporate by reference the allegations made in their Second Amended Complaint as support for their defenses. Plaintiffs reserve the right to amend or supplement these defenses as additional facts become known.

## FIRST DEFENSE: FAILURE TO STATE A CLAIM

219. Plaintiffs allege that Defendants' First Amended Counterclaims and Answer to Second Amended Complaint, and each purported cause of action contained therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE: UNCLEAN HANDS

220. Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands. Defendants engaged in conduct that was unconscientious, unjust, inequitable, unlawful, and marked by a want of good faith that related to this controversy, and Plaintiffs were injured by such conduct.

221. Defendants have filed mirror-image counterclaims to confuse the relevant issues to be tried in this litigation and to extend the scope and content of discovery. Defendants have no supportable facts for most, if not all, of their claims.

222. Defendants also persisted, despite orders to the contrary, to seek discovery relating to Defendants' allegation that Huawei and/or Futurewei are controlled by the Chinese Government.

## THIRD DEFENSE: LACHES, ESTOPPEL AND/OR EQUITABLE ESTOPPEL, WAIVER, ACQUIESCENCE, AND CONSENT

223.     Defendants' claims are barred, in whole or in part, by the doctrine of laches, estoppel and/or equitable estoppel, waiver, consent, and acquiescence.

224.     Defendants unreasonably delayed in asserting their rights and Plaintiffs have been harmed because of that delay.

225.     For example, CNEX knew that C-Denkei and Electric Scientific Engineering, Ltd., which are procurement agents used by Huawei, made inquiry to CNEX to purchase a CNEX part in June 2017, and that such inquiry included the part number.  (Dkt. 132 at ¶ 51.)

226.     Defendants falsely represented and concealed material facts with knowledge that such facts and information would lead a reasonable person to discover the facts, with the intention that Plaintiffs would rely on such false representations or concealment in acting or deciding not to act.  Plaintiffs did not know and had no means of knowing the real facts and detrimentally relied on Defendants false representations or concealment.

227.     For example, Huawei obtained assurances from Huang that CNEX would stop poaching employees from Huawei and/or Futurewei in 2014.  (Dkt. 132 at ¶ 289.)

228.     Additionally, Huang did not disclose the filing of patent applications for the year following his resignation from Futurewei, as required by the Employment Agreement.  Plaintiffs thus did not have access to the applications until their publication in 2015.

229.     Defendants waived any right, benefit, or advantage held by Huang or CNEX, by, with knowledge of such right, benefit, or advantage, intentionally relinquishing the right or engaging in conduct inconsistent with the legal right.

230.     For example, Defendants presented at the Cadence CEO Forum in 2015 to Huawei and other third parties without requiring any confidentiality or non-disclosure agreement.  On information and belief, Defendants have provided the same or highly similar copies of the presentation to various third parties without requiring any confidentiality or non-disclosure agreement.

231.     Defendants also met with Keji Huang in 2016 without requiring Keji Huang to sign any confidentiality or non-disclosure agreement.

232.     Defendants disclosed their alleged trade secrets to the public through patent applications, publications, and direct dissemination to third parties.

## FOURTH DEFENSE: STATUTE OF LIMITATIONS

233.     Plaintiffs incorporate their allegations and averments in full from their Third Defense regarding the doctrine of laches, estoppel and/or equitable estoppel, waiver, consent, and acquiescence.   The following claims are barred by the applicable statute of limitations: Defendants' claims related to the DTSA (Counts 2 and 6), California Uniform Trade Secrets Act (Count 3), Misappropriation of Trade Secrets and Common Law Misappropriation (Counts 4 and 5), TUTSA (Count 7), Tortious Interference (Count 8), RICO (Counts 9, 10, and 11), and Conspiracy Common Law and Unfair Competition (Counts 12 and 13).

## FIFTH DEFENSE: FAILURE TO MITIGATE

234.     To the extent that Defendants sustained any damages allegedly caused by Plaintiffs' conduct, Defendants cannot recover for any item of damage because Defendants failed to take reasonable efforts to avoid any such damage.

## SIXTH DEFENSE: LACK OF STANDING

235.     Defendants' claims are barred, in whole or in part, by their lack of ownership of the alleged asserted trade secrets.

## SEVENTH DEFENSE: ALLEGED TRADE SECRETS ARE KNOWN OR READILY ASCERTAINABLE

236.     Defendants' trade secret misappropriation and related claims are barred, in whole or in part, because any alleged trade secrets rightfully belonging Defendants are known or readily ascertainable by the relevant industry and/or persons who could obtain economic value, if any, from their information and were in the public domain.  For example and without limitation, Defendants disclosed their alleged trade secrets to the public through patent applications, publications, and direct dissemination to third parties.

## EIGHTH DEFENSE:  PREEMPTION

237.     Defendants' tort claims based on misappropriation of trade secrets under common law (Counts 4, 5, and 13) are preempted by TUTSA to the extent they relate to activities occurring after September 1, 2013.

## NINTH DEFENSE: NO DAMAGES

238.     Defendants have not suffered any damages, or to the extent Defendants have suffered any damages, Defendants' claims for damages are barred because they are purely speculative and impossible to prove or allocate.

## TENTH DEFENSE: LEGAL JUSTIFICATION AND/OR PRIVILEGE

239.     Defendants' claims are barred, in whole or in part, because on information and belief, Plaintiffs' actions alleged in Defendants' First Amended Counterclaims were and are protected by the privilege of fair competition and legal justification.

240.     In addition, Plaintiffs own or have a right to use any work product, including any inventions or improvements rendered by Defendant Huang that he was paid to invent, devise, or improve while he was employed by Futurewei or used any of Plaintiffs' resources for the same.

## <u>JURY DEMAND</u>

Plaintiffs hereby request a trial by jury on all issues so triable by right.

Dated: May 16, 2019

By:     /s/  Clyde M. Siebman

**SIEBMAN, FORREST, BURG & SMITH, LLP**

**Clyde M. Siebman**
Texas Bar No. 18341600
clydesiebman@siebman.com
**Elizabeth S. Forrest**
Texas Bar No. 24086207
elizabethforrest@siebman.com
Federal Courthouse Square
300 N. Travis Street
Sherman, Texas  75090
(903) 870-0070 (office)
(903) 819-3076 (cell)

**SEYFARTH SHAW LLP**

**Michael D. Wexler** (*Pro Hac Vice*)
**Lead Attorney**
Illinois Bar No. 6207847
mwexler@seyfarth.com
**Andrew S. Boutros** (*Pro Hac Vice*)
Illinois Bar Number: 6322276
ABoutros@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois  60606
Telephone 312-460-5536
Facsimile 312-460-753

**Jesse M. Coleman**
Texas Bar No. 24072044
jmcoleman@seyfarth.com
700 Milam Street, Suite 1400
Houston, Texas  77002-2812
Telephone:  (713) 225-2300
Telecopier:  (713) 225-2340

*Attorneys for Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

  I hereby certify that on **May 16, 2019**, copies of this document were served by electronic mail on counsel for Defendants:

    **Christopher J. Schwegmann**, TSB No. 24051315
    Email:  cschwegmann@lynnllp.com
    LYNN PINKER COX & HURST, LLP
    2100 Ross Avenue, Suite 2700
    Dallas, TX 75201
    (214) 981-3800 – Telephone
    (214) 981-3839 – Facsimile

    **Michael J. Sacksteder**, CSB No. 191605
    Email:  msacksteder@fenwick.com
    **Bryan A. Kohm**, CSB No. 233276
    Email: bkohm@fenwick.com
    FENWICK & WEST LLP
    555 California Street, 12th Floor
    San Francisco, CA 94104
    Telephone: 415.875.2300
    Facsimile: 415.281.1350

    **Deron Dacus**, TSB No. 00790553
    TX Bar No. 790553
    Email:  ddacus@dacusfirm.com
    THE DACUS FIRM, P.C.
    821 Ese 323 Loop, Suite 430
    Tyler, TX 75701
    Telephone:  903.705.1117
    Facsimile:  903.581.2543

    **Jeffrey Fisher**, CSB No. 155284
    Email:  jfisher@fbm.com
    **Stephanie Skaff**, CSB No. 183119
    Email:  sskaff@fbm.com
    **Daniel C. Callaway**, CSB No. 262675
    Email:  dcallaway@fbm.com
    **Jeffrey G. Lau**,
    Email:  jlau@fbm.com
    **Nadia Arid** CSB No. 312626
    Email:  narid@fbm.com
    FARELLA BRAUN + MARTEL LLP
    235 Montgomery St., 17th Floor
    San Francisco, CA 94101

Telephone: 415.954.4400
Facsimile: 415.954.4480

*Attorneys for Defendant-Counter Plaintiff CNEX LABS, INC.*

**Ryan A Tyz**, CSB No. 234895
Email: rtyz@tyzlaw.com
**Erin C. Jones**, CSB No. 252947
Email: ejones@tyzlaw.com
**Aaron Myers**, CSB 200145
Email: amyers@tyzlaw.com
**Sean K. Apple**, CSB No. 305692
Email: sapple@tyzlaw.com
TYZ LAW GROUP, PC
4 Embarcadero Center
Ste. 1400
San Francisco, CA 94111
Telephone: 415.849.3578

*Attorneys for Defendant-Counter Plaintiff YIREN RONNIE HUANG*

By:  */s/  Clyde M. Siebman*

*Counsel for Huawei Technologies Co., Ltd. and Futurewei Technologies, Inc.*