# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., and FUTUREWEI TECHNOLOGIES, INC., <br><br> v. <br><br> YIREN RONNIE HUANG, and CNEX LABS, INC. | Civil Action No. 4:17-CV-00893 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Supplement the Expert Report of Ian D. Jestice (Dkt. #370). The Court, having reviewed the motion, pleadings, and relevant evidence, finds that Defendants' motion should be granted.

### BACKGROUND

Plaintiff Huawei Technologies Co., Ltd. ("Huawei") is a multinational networking and telecommunications equipment and services company headquartered in China. Plaintiff Futurewei Technologies, Inc. ("Futurewei") is a subsidiary of Huawei with several offices throughout the United States, including Plano, Texas. In December 2010, Futurewei offered Defendant Yiren "Ronnie" Huang ("Huang") employment as a Principal Engineer for its solid-state drive ("SSD") storage group, to assist in development and implementation of Advance Computing Network ("ACN"), non-volatile memory express ("NVMe"), and SSD technology. Huang accepted the offer in January 2011. The Employment Agreement contained provisions relating to non-disclosure, assignment, and non-solicitation.

Based on Huang's job responsibilities, Plaintiffs contend that Huang had access to confidential, proprietary, and trade secret information. On May 31, 2013, Huang ended his

employment with Futurewei. On June 3, 2013, Huang, along with others, incorporated CNEX Labs, Inc. ("CNEX"), a Delaware Corporation with its principal place of business in California. Plaintiffs allege, among other things, that Huang incorporated CNEX to compete directly with Plaintiffs; Huang is using Plaintiffs' confidential, proprietary, and trade secret information to develop and improve SSD technology and NVMe related technology for CNEX; and further that Huang and CNEX are improperly soliciting employees away from Plaintiffs. Additionally, Plaintiffs allege that Huang started to engage in this behavior informally prior to leaving Futurewei. Plaintiffs further contend that Huang and CNEX began filing patent applications in June 2013, using the information that Huang obtained through his employment with Futurewei.

Defendants designated Ian D. Jestice as a technical expert witness in the field of storage technologies, testing, software, and drive firmware, and on January 28, 2019, Defendants served Mr. Jestice's expert report ("Mr. Jestice's Opening Report"). On April 19, 2019, Defendants served Mr. Jestice's supplemental report, which Defendants argue is responsive to new information. Plaintiffs opposed the supplementation. On May 10, 2019, Defendants filed the present Motion to Supplement the Expert Report of Ian D. Jestice (Dkt. #370). On March 17, 2019, Plaintiffs filed a response (Dkt. #390).

**LEGAL STANDARD**

Federal Rule of Civil Procedure Rule 26(e) provides that:

> [a] party who has made a disclosure under subdivision (a) . . . is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
> (1) . . . if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any

additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

FED. R. CIV. P. 26(e)(1). And, Rule 37(c) allows evidence that was not properly or timely disclosed to be excluded if:

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

FED. R. CIV. P. 37(c). In determining the propriety of the exclusion of evidence under Rule 37(c)(1), the Court considers four factors: (1) the party's explanation for its failure to disclose evidence; (2) the prejudice, if any, to the party opposing the admission of the evidence; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the evidence. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

## ANALYSIS

Mr. Jestice's Supplemental Report is a four-and-one-half (4 1/2) page addition centered on Defendants' claims that Plaintiffs misappropriated Defendants' trade secrets through Plaintiffs' relationship with Xiamen University. Plaintiffs oppose the supplemental report as untimely, inappropriate, and unwarranted.

### I. Defendants' Explanation for its Failure to Timely Supplement

Defendants assert that they failed to timely supplement Mr. Jestice's Opening Report because the evidence underlying the supplementation was not available until after Mr. Jestice's Opening Report had been served. Specifically, Defendants contend that Mr. Jestice's Supplemental Report is based, almost entirely, on the Rule 30(b)(6) deposition testimony of Huawei's Jiancen Hou, which was not available until March 24, 2019—months after the January 28, 2019, service of Mr. Jestice's Opening Report. Defendants further aver that the evidence

3

cited in Mr. Jestice's Supplemental Report was not produced until after Mr. Jestice's Opening Report was served. Defendants contend that this evidence can be placed into three categories: (1) documents that were never produced by Huawei until after the service of Mr. Jestice's Opening Report; (2) documents that were produced but not identified by Plaintiffs in accordance with their Rule 26 obligations; and (3) a document that Plaintiffs produced but that Mr. Hou testified about only after Mr. Jestice's Opening Report was served.

Plaintiffs argue that Mr. Jestice's Supplemental Report is not based on new information, and its supplementation is Defendants' attempt to repeat and underscore opinions given in Mr. Jestice's Opening Report. Plaintiffs contend that Mr. Jestice's Supplemental Report has nine substantive paragraphs. And, of those, five paragraphs repeat opinions previously expressed in Mr. Jestice's Opening Report, while the remaining four paraphrase selectively cite portions of Mr. Hou's deposition testimony regarding factual issues also discussed in the opening report.

After reviewing Mr. Jestice's Supplemental Report and the underlying evidence, the Court finds appropriate Defendants' explanation for its untimely supplementation. While there is some natural overlap between opinions expressed in Mr. Jestice's Opening Report and Supplemental Report, the Supplemental Repot is not constructed in such a manner that would render it improper. Indeed, Mr. Jestice's Supplemental Report is of the nature anticipated by Rule 26, which requires a supplement if a report is incomplete or incorrect.

The Court therefore finds that this factor weighs in favor of Defendants.

## II. The Prejudice, if any, to the Party Opposing the Admission of the Evidence

Plaintiffs argue that Defendants submitted Mr. Jestice's Supplemental Report months after the deadline and, *strategically*, five minutes after the completion of Plaintiffs' own expert's deposition—thus, denying Plaintiffs the opportunity to address any new opinions and analyses in

4

their own expert reports and expert testimony. Defendants contend that Plaintiffs should be barred from arguing any prejudice because Mr. Jestice's Supplemental Report was served prior to Mr. Jestice's deposition, during which Plaintiffs declined to depose Mr. Jestice. Under these circumstances, the Court agrees with Defendants and, notably, Plaintiffs seem to, as well. Plaintiffs have previously argued that any prejudice due to late-disclosed expert opinion should be negated if the opposing party was aware of the opinion and subsequently took the expert's deposition; or in this situation, had the opportunity to depose the expert and declined. *See* (Dkt. #332, at p. 11); *See also, Jones v Harley-Davidson, Inc.*, No. 2:14-cv-694, 2016 WL 5395952, at *2 (E.D. Tex. Sept. 27, 2016) ("Because Mr. Lovett's opinions haven't changed at all, and also because any additional testing only bolsters the position the Joneses held throughout the litigation, the Joneses argue that Harley-Davidson cannot assert prejudice or surprise with regards to Mr. Lovett's supplemental report."). Indeed, Plaintiffs argue that Mr. Jestice's opinions have not changed; rather, Defendants are seeking to "strengthen" them through the supplemental report. The Court cannot find that Plaintiffs will be prejudice after being fully apprised of Mr. Jestice's opinions and further declining to depose him. This factor weighs in favor of Defendants.

### III. The Possibility of Curing any Prejudice with a Continuance

With trial soon approaching, the Court is not inclined to grant a continuance. This factor, therefore, weighs against Defendants.

### IV. The Importance of the Evidence

Defendants contend that Mr. Jestice's Supplemental Report is crucial to their claims against Plaintiffs. The crux of Defendants' counterclaims for misappropriation of trade secrets is centered on Plaintiffs' relationship with Xiamen University. Specifically, Defendants allege that

5

Plaintiffs used Xiamen University and its professors to infiltrate Defendants under the guise of research opportunities while, in actuality, attempting to steal Defendants' trade secrets. To the Court's knowledge, Mr. Hou is the sole witness designated by Plaintiffs to testify on Plaintiffs' relationship with Xiamen University. Thus, irrespective of the merits Defendants' counterclaims, which a jury will ultimately decide, the importance of the Mr. Jestice's Supplemental Report is undeniable. The supplementation is based on, and in response to, the deposition of the sole witness designated to testify about the Plaintiffs' alleged illicit relationship with Xiamen University and related documents.

Plaintiffs argue that Mr. Jestice's Supplemental Report lacks importance because it is misleading and unreliable. These challenges, however, are best addressed on cross-examination. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579,596 (1993). The Court therefore finds that this factor weighs in favor of Defendants.

## CONCLUSION

The Court finds that, with three of the four factors weighing in favor of Defendants, it is appropriate to allow Mr. Jestice to supplement his Opening Report. It is therefore **ORDERED** that Defendants' Motion to Supplement the Expert Report of Ian D. Jestice (Dkt. #370) is **GRANTED.**

SIGNED this 28th day of May, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE