IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **HUAWEI TECHNOLOGIES CO., LTD.**, a Chinese corporation, and **FUTUREWEI TECHNOLOGIES, INC.**, a Texas corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**YIREN RONNIE HUANG**, an individual, and **CNEX LABS, INC.**, a Delaware Corporation,<br><br>Defendants. | No. 4:17-cv-893 ALM<br><br>Jury Trial Demanded<br><br>**FILED UNDER SEAL** |

## JOINT FINAL PRETRIAL ORDER

This cause came before the Court at a pre-trial management conference held on May 3, 2019, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

**A.    PRINCIPAL COUNSEL FOR THE PARTIES**

Plaintiffs Huawei Technologies Co., Ltd and Futurewei Technologies, Inc.: Jesse Coleman (State Bar No. 24072044), Michael D. Wexler (Illinois Bar No. 6207847, *pro hac vice*), and Andrew S. Boutros (Illinois Bar No. 6322276, *pro hac vice*) of SEYFARTH SHAW, LLP; and Clyde M. Siebman (State Bar No. 183416000) and Elizabeth S. Forrest (State Bar No. 24086207) of SIEBMAN, FORREST, BURG & SMITH, LLP.

Defendant Yiren Ronnie Huang: Ryan Tyz (California State Bar No. 234895, *pro hac vice*) and Erin Jones (California State Bar No. 252947, *pro hac vice*) of TYZ LAW GROUP PC.

Defendant CNEX LABS, Inc.:  Jeffery M. Fisher (California State Bar No. 155284, *pro hac vice*), Eugene Y. Mar (California State Bar No. 227071, *pro hac vice*), and Stephanie Skaff (California State Bar No. 183119, *pro hac vice*) of FARELLA BRAUN + MARTEL LLP; and

Bryan Kohm (California State Bar No. 233276, *pro hac vice*) of FENWICK & WEST LLP; and Deron Dacus (State Bar No. 790553) of THE DACUS FIRM, P.C.

**B.     STATEMENT OF JURISDICTION**

The Court has subject matter jurisdiction under 18 U.S.C. § 1836, 18 U.S.C. §§ 1030, and 28 U.S.C. § 1331, 1332, and 1338 over causes of action that arise under federal law and supplemental jurisdiction under 28 U.S.C. § 1367 over the state law causes of action.

**C.     NATURE OF ACTION**

Plaintiffs Huawei Technologies Co., Ltd and Futurewei Technologies, Inc. ("Plaintiffs") bring claims against Defendants for breach of contract, misappropriation and threatened misappropriation of trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1832 *et seq.*, conspiracy, common law misappropriation, violation of the Texas Uniform Trade Secrets Act, tortious interference with contractual and prospective business relations, conspiracy to commit violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq., violations of the Racketeering Influenced Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, conversion, breach of fiduciary duty, unjust enrichment, and unfair competition, and for declaratory relief.  Plaintiffs also contend that Defendants' claims are barred by a number of affirmative defenses, including failure to state a claim, unclean hands, laches, estoppel, waiver, acquiescence, fraudulent concealment, standing, alleged secrets are known or readily ascertainable, no damages, alleged damages caused by Defendants, Huang's failure to perform, consent, no misappropriation, no basis for injunctive relief, failure to mitigate, statute of limitations, legal justification or privilege, release, and statute of frauds. [1]

---

[1] Plaintiffs' Motion to Dismiss Defendants' Amended Counterclaims (Dkt. 139) remains pending.  Plaintiffs anticipate the affirmative defenses cited above will be pleaded and/or proven at trial.

Defendants CNEX Labs, Inc. and Ronnie Huang bring counterclaims against Plaintiffs for breach of contract, misappropriation and threatened misappropriation of trade secrets, common law misappropriation, conspiracy, violation of the Texas Uniform Trade Secrets Act, tortious interference, RICO violations, unfair competition, unjust enrichment, and for declaratory relief. Defendants also assert affirmative defenses to Plaintiffs' claims including failure to state a claim, unclean hands, laches, equitable estoppel, waiver, acquiescence, fraudulent concealment, standing, alleged secrets are known or readily ascertainable, no damages, alleged damages caused by Plaintiffs, Plaintiffs' failure to perform, estoppel, consent, no misappropriation, no basis for injunctive relief, failure to mitigate, statute of limitations, legal justification or privilege, statute of frauds, contract contrary to express provision of law, contract contrary to public policy or good morals, and ambiguous contract.

D.  **CONTENTIONS OF THE PARTIES**

The parties set forth below a summary of their contentions for trial. The parties do not agree with each other's contentions and reserve all objections.

<u>Plaintiffs' Contentions</u>:

Plaintiffs contend that Defendants, acting individually, jointly and/or in concert with one another, have threatened to misappropriate and actually misappropriated Plaintiffs' trade secrets, used and disclosed Plaintiffs' confidential information, wrongfully solicited Plaintiffs' employees, failed to disclose patent applications within a year of leaving Futurewei as required by contract, failed to assign patent applications to Futurewei that incorporate Futurewei confidential, proprietary and/or trade secret information, and have otherwise breached Defendant Huang's contract with Futurewei. Plaintiffs also contend that Defendants tortiously interfered with Plaintiffs' contractual and prospective business relationships, violated the Computer Fraud

and Abuse Act by exceeding authorized access to Plaintiffs' computers, stole Plaintiffs' trade secrets, used those trade secrets to develop products in competition with Plaintiffs, and usurped Plaintiffs' property, opportunities and employees. Plaintiffs contend that Defendants were unjustly enriched by this conduct, which constitutes a civil conspiracy and violation of the federal Racketeer Influenced Corrupt Organization statute. Lastly, Plaintiffs contend that Defendants engaged in unfair competition with Plaintiffs, converted Plaintiffs' property and violated, joined in violating and/or conspired to violate fiduciary duties owed to Plaintiffs. As a result of this conduct, Plaintiffs contend they suffered substantial damages and lost opportunities and are entitled to recover actual, punitive and statutory damages from Defendants as well as equitable and declaratory relief. Plaintiffs also seek to recover their attorneys' fees, expenses and pre-judgment and post-judgment interest.

Plaintiffs also contend that Defendants' claims are barred by a number of affirmative defenses, including failure to state a claim, unclean hands, laches, estoppel, waiver, acquiescence, fraudulent concealment, standing, alleged secrets are known or readily ascertainable, no damages, alleged damages caused by Defendants, Huang's failure to perform, consent, no misappropriation, no basis for injunctive relief, failure to mitigate, statute of limitations, legal justification or privilege, release, and statute of frauds.

Plaintiffs reserve the right to supplement their contentions as appropriate and incorporate herein by reference the below Stipulations and Uncontested Facts and the Contested Facts and Issues of Law as necessary or convenient to fully explain their contentions in this case.

Defendants' Contentions:

Defendants contend that Plaintiffs, acting individually, jointly and/or in concert with one another and with third parties, have threatened to misappropriate and actually misappropriated

Defendants' trade secrets, improperly accessed, used, and disclosed Defendants' confidential information, breached Mr. Huang's contract with Futurewei, and conspired with third parties to misappropriate Defendants' trade secrets. Defendants also contend that Plaintiffs tortiously interfered with Plaintiffs' contractual and prospective business relationships, stole Defendants' trade secrets, and engaged in unfair competition in violation of federal and common law. Plaintiffs contend that Defendants were unjustly enriched by this conduct. As a result of this conduct, Defendants contend they suffered substantial damages and lost opportunities and are entitled to recover actual, punitive and statutory damages from Plaintiffs as well as equitable and declaratory relief. Defendants also seek to recover their attorneys' fees, expenses and pre-judgment and post-judgment interest.

Defendants also contend that Plaintiffs' claims are barred by a number of affirmative defenses, including failure to state a claim, unclean hands, laches, equitable estoppel, waiver, acquiescence, fraudulent concealment, standing, alleged secrets are known or readily ascertainable, no damages, alleged damages caused by Plaintiffs, Plaintiffs' failure to perform, estoppel, consent, no misappropriation, no basis for injunctive relief, failure to mitigate, statute of limitations, legal justification or privilege, statute of frauds, contract contrary to express provision of law, contract contrary to public policy or good morals, and ambiguous contract.

Defendants reserve the right to supplement their contentions as appropriate and subject to the Court's rulings on pending motions and pretrial rulings. Defendants further incorporate herein by reference the below Stipulations and Uncontested Facts and the Contested Facts and Issues of Law as necessary or convenient to fully explain their contentions in this case.

E.  **STIPULATIONS AND UNCONTESTED FACTS**

<u>The following facts are uncontested</u>:

1. Ronnie Huang received an offer of employment from Futurewei on December 22, 2010.

2.       Ronnie Huang accepted an offer and began work at Futurewei in January 2011. (Answer ¶ 4.)

3.       Huang worked on SSD technology, including PCIe SSD architecture, during his employment at Futurewei. (Answer ¶ 4.)

4.       Huang was listed as an inventor on certain patent applications filed by Huawei and Futurewei. (Answer ¶ 34.)

5.       Huang voluntarily terminated his employment at Futurewei on May 31, 2013. (Answer ¶ 8.)

The parties will continue to meet and confer to discuss further stipulations and uncontested facts and will update the Court on the status of these efforts at or before the Pretrial Conference.

**F.     CONTESTED ISSUES OF FACT AND LAW**

<u>Plaintiffs' Contested Issues of Fact and Law</u>

1.       Whether Defendants have misappropriated Plaintiffs' trade secrets under common law.

2.       Whether Defendants have misappropriated Plaintiffs' trade secrets under the Texas Uniform Trade Secrets Act.

3.       Whether Defendants have misappropriated Plaintiffs' trade secrets under the Defend Trade Secrets Act.

4.       Whether Defendants have threatened to misappropriate Plaintiffs' trade secrets under the Defend Trade Secrets Act.

5.       Whether Defendant Huang has breached his Employment Agreement with Plaintiff Futurewei by using and disclosing Futurewei's confidential information, soliciting Futurewei employees, failing to disclose patent applications he filed within a year of leaving Futurewei, and failing to assign patent applications to Futurwei that incorporate Futurewei confidential, proprietary and/or trade secret information.

6.       Whether Defendants have engaged in a conspiracy to misappropriate Plaintiffs' property and employees, in violation of common law and federal law.

7. Whether Defendant CNEX has tortiously interfered with Plaintiffs' contractual relations.

8. Whether Defendant CNEX has tortiously interfered with Plaintiffs' prospective business relationships.

9. Whether Defendants have conspired to violate the Computer Fraud and Abuse Act by acting in concert with certain of Plaintiffs' departing employees to exceed their authorized access to Plaintiffs' computers and transfer information to CNEX computers.

10. Whether Defendants have engaged in a criminal enterprise involving the use of mail and wires to exceed authorized access to Plaintiffs' computers, steal Plaintiffs' trade secrets, use those trade secrets to develop products in competition with Plaintiffs and otherwise, and usurp Plaintiffs' property, opportunities, and employees.

11. Whether Defendants have converted Plaintiffs' property by wrongly taking and exercising physical control over documents containing Plaintiffs' intellectual property.

12. Whether Defendant Huang has breached his fiduciary duties to Plaintiff Futurewei by working to found and promote CNEX and other similar businesses while employed by Futurewei and using Futurewei's confidential information to compete with Futurewei.

13. Whether Defendants were unjustly enriched by their unlawful misappropriation of Plaintiffs' trade secrets and other confidential, proprietary, and trade secret information, specifically by obtaining business and investment they could not have obtained otherwise.

14. Whether Defendants have engaged in unfair competition under federal and Texas common and statutory law by using false designations of origin in interstate commerce and organizing a scheme to raid Plaintiffs' employees and confidential trade secret information.

15. Whether Defendants are jointly and severally liable for each of the acts that the other has engaged in, and CNEX is vicariously liable for Huang's unlawful actions.

16. Whether the Court should declare that the CNEX Patent Applications and associated inventions constitute a Subject Idea or Invention containing Futurewei technology under Huang's Employment Agreement, and were thus assigned to Futurewei under the terms of that agreement.

17. Whether the Court should declare that any assignment by Huang to CNEX is void.

18. Whether the Court should declare that Plaintiffs own all legal title to the CNEX Patents and Patent Applications in dispute.

19. Whether the Court should declare that Plaintiffs own all equitable title to the Patents and Patent Applications in dispute.

20. Whether the Court should impose a constructive or equitable trust on the Patents and Patent Applications in dispute and/or on the proceeds derived from the licensing of the same or the sale of products which practice the claims of the same.

21. Whether the Court should grant Plaintiffs specific performance of the Employment Agreement and other equitable relief.

22. Whether the Court should grant injunctive relief, including assignment of patent applications and associated intellectual property, an order directing Defendants to refrain from using/disclosing Plaintiffs' confidential, proprietary and/or trade secret information, and other injunctive relief outlined in Plaintiffs' Second Amended Complaint;

23. Whether Plaintiffs have suffered damages.

24. The amount of damages suffered by Plaintiffs.

25. Whether Plaintiffs are entitled to statutory and/or punitive damages and if so in what amount.

26. Whether Plaintiffs are entitled to multiple of damages by statute.

27. Whether Plaintiffs are entitled to prejudgment and post-judgment interest.

28. Whether Plaintiffs are entitled to attorneys' fees and costs pursuant to the terms of the Huang's agreement with Plaintiffs, Texas Civil Practices and Remedies Code 38.001 and Texas Civil Practices and Remedies Code 134A.

29. The amount of attorneys' fees and costs to which Plaintiffs are entitled.

30. Whether Defendants' Second Amended Counterclaims fail to state a claim.

31. Whether Defendants' claims are barred by the doctrine of the unclean hands.

32. Whether Defendants' claims are barred by the doctrine of the laches.

33. Whether Defendants' claims are barred by the doctrine of the estoppel and/or equitable estoppel.

34. Defendants' claims are barred by the doctrine of waiver.

35. Defendants' claims are barred by the doctrine of consent.

36. Defendants' claims are barred by the doctrine of acquiescence.

37. Whether Defendants' claims are barred by lack of standing.

38. Whether Defendants have released any claims against Plaintiffs.

39. Whether Defendants' alleged trade secrets are known or readily ascertainable.

40. Whether Defendants' claims are preempted by federal law.

41. Whether Defendants failed to exercise reasonable care and diligence to mitigate any alleged damages.

42. Whether Defendants have any real damages or whether such damages were, in fact, caused by Defendants.

43. Whether Defendants' claims are barred by applicable statutes of limitations.

44. Whether Defendants' claims are barred by the statute of frauds.

45. Whether Plaintiffs have a legal justification and/or privilege for all of Defendants' alleged causes of action.

47. Whether any applicable statute of limitations to Plaintiffs' claims has been tolled by the discovery rule and/or Defendants' fraudulent concealment.

48. Whether Defendants are bound by their Answer and precluded from contesting facts that they previously admitted.

<u>Defendants' Contested Issues of Fact and Law</u>

1. Whether the Employment Agreement is authentic and/or enforceable agreement and/or whether any portions of the Employment Agreement are invalid and/or unenforceabe.

2. Whether Futurewei performed its obligations under the Employment Agreement.

3. Whether Futurewei has breached its Employment Agreement with Mr. Huang.

4. Whether Plaintiffs have misappropriated Defendants' trade secrets under the Texas Uniform Trade Secrets Act.

5. Whether Plaintiffs have misappropriated Defendants' trade secrets under the Defend Trade Secrets Act.

6. Whether Plaintiffs have threatened to misappropriate Defendants' trade secrets under the Defend Trade Secrets Act.

7. Whether Plaintiffs have misappropriated Defendants' trade secrets under common law.

8. Whether Plaintiffs have misappropriated Defendants' confidential information under common law misappropriation.

9. Whether Plaintiffs have conspired to misappropriate Defendants' trade secrets under the Defend Trade Secrets Act.

10. Whether Plaintiffs have conspired to misappropriate Defendants' trade secrets under the Texas Uniform Trade Secrets Act.

11. Whether Plaintiffs have tortiously interfered with Defendants' prospective business relations.

12. Whether Plaintiffs have tortiously interfered with Defendants' contractual relations.

13. Whether Plaintiffs have engaged in a criminal enterprise involving the use of mail and wires to exceed authorized access to Defendants' computers, steal Defendants' trade secrets, use those trade secrets to develop products in competition with Defendants and otherwise, and usurp Defendants' property, opportunities, and employees.

14. Whether Plaintiffs have committed a civil conspiracy under common law.

15. Whether the Court should find that Plaintiffs have engaged in unfair competition under federal and Texas common and statutory law.

16. Whether the Court should find that Plaintiffs were unjustly enriched by their unlawful misappropriation of Defendants' trade secrets and other confidential, proprietary, and trade secret information, specifically by obtaining business and investment they could not have obtained otherwise.

17. Whether Plaintiffs have engaged in unfair competition under federal and Texas common and statutory law.

18. Whether the Court should declare that the Assignment Provision in Ronnie Huang's Employment Agreement in unenforceable.

19. Whether the Court should declare that Section 6(b) of the Employment Agreement between Mr. Huang and Futurewei is unenforceable under California and Texas law.

20. Whether the Court should declare that all CNEX intellectual property is the sole property of CNEX.

21. Whether the Court should declare that all trade secrets in this case are the sole property of Ronnie Huang and/or CNEX.

22. Whether Plaintiffs are jointly and severally liable for each of the acts of the other.

23. Whether Plaintiffs have suffered damages.

24. The amount of damages suffered by Defendants.

25. Whether Defendants are entitled to statutory and/or punitive damages and if so in what amount.

26. Whether Defendants are entitled to multiple of damages by statute.

27. Whether Defendant are entitled to prejudgment and post-judgment interest.

28. Whether Mr. Huang is entitled to attorneys' fees and costs pursuant to the terms of the Employment Agreement.

29. The amount of attorneys' fees and costs to which Defendants are entitled

30. Whether Texas or California law should apply to the parties' claims for breach of the Employment Agreement.

31. Whether Defendants' Second Amended Complaint fails to state a claim.

32. Whether Plaintiffs' claims are barred by the doctrine of the unclean hands.

33. Whether Plaintiffs' claims are barred by the doctrine of laches, equitable estoppel, waiver, consent, acquiescence and/or fraudulent concealment.

34. Whether Plaintiffs' claims are barred by lack of standing.

35. Whether Plaintiffs' alleged trade secrets are known or readily ascertainable.

36. Whether Plaintiffs' claims are preempted by federal law.

37. Whether Defendants independently developed all CNEX intellectual property.

38. Whether Plaintiffs failed to exercise reasonable care and diligence to mitigate any alleged damages.

39. Whether Plaintiffs' claims are barred by the statute of limitations.

40. Whether Plaintiffs' claims are barred by the statute of frauds.

41. Whether the Employment Agreement is contrary to an express provision of law or contrary to public policy.

42. Whether any of the provisions of the Employment Agreement are ambiguous.

43. Whether Defendant Huang owes any fiduciary duties to Futurewei as a matter of law.

44. Whether Plaintiffs will be bound by their Answer when they are required to formally respond to Defendants' Counterclaims.

45. Whether Plaintiffs will be precluded from contesting facts that they previously admitted.

**G.** **LIST OF WITNESSES**

Plaintiffs' witness list is attached as Exhibit A.

Defendants' witness list is attached as Exhibit B.

**H.** **LIST OF EXHIBITS**

Plaintiffs' exhibit list is attached as Exhibit C.

Defendants' exhibit list is attached as Exhibit D.

**I.** **LIST OF ANY PENDING MOTIONS**

The following motions are pending:

1. Plaintiffs' Motion to Dismiss Defendants' Amended Counterclaims (Dkt. 139).

2. Plaintiffs' Motion for Partial Summary Judgment on Their Breach of Contract Claim for Failure to Disclose Patent Applications (Dkt. 158).

3. Defendants First Motion for Summary Judgment and/or Summary Adjudication of Plaintiffs' Breach of Contract Claims (Dkt. 159).

4.     Plaintiffs' Motion for Summary Judgment of No Evidence on Defendants' Counterclaims (Dkt. 160).

5.     Defendants' Second Motion for Summary Judgment on Counts 13, 14, 15, 16, 17 and 21 of the Second Amended Complaint (Dkt. 161).

6.     Plaintiffs' Motion for Summary Judgment on Defendants' Amended Counterclaims (Dkt. 162).

7.     Plaintiffs' Motion to Dismiss Defendants' Counterclaims Under the Texas Citizens Participation Act and Special Motion to Strike Defendants' Counterclaims Under the California Anti-SLAPP Law (Dkt. 163).

8.     Defendants' Motion for Leave to Amend Their Answer and Counterclaims (Dkt. 209).

9.     Defendant Huang's *Daubert* Motion to Exclude the Testimony of Thomas W. Britven (Dkt. 259).

10.    Plaintiffs' Motion to Strike the Expert Reports and Testimony of Keith R. Ugone, Ph.D. Regarding Damages (Dkt. 260).

11.    Defendants' Sealed Motion to Preclude Plaintiffs' Expert Witness Brian A. Berg from Offering Certain Opinions at Trial (Dkt. 261).

12.    Plaintiffs' Motion to Strike Ian D. Jestice as Expert Witness, Opening Expert Report, Rebuttal Expert Report, and Defendants' Notice of Errata (Dkt. 262).

13.    Defendants' Motion to Preclude Plaintiffs' Expert Witness Thomas W. Britven from Offering Certain Opinions at Trial (Dkt. 263).

14.    Defendant Huang's Amended Motion to Exclude the Testimony of Thomas W. Britven (Dkt. 270).

15.    Plaintiffs' Motions in Limine (filed simultaneously with this Order).

16.    Defendants' Motions in Limine (filed simultaneously with this Order).

**J.**    **PROBABLE LENGTH OF TRIAL**

The probable length of trial is 12-15 days.

**K.**    **MANAGEMENT CONFERENCE LIMITATIONS**

The parties would like to discuss with the Court its practice concerning playing deposition video for those witnesses who are also testifying live.

Plaintiffs believe that Rule 32 should be followed and that witnesses who testify live should not have their deposition testimony played except for purposes of impeachment. Defendants likewise believe that Rule 32 should be followed but disagree with Plaintiffs' contention that this necessarily means "that witnesses who testify live should not have their deposition testimony played except for purposes of impeachment." Indeed, Rule 32 allows for the playing of deposition testimony for certain witnesses for any purpose regardless of whether they testify live or not, including for a party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4) or for an unavailable witness. *See* Fed. R. Civ. P. 32(a)(2),(3).

The parties would also like to discuss with the Court its practice concerning issues that may arise concerning disputes in translations of the parties' Chinese language documents and the use of interpreters at trial for Chinese speaking witnesses

The parties would also like to discuss with the Court its practice concerning the timing of identifying witnesses to be called at trial, exchanging demonstratives to be used in opening statements, and exchanging demonstratives to be used in witness examinations.

The parties will continue to meet and confer and attempt to reach agreement on the issues mentioned here and other logistical issues that may arise at trial.

**L.    CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)    Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)    Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

(3)    Each exhibit in the lists of exhibits herein:

(a) is in existence;

(b) is numbered; and

(c) has been disclosed and shown to opposing counsel.

**SIGNED this 3rd day of June, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE