# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| HUAWEI TECHNOLOGIES CO., LTD., and FUTUREWEI TECHNOLOGIES, INC., | §<br>§<br>§<br>§ | Civil Action No. 4:17-CV-893<br>Judge Mazzant |
| v. | §<br>§ | |
| YIREN RONNIE HUANG, and CNEX LABS, INC. | §<br>§<br>§ | |

## FINAL INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law that you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor any party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their

arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the Plaintiffs or the Defendants in arriving at your verdict.

Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## PARTIES AND REFERENCES

As you know, the Plaintiffs in this case are Huawei Technologies Co., Ltd., and Futurewei Technologies Inc., which I will refer individually as Huawei and Futurewei, respectively, or collectively as Plaintiffs. The Defendants in this case are Yiren Ronnie Huang and CNEX Labs, Inc., which I will refer to individually as Mr. Huang and CNEX, respectively, or collectively as Defendants.

## CORPORATE LIABILITY

Under the law, corporations are considered to be persons. They can act only through their employees, agents, directors, or officers. Generally, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or partnership, or within the scope of their duties as employees of the corporation.

## EVIDENCE

The evidence you are to consider consists of the testimony of the witnesses, the documents, and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence.  One is direct evidence, such as testimony of an eyewitness.  The other is indirect or circumstantial evidence.  Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## CONFIDENTIALITY MARKINGS

During the course of this case, counsel for the parties added confidentiality markings to many of the documents, such as "Highly Confidential - Attorneys' Eyes Only," "Confidential, Outside Attorneys Only," or "Confidential." Those designations appear in the lower left-hand corner in the margins.  Those phrases were added by the Attorneys during the process of exchanging documents in this case and do not appear on the original documents.

Some documents, however, contain confidential markings on the document original.  These confidential markings were made by the Parties in this case.

During your deliberation, you should only consider the confidential marking made by the Parties.  You should not consider the markings made by the Attorneys.

## DEMONSTRATIVE EVIDENCE

Certain exhibits have been presented to you as demonstratives.  Demonstrative evidence can be used to describe something involved in this trial.  If your recollection of the evidence differs from the exhibit, rely on your recollection.

## CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

## WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses.  In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances.  Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand?  You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides.  Witness testimony is weighed; witnesses are not counted.  The test is not the relative number of witnesses, but the relative convincing force of the evidence.  The testimony of

a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

## EXPERT TESTIMONY

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## DEPOSITION TESTIMONY

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circum- stances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you. This

deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

## TRANSLATION INSTRUCTION

You have seen some videotaped deposition clips that involve Chinese speaking witnesses and interpreters. To avoid spending unnecessary time, the parties have edited out the translation of the questions into Chinese.

## NO INFERENCE FROM FILING SUIT

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment.  Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## JUROR QUESTIONS

As I told you in my preliminary instructions, I have given you the opportunity to give me written questions anonymously after a witness testified when you had an important question of the witness that was strictly limited to the substance of the witness's testimony.  Remember that I asked you not to be offended if I did not present your question to be answered by the witness.  You should not speculate on the answer to any unasked question and you should not speculate on or consider any facts or events outside the testimony and exhibits you have heard and seen in this courtroom.

## STIPULATIONS OF FACTS

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. These facts are as follows:

1. Mr. Huang received an offer of employment from Futurewei on December 22, 2010.

2. Mr. Huang accepted that offer and began work at Futurewei in January 2011.

3. Mr. Huang worked on SSD technology, including PCIe SSD architecture, during his employment at Futurewei.

4. Mr. Huang was listed as an inventor on certain patent applications filed by Plaintiffs.

5. Mr. Huang voluntarily resigned his employment at Futurewei on May 31, 2013.

## BURDEN OF PROOF

There are two standards of proof that you will apply to the evidence: (1) preponderance of the evidence and (2) clear and convincing evidence. I will instruct you on which standard of proof you apply to what issues.

## I.     Preponderance of the Evidence

Huawei and Futurewei have each brought a number of claims against Mr. Huang and CNEX, and CNEX has brought a counterclaim against Huawei and Futurewei.

To prevail on any given claim against Defendants, Plaintiffs have the burden of proving that claim by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so.  If you find that Plaintiffs has failed to prove any element of a given claim by a preponderance of the evidence, then they may not recover on that claim.

CNEX bears the same burden on its counterclaim—that is, it must prove its claim by a preponderance of the evidence. Again, to establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that CNEX has failed to prove any element of its counterclaim by a preponderance of the evidence, then it may not recover on that counterclaim.

## II.     Clear and Convincing Evidence

Some issues require that you use a higher standard and decide whether the fact has been proven by clear and convincing evidence.  Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established. It is evidence so clear, direct, weighty and convincing as to enable you to come to a clear conviction without hesitancy. I will instruct you later on which issues you must analyze under a clear and convincing evidence standard.

## CAUSES OF ACTION

Futurewei brings a claim against Mr. Huang for breach of contract.  Huawei and Futurewei also bring claims against Mr. Huang and CNEX, including claims for misappropriation of trade secrets, interference with contract, violation of the Racketeering Influenced Corrupt Organizations Act, and violation of the Computer Fraud and Abuse Act.  Huawei and Futurewei further contend that Mr. Huang and CNEX conspired together with respect to these claims.

CNEX brings its claim against Huawei and Futurewei for misappropriation of trade secrets. CNEX further contends that Huawei and Futuerwei conspired together and/or with Xiamen University with respect to this claim.

Each party denies the other parties' claims.

As you see, the parties assert some of the same causes of action. Therefore, throughout my instructions, I may use the general terms "Claimant" and "Accused Party" to instruct you on the law you are to apply to those claims. The term "Claimant" means a party seeking recovery of damages. The term "Accused Party" is a party being accused of the unlawful conduct and against whom relief is being sought.

I turn now to the causes of action asserted in this case.

## I.      Breach of Contract

A contract is a legally binding agreement between two or more parties. Each party to the contract must perform according to the agreement's terms. A party's failure to comply to its contractual duty constitutes a breach of contract. If a party breaches a contract and that breach causes injury or loss to another party, then the injured party may claim damages.

Futurewei alleges that Mr. Huang breached the Employment, Confidentiality, Proprietary Information and Inventions Agreement between Futurewei and Mr. Huang. This agreement is a contract, which I will refer to as the "Employment Agreement." Futurewei specifically contends that Mr. Huang failed to comply with the Employment Agreement's Non-Solicitation Provision, Patent Application Disclosure Provision, and Non-Disclosure Confidentiality Provision.

### Breach of Contract—Elements

To prevail on a claim that Mr. Huang breached the Employment Agreement, Futurewei must prove each of the following by a preponderance of the evidence:

1.   There was a valid Employment Agreement between Mr. Huang and Futurewei;

2.   Futurewei performed or tendered performance under the Employment Agreement;

3.   Mr. Huang failed to comply with the Employment Agreement; and

4.   Mr. Huang's failure to comply caused damages to Futurewei.

If you find that Futurewei failed to prove each of these elements by a preponderance of the evidence, you should enter a verdict for Mr. Huang on this claim.

If you find that Futurewei has proven each of these elements by a preponderance of the evidence, you should enter a verdict for Futurewei on this claim and determine the amount of damages, if any, that should be awarded to Futurewei. I will address damages separately.

## II.     Intentional Interference with Contractual Relations

The law provides a cause of action against an Accused Party that interferes with contractual relations between a Claimant and a third party.

Futurewei contends that CNEX interfered with Futurewei's Employment Agreement with Mr. Huang.

### Intentional Interference with Contractual Relations—Elements

To prevail on a claim of intentional interference with contractual relations, Claimant must prove by a preponderance of the evidence that:

1. there was a contract between Claimant and third party;

2. the Accused Party knew of the contract;

3. the Accused Party's conduct prevented performance or made performance more expensive or difficult;

4. the Accused Party intended to disrupt the performance of this contract or knew that disruption of performance was certain or substantially certain to occur;

5. Claimant was harmed; and

6. Accused Party's conduct was a substantial factor in causing Claimant's harm.

Interference can include conduct that prevents performance of a contract or makes performance of a contract impossible, more burdensome, more difficult, or of less or no value to the one entitled to performance.

If a Claimant has failed to prove by a preponderance of the evidence any of these elements, then you should enter a verdict for the Accused Party on this claim.

If you find that a Claimant has proven by a preponderance of the evidence each these elements, you should enter a verdict for the Claimant and determine the amount of damages, if any, that should be awarded to the Claimant. I will address damages separately.

## III.   Misappropriation of Trade Secrets

Many state and federal laws and statutes prohibit the misappropriation of one's trade secrets by another, including the Defend Trade Secrets Act, 18 U.S.C. §§ 1832, 1836, et seq.

Huawei and Futurewei have brought claims for misappropriation of trade secrets against Mr. Huang and CNEX.

 CNEX has brought a claim for misappropriation of trade secrets against Huawei and Futurewei.

### A.  Misappropriation of Trade Secrets—Elements

To prevail on a claim for misappropriation of trade secrets, a Claimant must prove by a preponderance of evidence the following:

1. a trade secret exists

2. Claimant is an owner of the trade secret;

3. the Accused Party's misappropriation of the trade secret; and

4. the Accused Party's misappropriation of the trade secret caused Claimant's harm or caused the Accused Party to be unjustly enriched.

If you find that a Claimant has failed to prove any element of this claim by a preponderance of the evidence, you should enter a verdict for the Accused Party on this claim.

If you find that a Claimant has proven each these elements by a preponderance of the evidence, you should enter a verdict for the Claimant and determine the amount of damages, if any, that should be awarded to the Claimant. I will address damages separately.

### B. Misappropriation of Trade Secrets—Definitions

The term "trade secret" means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if:

1. the owner thereof has taken reasonable measures to keep such information secret; and

2. the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

"Reasonable measures" are the efforts that would be made by a reasonable person in the same situation and having the same knowledge and resources as Claimants, exercising due care to protect important information of the same kind. This requirement applies separately to each item that Claimants claim to be a trade secret.

In determining whether or not Claimants made reasonable measures to keep the information secret, you should consider all of the facts and circumstances. Among the factors you may consider are the following:

12

a)  Whether documents or computer files containing the information were marked with confidentiality warnings;

b)  Whether Claimants instructed their employees to treat the information as confidential;

c)  Whether Claimants restricted access to the information to persons who had a business reason to know the information;

d)  Whether Claimants kept the information in a restricted or secured area;

e)  Whether Claimants required employees or others with access to the information to sign confidentiality or nondisclosure agreements;

f)  Whether Claimants took any action to protect the specific information, or whether it relied on general measures taken to protect its business information or assets;

g)  The extent to which any general measures taken by Claimants would prevent the unauthorized disclosure of the information; and

h)  Whether there were other reasonable measures available to Claimants that they did not take.

The presence or absence of any one or more of these factors is not necessarily determinative.

The term "misappropriation" means:

A.  acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or

B.  disclosure or use of a trade secret of another without express or implied consent by a person who:

   i.   used improper means to acquire knowledge of the trade secret;

  ii. at the time of disclosure or use, knew or had reason to know that the knowledge of the trade secret was:

    a.  derived from or through a person who had used improper means to acquire the trade secret;

    b.  acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit the use of the trade secret; or

    c.  derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit the use of the trade secret.

  iii. before a material change of the position of the person, knew or had reason to know that:

    a.  the trade secret was a trade secret; and

    b.  knowledge of the trade secret had been acquired by accident or mistake.

The term "owner", with respect to a trade secret, means the person or entity in whom or in which rightful legal or equitable title to the trade secret is reposed.

"Use" of a trade secret means any exploitation of the trade secret that is likely to result in injury to the trade secret owner or enrichment to an Accused Party. Marketing goods that embody the trade secret, employing the trade secret in manufacturing or production, relying on the trade secret to assist or accelerate research or development, or soliciting customers through the use of information that is a trade secret all constitute "use."  For "use," an Accused Party need not have actually sold a product incorporating a Claimant's trade secret to be found to have "used" it.

An employee may use general knowledge, skills, and experience obtained through previous employment to compete with the former employer. A former employee, however, may not use confidential or proprietary information acquired during the employment relationship in a manner adverse to his former employer.

The term "improper means" includes theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means. The term "improper means" does not include independent derivation or any other lawful means of acquisition.

An Accused Party is "unjustly enriched" if its misappropriation of Claimant's trade secret caused the Accused Party to receive a benefit that it otherwise would not have.

## IV.   Violations of the Racketeer Influenced and Corrupt Organization Act (RICO)

Huawei and Futurewei assert claims alleging that Mr. Huang and CNEX violated the Racketeer Influenced and Corrupt Organizations Act, commonly known as RICO.

### A.  RICO—Elements

To prevail on this claim, Claimant must prove each of the following by a preponderance of the evidence:

1. the existence of an enterprise;

2. the enterprise engaged in, or had some effect on, interstate or foreign commerce;

3. the Accused Party was employed by or associated with the alleged enterprise;

4. the Accused Party participated, either directly or indirectly, in the conduct of the affairs of the enterprise; and

5. the Accused Party participated through a pattern of racketeering activity.

If you find that a Claimant has failed to prove by a preponderance of the evidence each element of this claim, then you should enter a verdict for the Accused Party on this claim.

If you find that a Claimant has proven by a preponderance of the evidence each these elements, you should enter a verdict for the Claimant and determine the amount of damages, if any, that should be awarded to the Claimant. I will address damages separately.

## B.  RICO—Definitions

For the first element, an "enterprise" may consist of an individual, partnership, corporation, association, or other legal entity.

For the second element, Claimant must prove that the enterprise engaged in or had an effect on interstate or foreign commerce.  "Engage in or have an effect on interstate or foreign commerce" means that the enterprise either engaged in, or had an effect on commerce between two or more states, or on commerce between a state and a foreign country.

For the third element, Claimant must prove that the Accused Party was employed by or associated with the alleged enterprise.  The requirement that the Accused Party be "employed by or associated with" the enterprise means they must have some minimal association with the alleged enterprise.  The Accused Party must know something about the alleged enterprise's activities as they relate to the racketeering activities.

For the fourth element, Claimant must also prove by a preponderance of the evidence that the Accused Party "participated, directly or indirectly, in the conduct of the affairs of the enterprise."  To prove this, Claimant must show that the Accused Party actively conducted or participated in conducting the affairs of the alleged enterprise through a pattern of racketeering activity. The Accused Party does not need to participate in, or be aware of, all of the enterprise's

activities.  It is sufficient if the Accused Party conducted or participated in the conduct of some of the enterprise's activities through a pattern of racketeering activity.

For the fifth element, Claimant must prove that the Accused Party participated in the conduct of the enterprise's affairs through a pattern of racketeering activity.

"Racketeering activity" is an act that violates the Defend Trade Secrets Act, 18 U.S.C. §§ 1832, 1836, et seq.; the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030; or 18 U.S.C. § 1343—preventing Fraud by Wire.

An act of "racketeering activity" is also called a "predicate act."

The improper use of a trade secret that violates the Defend Trade Secrets Act, 18 U.S.C. §§ 1832, 1836, et seq., is a "predicate act" only if the improper use of the trade secret occurred after May 11, 2016, or the improper use of the trade secret occurred before May 11, 2016, and continued after May 11, 2016.

A "pattern of racketeering activity" means that the Accused Party committed at least two distinct predicate acts.  Distinct does not have to mean different types.  But by itself, proof of two or more predicate acts does not establish a pattern under RICO.

To prove a pattern of predicate acts, Claimant must show that the acts were related to one another and to the enterprise. Two or more acts of racketeering activity that aren't related do not establish a pattern of racketeering activity under RICO.  Predicate acts are "related" to one another if they have the same or similar purposes, results, participants, victims, or methods.  Predicate acts are also related if they have common distinguishing characteristics and aren't isolated events.

To be related, the predicate acts do not have to be the same kind of acts.  For example, the acts may comprise one act of wire fraud and one act of misappropriation of trade secrets.

To make up a pattern of racketeering activity, predicate acts must demonstrate continuity. Continuity can be demonstrated in two basic ways. The first is to demonstrate related predicate acts extending over a substantial period of time. The second is to show conduct that does not occur over a substantial period of time but, by its nature, is likely to be repeated into the future.

Again, "racketeering activity" means an act that violates a law or statute. But you can't consider just any racketeering act the Accused Party allegedly committed in violation of one of these statutes as bearing on whether the Accused Party has committed two or more predicate acts as a pattern of racketeering activity. To determine if there is a pattern of racketeering activity, you must consider only those specific racketeering acts Claimant alleges against the Accused Party. And you can't find that the Accused Party engaged in a "pattern of racketeering activity" unless you unanimously agree on which of the alleged predicate acts, if any, make up the pattern.

So, it is insufficient if you do not all agree to the finding of what two or more predicate acts the Accused Party committed. Some of you can't find that the predicate acts are A, B, and C and the rest of you find that the predicate acts are X, Y, and B. Put another way, you cannot find that the Accused Party has engaged in a pattern of racketeering activity unless you find (1) a "pattern" of predicate acts, and (2) that the Claimant have proven by a preponderance of the evidence that the Accused Party committed each of the two or more predicate acts that you find make up that pattern.

A person does not violate RICO just by associating with or being employed by an otherwise lawful enterprise if others conduct the enterprise's affairs through a pattern of racketeering activity in which the person is not personally engaged.

**Fraud by Wire**

Title 18, United States Code, Section 1343, prevents a person from using interstate or foreign wire communications to carry out a scheme to defraud. For a person to violate Section 1343, you must be convinced of the following by a preponderance of the evidence:

*First*: That the Accused Party knowingly devised or intended to devise any scheme to defraud;

*Second*: That the scheme to defraud employed false material representations, false material pretenses, or false material promises;

*Third*: That the Accused Party transmitted, or caused to be transmitted, by way of wire communications, in interstate or foreign commerce, any writing for the purpose of executing such scheme; and

*Fourth*: That the Accused Party acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone. A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity.  A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the Claimant prove all of the details alleged concerning the precise nature and purpose of the scheme. What must be proved is that the Accused Party knowingly

devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged.

It is also not necessary that the Claimants prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate or foreign wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved is that the use of the interstate or foreign wire communications facilities was closely related to the scheme because the Accused Party either wired something or used it to be wired in interstate or foreign commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate or foreign wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate or foreign wire communications facilities in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

## V.    Violation of the Computer Fraud and Abuse Act (CFAA)

The Computer Fraud and Abuse Act (CFAA) makes it unlawful to access a computer without authorization or in excess of authorization and obtain information from a protected computer.

Huawei and Futurewei allege that Huang and CNEX conspired together for the purpose of stealing Huawei and/or Futurewei's trade secrets, developing competing products at CNEX, filing patents on behalf of CNEX using Huawei and/or Futurewei's trade secrets, and usurping business

opportunities by unlawfully accessing Huawei and/or Futurewei's computers with an intent to defraud Huawei and/or Futurewei. Mr. Huang and CNEX deny these allegations.

### A. Violation of CFAA—Elements

To prevail on their claim that Mr. Huang and CNEX violated the CFAA, Huawei and Futurewei must prove by a preponderance of the evidence that:

1. Mr. Huang conspired with others and acted in concert with CNEX;

2. Mr. Huang and others acting in concert with CNEX knowingly accessed without authorization, or exceeded their authorized access of, Plaintiffs' computers that were used in interstate or foreign commerce or interstate or foreign communication;

3. Defendants did so with the intent to defraud;

4. that by accessing the computer without authorization, or by exceeding their authorized access, Defendants furthered the intended fraud;

5. that by accessing the computer without authorization, or by exceeding their authorized access, Defendants obtained anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any one-year period; and

6. Plaintiff also must show damage or loss.

If you find that Huawei and Futurewei have failed to prove by a preponderance of the evidence each element of this claim, then you should enter a verdict for the Defendants on this claim.

If you find that a Huawei and Futurewei has proven by a preponderance of the evidence each these elements, you should enter a verdict for Huawei and Futurewei and determine the

amount of damages, if any, that should be awarded to Huawei and Futurewei. I will address damages separately.

## B.  CFAA—Definitions

"Knowingly" means that the act was done voluntarily and intentionally, and not because of mistake or accident.  You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of the fact.

"Intentionally" means done with the aim of carrying out the act.

"Computer" means an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

"Exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled to obtain or alter.

"Accessed without authorization" means to either access a computer without the permission of the owner, or to access a computer with the permission of the owner but to use such access in an unauthorized way.

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

"Foreign commerce" means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

"Damage" means any impairment to the integrity or availability of data, a program, a system, or information.

"Loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

I turn now to the statute of limitations defense that Huawei, Futurewei, Mr. Huang, and CNEX has raised against each claim asserted against them

## STATUTE OF LIMITATIONS

The law requires a Claimant to file a lawsuit within a certain amount of time after the Claimant knew, or through the exercise of reasonable diligence, should have known the underlying facts.  The deadline for filing a lawsuit is generally referred to as the "statute of limitations." Huawei and Futurewei assert that each of CNEX's claims were filed after the time prescribed by law.  Likewise, Mr. Huang and CNEX assert that each of Huawei and Futurewei's claims were not filed within the time prescribed by law.

An Accused Party has the burden to prove by a preponderance of the evidence that the underlying acts giving rise to a Claimant's claim occurred before the deadline —the "Limitations Date."  If an Accused Party meets this burden, you must consider whether the Claimant should

have discovered its claims through the exercise of reasonable diligence before the "Limitations Date."

### A.  Breach of Contract Statute of Limitations

For Futurewei's breach of contract claim to be barred, Mr. Huang must establish that Futurewei discovered or should have discovered the underlying acts of the breach before **Limitations Date**—December 28, 2013.

### B.  Intentional Interference with Contractual Relations Statute of Limitations

For Futurewei's intentional interference with contractual relations claim to be barred, CNEX must establish that Futurewei discovered or should have discovered the underlying acts of the interference before **Limitations Date**—December 28, 2015.

### C.  Misappropriation of Trade Secret Statute of Limitations

For Huawei and Futurewei's misappropriation of trade secret claims to be barred, Defendants must establish that Huawei and Futurewei discovered or should have discovered any misappropriation by Defendants before **Limitations Date**— December 28, 2014.

For CNEX's misappropriation of trade secret claims to be barred, Plaintiffs must establish that Huawei and Futurewei discovered or should have discovered any misappropriation by Plaintiffs before **Limitations Date**— October 16, 2015.

### D.  RICO Statute of Limitations

For Huawei and Futurewei's RICO claims to be barred, Defendants must establish that Huawei and Futurewei discovered or should have discovered any underlying facts of a RICO violation by Defendants before **Limitations Date**— December 28, 2013.

### E.  CFAA Statute of Limitations

For Huawei and Futurewei's CFAA claims to be barred, Defendants must establish that Huawei and Futurewei discovered or should have discovered any underlying facts of a CFAA violation by Defendants before **Limitations Date**— December 28, 2015.

## MALICIOUS

"Malicious" means the Accused Party acted with an intent to cause injury, or that the Accused Party's conduct was despicable and was done with a willful and knowing disregard for the rights of others.

Huawei and Futurewei assert that Mr. Huang and CNEX acted maliciously in relation to each of Huawei and Futurewei claims.

CNEX asserts that Huawei and Futurewei acted maliciously in relation to each of CNEX's claims.

A Claimant must prove that an Accused Party's acted maliciously by clear and convincing evidence.

## CONSPIRACY

Plaintiffs contend that Mr. Huang and CNEX conspired together to misappropriate trade secrets, conspired together to engage in conduct that violates the CFAA, and conspired together to engage in conduct that violates the RICO statute. Mr. Huang and CNEX deny these allegation.

CNEX contends that Huawei and Futurewei conspired together or with Xiamen University to misappropriate trade secrets.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.

A conspirator can be liable for conduct committed by another if a conspiracy existed, the conspirator was a member of that conspiracy when the claim or violation was committed, and if the claim was committed in furtherance of, or as a foreseeable consequence of, the conspiracy.

To find that an Accused Party is part of an unlawful conspiracy, the Conspirator and another person or persons must have had knowledge of, agreed to, and intended a common objective or course of action that resulted in the damages to the Claimant. One or more of the persons involved in the conspiracy must have performed some act or acts to further the conspiracy.

The Accused Conspirator must be shown to have intended to do more than engage in the conduct that resulted in the injury. It must be shown from the beginning of the combination or agreement that Accused Conspirator intended to cause the injury or was aware of the harm likely to result from that wrongful conduct. Thus, the Accused Conspirator must be shown to have known the object and purpose of the conspiracy and to have had a meeting of the minds with the other conspirators to accomplish that object and purpose, intending to bring about the resulting injury.

## DAMAGES AND REMEDIES

### I.      Consider Damages Only if Necessary

If a Claimant has proven a claim against an Accused Party by a preponderance of the evidence, you must determine the damages to which the Claimant is entitled. You should not interpret the fact that I am giving instructions about a Claimant's damages as an indication in any way that I believe that any particular Claimant should, or should not, win this case. It is your task first to decide whether an Accused Party is liable. I am instructing you on damages only so that you will have guidance in the event you decide that an Accused Party is liable and a Claimant is entitled to recover money.

## II.        Compensatory Damages

If you find that an Accused Party is liable on an asserted claim, then you must determine an amount that is fair compensation for all of the Claimant's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Claimant whole— that is, to compensate the Claimant for the damage that it has suffered.  Compensatory damages are not limited to expenses that Claimant may have incurred because of its injury.

You may award compensatory damages only for injuries that Claimant proves were proximately caused by Accused Party's allegedly wrongful conduct. The damages that you award must be fair compensation for all of Claimant's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries that Claimant has actually suffered or that Claimant is reasonably likely to suffer in the future.

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Claimant prove the amount of its losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

I will now instruct you on the elements of damages you may consider as to each claim and counterclaim in this case. You should consider damages only for a claim where you have already determined that the respective party is liable by a preponderance of the evidence.

## A. Compensatory Damages—Breach of Contract Claim

If you decide to award compensatory damages for Mr. Huang's breach of the Employment Agreement, Futurewei is entitled to compensation in an amount that will place it in the same position it would have been if the Employment Agreement had been properly performed.

The measure of damages is the loss proximately caused by the breach. That is, the measure of damages is not the benefits received by the breaching party, but the loss or damages actually sustained by Futurewei. The measure of damages is the loss resulting from the breach. Such damages include only losses inherent in the nature of the breach—those that reflect the usual and necessary consequences of such a breach—or that were natural, probable, and foreseeable consequences of the breach. Damages must be established with a reasonable degree of certainty. This means that the evidence presented must provide a reasonable basis for you to infer damages; it does not mean that damages must be established with any mathematical precision.

To recover for any damages for losses Futurewei experienced and claims were a result of Mr. Huang's breach of contract, Futurewei bears the burden of showing by a preponderance of the evidence that the damages it claims flowed as a natural, probable and foreseeable consequence of the breach alleged.

## B. Compensatory Damages—Interference with Contractual Relations

If you decide that a Claimant proved by a preponderance of the evidence that an Accused Party interfered with contractual relations, you must also decide how much money will reasonably

compensate the Claimant for the harm caused by the interference. A Claimant may recover actual damages from a claim for interference with an existing contract

The basic measure of actual damages for interference with contract is the same as the measure of damages for breach of the contract interfered with, to put the Claimant in the same economic position he would have been in had the contract interfered with been actually performed.

Futurewei seeks to recover damages it incurred caused by CNEX's interference with the Employment Agreement between Futurewei and Mr. Huang.

### C. Disgorgement—Misappropriation of Trade Secrets

If you find that a Claimant has proven by a preponderance of the evidence that an Accused Party misappropriated Claimant's trade secrets, you must then determine Claimant's remedy for the Accused Party's wrongful conduct.

Remedies for misappropriation of trade secrets include the disgorgement of an Accused Party's gain from misappropriation of Claimant's trade secrets.

Huawei and Futurewei seek to recover disgorgement of any benefit to CNEX and/or Mr. Huang that was obtained as a result of CNEX and/or Mr. Huang's misappropriation of trade secrets.

CNEX seeks to recover disgorgement of any benefit to Huawei and/or Futurewei that was obtained as a result of Futurewei and/or Huawei's alleged misappropriation of trade secrets

The law does not allow a person to profit by wrongdoing at the expense of another.  You may also hear this remedy referred to as "unjust enrichment."  Unjust enrichment is an equitable principle holding that one who receives benefits unjustly should make restitution for those benefits. A party may be liable under a theory of unjust enrichment when it receives a benefit from another through fraud, duress, or by means of an undue advantage.  "Disgorgement" is the act of giving up

something that was unjustly obtained.  If you find that an Accused Party benefitted from a trade secret belonging to Claimant, then you may award the monetary value that you attribute to those benefits as the measure of Claimant's damages.  It may include any money that the Accused Party made by using the Claimant's trade secrets.  It may also include any costs that the Accused Party avoided by taking a "shortcut" using the Claimant's information.

### D.  Compensatory Damages—RICO

If you find that Defendants violated the RICO act, you must decide whether that violation caused an injury and damages to Plaintiffs. The damages that Plaintiffs may recover are damages, if any, caused by the predicate acts constituting the pattern of racketeering activity if they injure Plaintiffs or its business or property. It isn't necessary that every predicate act caused damage to Plaintiffs. But Plaintiffs can only recover damages caused by predicate acts that are part of the pattern of racketeering activity.

Injury to mere expectancy interests or injury to an intangible property interest, such as an injury to the value of intangible property assets such as trade secrets, is not sufficient. An unjust gain or enrichment to Defendants is also not sufficient to award damages under RICO.

You may award as damages only the amount of concrete financial loss, if any, that Plaintiffs prove, by a preponderance of the evidence, that they suffered to their business or their tangible property caused by the pattern of racketeering.

### E.  Compensatory Damages—CFAA

If you find that Defendants violated the CFAA, you must decide whether the violation caused an injury to Huawei and/or Futurewei. The damages that to Huawei and/or Futurewei may recover on this claim are those economic damages caused by the unauthorized access to a computer or access that exceeds authorized access that you have found occurred, and only to the extent such

access results loss in responding to the offense or in loss due to revenue lost, cost incurred, or other damage incurred because of interruption of computer services.

## NOMINAL DAMAGES

Nominal damages are an inconsequential or trifling sum awarded to a Claimant when a technical violation of its rights has occurred but the Claimant has suffered no actual loss or injury.

If you find from a preponderance of the evidence that Claimant sustained a technical violation but that the Claimant suffered no actual loss as a result of this violation, then you may award the Claimant nominal damages.

## MITIGATION OF DAMAGES

A Claimant who claims damages resulting from the wrongful act of an Accused Party has a duty under the law to use reasonable diligence to mitigate its damages, that is, to avoid or to minimize those damages.

If you find an Accused Party liable and find that a Claimant suffered damages, the Claimant may not recover for any item of damage which they could have avoided through reasonable measures.  If you find that the Accused Party proved by a preponderance of the evidence that the Claimant unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny the Claimant recovery for those damages that they would have avoided had they taken advantage of the opportunity.

You are the sole judge of whether a Claimant acted reasonably in avoiding or minimizing its damages.  An injured Claimant may not sit idly by when presented with an opportunity to reduce its damages.  However, a Claimant is not required to exercise unreasonable measures or incur unreasonable expenses in mitigating the damages.  An Accused Party has the burden of proving the damages that a Claimant could have mitigated.  In deciding whether to reduce a Claimant's

damages because of their failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the Accused Party has satisfied their burden of proving that the Claimant's conduct was not reasonable.

## DUTY TO DELIBERATE; NOTES

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the writ- ten questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**SIGNED this 25th day of June, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE